23

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Lonnie L Griffin

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

Federal Bureau of Investigation

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 2:25-cv-11267
Assigned To : Goldsmith, Mark A.
Referral Judge: Patti, Anthony P.
Assign. Date : 5/1/2025
Description: CV Lonnie L Griffin v Federal Bureau of Investigation LLH

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

## Complaint for a Civil Case

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Lonnie L. Griffin |
| Street Address | 18779 Huntington Ave |
| City and County | Harper Woods |
| State and Zip Code | MI. 48225 |
| Telephone Number | (313)826-9515 |
| E-mail Address | mrlonnielgriffin@gmail.com |

    B.    **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Federal Bureau of Investigation |
| Job or Title (if known) | |
| Street Address | 477 Michigan Ave, 26th Floor |
| City and County | Detroit |
| State and Zip Code | MI. 48226 |
| Telephone Number | (313)965-2323 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

2

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

Defendant No. 3

    Name                _____

    Job or Title       _____
    (if known)

    Street Address   _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address   _____
    (if known)

Defendant No. 4

    Name                _____

    Job or Title       _____
    (if known)

    Street Address   _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address   _____
    (if known)

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

    ☑ Federal question              ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

3

**A.**    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
18 U.S.C. 1331

**B.**    **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual
The plaintiff, *(name)* _____,
is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation
The plaintiff, *(name)* _____,
is incorporated under the laws of the State of *(name)*
_____, and has its principal place of business in the
State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual
The defendant, *(name)* _____, is a citizen of the
State of *(name)* _____. *Or* is a citizen of *(foreign
nation)* _____.

b.    If the defendant is a corporation
The defendant, *(name)* _____, is incorporated
under the laws of the State of *(name)* _____, and
has its principal place of business in the State of *(name)*
_____. *Or* is incorporated under the laws of
*(foreign nation)* _____, and has its principal place
of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

3.      The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Defendant Federal Bureau of Investigation made unreasonable seizures of Plaintiff's property.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

An Order requiring the Defendant Federal Bureau of Investigation to return the property.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: <u>May 1</u>                , 2025

Signature of Plaintiff

Printed Name of Plaintiff    Lonnie L. Griffin

6

**Additional Information:**

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lonnie L. Griffin,                       )
    Plaintiff,                          )
                                )
Vs.                                      )    Civil Action No:
                                )
                                )
Federal Bureau of Investigation,         )
    Defendant.                          )

## EMERGENCY CIVIL COMPLAINT FOR RETURN OF PROPERTY

Now comes the Plaintiff's Lonnie L. Griffin, [1] in *pro se*, pursuant to 28 U.S.C. § 1331, petition's this Court for the return of property.

### JURISDCTION

This Court has jurisdiction over this original civil complaint pursuant to 28 U.S.C. § 1331.

### VENUE

Venue is appropriate in this Court because all Plaintiff is domiciled in, resides in, or does business in the Eastern District of Michigan, Southern Division. 28 U.S.C. § 1391 (a)(1). Further, the Search and Seizure Warrant was authorized by a magistrate judge, and all the property was seized in the Eastern District of Michigan, Southern Division. § 1391 (b)(1)(2)(3), (e); Fed. R. Crim. P., Rule 41(b)(1).

### I.

**A. Background.**

---

[1] Plaintiff also makes this motion on behalf of the entities Key to Life Transport and LG-Solutions Unlimited.

1

On April 22,2025, the Federal Bureau of Investigation (FBI) executed numerous Search and Seizures Warrants (Warrants) pertaining to Plaintiff's, their business, and personal effects. (24-mc-51226-17, *et seq*). The Warrants indicated that probable cause was established to "… search and seize the person and property … and that the search will reveal … violations of: 18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 666, Theft or bribery in programs receiving Federal Funds; 18 U.S.C. §, Wire fraud."

Commensurate with the Warrants objective, FBI agents seized all of Plaintiff's cellular telephones, laptop computers, legal papers, tax papers, paper files, and banking information. Further, the FBI seized or caused to be frozen each Plaintiff's personal banking accounts and business bank accounts.

## II.

### A. Argument.

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

(U.S. Const. Amend.4). "As the text makes clear, the ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Riley v. California*, 573 U.S. 373, 381-382 (2014), quoting, *Brigham City v. Stuart,* 547 U. S. 398, 403, 126 S. Ct. 1943, 164 L. Ed. 2d 650 (2006).

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The request must be filed in the district where the property was seized. The Sixth Circuit recognizes that a motion for

2

the return of property seeks equitable relief like a civil complaint. **White Fabricating Co. v. United States**, 903 F.2d 404, 407-08 (6th Cir. 1990).

To the best of Plaintiff's knowledge and belief, Plaintiffs have not been charged *via* a Complaint or Federal Indictment; merely the execution of the Search and Seizures Warrants. "Where no other criminal proceeding, other than the execution of a search warrant, has been initiated, the Sixth Circuit and other federal courts have routinely recognized that an action to retrieve property taken pursuant to a search warrant is in the nature of a "civil complaint." See, *e.g.*, **White Fabricating Co**., *supra*, 903 F.2d at 407-08 (recognizing that a motion filed pursuant to former Rule 41(e) prior to commencement of criminal proceedings is actually equitable in nature and should be treated as a "civil complaint"); **United States v. Search of Music City Mktg., Inc.**, 212 F.3d 920 (6th cir.2000)("There is no criminal indictment or proceeding pending against Music City. Thus, Music City's Rule 41(e) motion for the return of its property was really in the nature of a civil proceeding invoking the court's equitable powers, rather than a criminal proceeding.").

However, a plaintiff's right to the return of lawfully seized property is subject to any continuing interest the government has in the property. **United States v. Francis**, 646 F.2d 251, 263 (6th Cir.), *cert. denied*, 454 U.S. 1082, 70 L. Ed. 2d 616, 102 S. Ct. 637 (1981). The government's interest may take different forms as long as it is a legitimate interest. *See* **Sovereign News**, 690 F.2d 569, 577 (6th Cir.1982)(use in investigation). Plaintiff asserts that the FBI does not have a legitimate interest in one or more of the items seized from Plaintiff. Indeed, the breath of items seized from Plaintiff indicates that the search and seizure was unreasonable. Plaintiff has a compelling

3

interest and need in one or more of the items seized. In fact, dozens, if not hundreds of lives are at risk because of one or more items seized from Plaintiff.

## A. Search Warrants.

The Search and Seizure warrants suggested that probable cause existed "... to search and seize the person or property" of Plaintiff and his residence "... and that the search will reveal \*\*\* "violations of: 18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 666, Theft or Bribery in programs receiving Federal Funds; 18 U.S.C. § 1343, Wire Fraud." (Search and Seizure Warrants, April 15, 2025). The FBI executed two separate Search and Seizure warrants with respect to Plaintiff and his residence. The first authorized the search of Plaintiff's residence at 18779 Huntington Ave. Harper Woods, MI. More particular, an attachment to the first Search and Seizure Warrant provides:

> "The subject location shall be searched for all evidence of violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 1343, (Wire Fraud); 18 U.S.C. § 666 (Federal Program Bribery), for the period May 9, 2016 to present, including but not limited to:
>
> 6. Records related to the finances, management and operation of Key to Life Transport.
> 7. Records related to the finances, management and operation of LG Solutions Unlimited.
> 8. Records related to the purchase or sale of real property, including residential and commercial property buildings.
> 9. Records related to the purchase or use of a 2024 Ford Transit Van, VIN 1FDAX2C87RKA50940.
> 10. Records of the receipt or distribution of proceeds from the conspiracy including bank accounts and money transfers.
>
> \*\*\*
>
> 13. Electronic equipment capable of having records in items 1 through 11, including cellular telephones, smartphones, desktop computers, laptop computers and tablets. Electronic devices capable of storing information in items 1 through 11 including internal and peripheral hard drives, thumb drives and memory cards.

4

(Search and Seizure Warrant, April 15, 2025, ATTACHMENT I2 (Griffin's Residence and Electronic Devices).[2]

The second Search and Seizure Warrant authorized the search and seizure of:

"The person of Lonnie Lamont Griffin, …., including bags, purses, luggage or other containers." (ATTACHMENT J1).

"The cellular device assigned call number 313-826-9515."

(Search and Seizure Warrant, April 15, 2025, ATTACHMENT J1 and ATTACHEMNT J2).

1. **Privileged information.**

Plaintiff seeks the return of all cellular telephones. The FBI seized at least eight (8) cellular telephones, three (3) tablets/laptops, and two (2) smartwatches from Plaintiff and/or the residence of Plaintiff.[3] The Supreme Court has stated that "[m]odern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans "the privacies of life." *Riley v. California,* 573 U.S. *supra* at 403. One or more of the seized cellar telephones contain a wealth of information protected by the attorney—client privilege, including recent privileged communications between Plaintiff and one or more attorneys.

Plaintiff operated two separate and disparate businesses; Key to Life Transport and LG-Solutions. Multiple cellular telephones are registered to, and were used exclusively for LG-Solutions Unlimited. Notwithstanding the specific reference of the cellular number (313)826-9515 in the second warrant, there is no other cellular numbers listed or referenced to justify the remaining search and seizure of every cellular

---

[2] For purposes of this Complaint, Plaintiff only recited those paragraphs of the Search And Seizure Warrant that references items relevant to Plaintiff.

[3] At least one cellular telephone, one iPad tablet and one smartwatch belonged to Plaintiff's live-in girlfriend.

telephone in Plaintiff's home. The Search and Seizure warrants failed to establish a nexus between every cell phone and the alleged criminal activity under investigation.

For example, Attorney Avery Bradley acted as counsel of record for LG-Solutions Unlimited in a Civil matter against the Michigan Department of Technology, Management and Budget (DTMB) and the Michigan State Police (MSP). One or more of the seized cellular telephones contains numerous texts and emails concerning that civil matter, including, but not limited to objectives, strategies and future courses of action.[4] In this respect, the seized cellular telephones contain a trove of privileged information, data and communication between Plaintiff and one or more attorneys of record and others.

For example, one or more of the seized the seized cellular telephones contain the names, dates of birth (DOB), Social Security Numbers (SSN), Insurance Policy Numbers, medications, doctors' information, Mental Health statuses of over 160 individuals deemed legally incapacitated by Oakland County Probate Court.

On the date of the seizures, Tristate Guardian Services (Tristate) was the legal guardian and/or conservator of over 160 individuals deemed legally incapacitated by a Probate Court. *Findling v. Auto-Owners ins. Co. (In reMalloy)*, 15 N.W.3d 142, 2024 Mich. LEXIS 906 (May 28, 2024)("… thousands of Michiganders [are] under the care of a professional guardian who, by virtue of their legal incapacitation, are among the most vulnerable groups in our society."). Statutorily, Tristate was providing for the care, comfort, maintenance, training, education, and taking reasonable of their clothing,

---

[4] For reasons not yet entirely clear, the FBI seized the entire paper files related to the civil action against the DTMB and MSP. This file was filed separately and clearly distinguishable from every other file location in Plaintiff's residence.

furniture, vehicles, and other personal effects. (MCL § 700.5314). Additionally, to accomplish those core statutory duties, Tristate, among other things, was/is paying for Room & Board fees, medical supplies, including, but not limited to, Insulin, psychotropic medications, food, transportation to and from mental health providers, probate court, medical doctors, dentists, *etc*. *(In reMalloy)*, *supra* ("The scope of a guardian's authority must be tailored to the specific needs of the incapacitated individual.").

Operating under a Memorandum of Understanding with Tristate, Key to Life Transport executed some of these same core duties, and others, on behalf of Tristate. *(In reMalloy)*, *supra* ("The lettered list in MCL § 700.5314 does not provide an exclusive list of tasks a guardian is required or permitted to perform on behalf of an incapacitated individual."), *id* 15 N.W.3d at 153. For example, Key to Life paid room and board fees for those wards who have insufficient income, medicine co-pays for those with insufficient insurance, Insulin, Blood Pressure medications (both life or death medication), and other essential items. Without the treasure-trove of data and information stored in one or more cellular telephones (arguably privileged),[5] the taking of the cellular telephones and court files has placed numerous lives at risk.

Moreover, all of the legal authority, files, including, but not limited to, the Letters of Guardianship and Letters of Conservatorship stamped with the Oakland County Probate Court seal were seized by the FBI. Without the legal letters of authority, neither Key to Life or Tristate cannot provide consent(s) for treatment, release(s) of information

---

[5] In the same fact situation, the FBI seized every Letter of Guardianship issued by the Probate Courts. Theses Letter of Guardianship were affixed the Probate Court seal authenticating their validity. Without a letter of authority, no information about the ward will be given to Tristate, or by extension Key to Life Trasport, and no decisions can be made on the ward's behalf.

(as well and receive critical information), effect discharge from a mental hospital or other facility.

The effect of the FBI's seizures has, to all intents and purposes, placed the critical care of over 160 in a precarious position. *(In reMalloy)*, *supra* ("Professional guardians … are often responsible for more than one ward, with some professional guardians having hundreds of wards under their care at any given time."), *id* at 15 N.W.3d at 148. As a result, the seizure was unreasonable.

### 2. Bank Accounts.

Subsequent to the FBI raids, Plaintiff became aware that his personal bank account ending in 6932, 5989, and the Key to Life Transport account ending in 7662 had been frozen/seized by authorities. Plaintiff asserts that the seizure of his personal and business bank accounts was violates the 5th Amendments Due Process and Taking Clause, and was inherently unreasonable. *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard."). No notice was provided to Plaintiff that his accounts were subject to seizure, or were seized. Plaintiff further argues that the funds cannot be restrained because the accounts/assets were not listed in the Search and Seizure Warrants. To this extent, that there may have a search and seizure warrant issued for the accounts, and the issuance not made known to Plaintiff, a hearing should be held. See *e.g.,* 21 U.S.C. § 853 (e)(1)(B) – "[P]rior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that– (i) there is a *substantial probability* that the United States will prevail on the issue of forfeiture and that failure to

enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and (ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered....")(emphasis added); also see § 853 (e)(2)("A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not been filed with respect to the property, if the United States demonstrates that there is *probable cause* to believe that the property with respect to which the order sought would, *in the event of conviction*, be subject to forfeiture *under this section* and that provision of notice will jeopardize the availability of the property for forfeiture.")(emphasis added).

Against the background of § 853's complex statutory background, the Supreme Court has made clear that pretrial seizure, pursuant to 21 U.S.C. § 853, necessarily requires two probable cause findings: (1) that "the defendant has committed an offense permitting forfeiture;" and (2) that "the property at issue has the requisite connection to that crime." *Kaley v. United States*, 571 U.S. 320, 323 (citing 21 U.S.C. § 853(a)); see also *United States v. Monsanto*, 491 U.S. 600, 615, 109 S. Ct. 2657, 105 L. Ed. 2d 512 (1989) (upholding constitutionality of pretrial seizure of criminal defendant's assets so long as it is "based on a finding of probable cause to believe that the assets are forfeitable").

Secondly, the assets contained in the referenced accounts are not traceable to the offenses for which "... evidence of violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 1343, (Wire Fraud); 18 U.S.C. § 666 (Federal Program Bribery)" as described

9

in the Search Warrants or any other federal criminal violation. In fact, the funds were the

remainder funds of a lawful business loan made to Key to Life Transport by Tristate

Guardian Services pursuant to  Michigan's Estates and Protected Individuals Code

(the EPIC), in particular, MCL § 700.7817 (kk)("Without limiting the authority conferred

by section 7816, a trustee has all of the following powers: *** "To make loans out of trust

property, including loans to a trust beneficiary on terms and conditions the trustee

considers to be fair and reasonable under the circumstances. The trustee has a lien on

future distributions for repayment of loans made under this subdivision."). As a result,

the restraint of the funds in the referenced accounts was unreasonable.

3. **2024 Ford Transit Van.**

Subsequent to the execution of the Search Warrants and freezing/seizure of

Plaintiff's personal and business bank accounts, the FBI executed another search

warrant whereby agents seized a 2024 Ford Transit Van. The seizure of the Transit Van

was purportedly made on the basis on an Application for a Warrant to Seize Property

Subject to Forfeiture. (Application for A Warrant…., April 22, 2025). The" Application"

references 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as the statutory authority for

the seizure. *Id.*

Firstly, Section 981, titled Civil Forfeiture, provides:

(a)(1) The following property is subject to forfeiture to the United States:

> Any property, real or personal, which constitutes or is derived from
> proceeds traceable to a violation of section 215, 471, 472, 473,
> 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502,
> 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014,
> 1028, 1029, 1030, 1032, or 1344 of this title [18 USCS §
> 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 4

10

87, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1
006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344] or any offense
constituting "specified unlawful activity" (as defined in section
1956(c)(7) of this title [18 USCS § 1956(c)(7)]), or a conspiracy to
commit such offense.

(18 U.S.C. § 981(a)(1)(C)(underline in original). Section 981 is the civil forfeiture statute,

but it is made applicable to criminal cases under 28 U.S.C. § 2461(C). However,

references to § 981(a)(1)(C for forfeiture of the Transit Van is misplaced because none

of the thirty-five (35) Title 18 criminal offenses listed in § 981(a)(1)(C) are applicable to

the underlying factual circumstances which Transit Van was seized.

As noted above, the Search and Seizure Warrants used to search Plaintiff and/or

his residence reference of "18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 1343, (Wire

Fraud); 18 U.S.C. § 666 (Federal Program Bribery)." That the Search and Seizure

Warrants executed against Plaintiff and his residence, and "Application for A Warrant" to

seize the Transit Van reference wildly divergent alleged offenses speaks volumes.

Secondly, Section 2461, titled Mode of Recovery, provides:

(a) Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for
the violation of an Act of Congress without specifying the mode of recovery or
enforcement thereof, it may be recovered in a civil action.

(b) Unless otherwise provided by Act of Congress, whenever a forfeiture
of property is prescribed as a penalty for violation of an Act of Congress and the
seizure takes place on the high seas or on navigable waters within the admiralty
and maritime jurisdiction of the United States, such forfeiture may be enforced by
libel in admiralty but in cases of seizures on land the forfeiture may be enforced
by a proceeding by libel which shall conform as near as may be to proceedings in
admiralty.

(c) If a person is charged in a criminal case with a violation of an Act of
Congress for which the civil or criminal forfeiture of property is authorized, the
Government may include notice of the forfeiture in the indictment or information
pursuant to the Federal Rules of Criminal Procedure. If the defendant is
convicted of the offense giving rise to the forfeiture, the court shall order the
forfeiture of the property as part of the sentence in the criminal case pursuant to
[to] the Federal Rules of Criminal Procedure and section 3554 of title 18, United
States Code. The procedures in section 413 of the Controlled Substances Act

11

(21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

(28 U.S.C. § 2461)(underline in original).

Firstly, § 2461 appears to simply provide a civil jurisdictional mechanism (Mode of Recovery) in which to "process" a forfeiture action; not a statutory prerequisite or prelude to forfeiture. Secondly, § 2461, by the text of the statute (*e.g.,* "civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress"), the "Mode of Recovery" is conditioned on, or as part of, a criminal violation. Thus, the application of § 2461 to seize the Transit Van was/is premature because no criminal violation has been alleged, let alone occurred.

The Transit Van was purchased by Tristate, and loaned to Key to Life pursuant to the terms of Memorandum of Understanding (MOU). ***United States v. One 1988 Toyota Pickup Truck***, 1993 U.S. Dist. LEXIS 15014 (E.D. Mich.1993)("An interest sufficient to challenge a forfeiture action is usually established by showing that the claimant owns the asset. Ownership, however, is determined by more than bare, legal title. A claimant must demonstrate dominion and control over a *res* in order to establish his standing."). The Transit Van was seized from an operator of Key to Life Transport. Plaintiff has standing to contest the seizure *via* this Complaint.

Moreover, the seizure of the Transit Van violated Plaintiff's Due Process with respect to a notice and opportunity to be heard. There were no exigent circumstances present to justify the seizure. Further, the seizure of the Transit Van was unreasonable

and served no other purpose other than to interfere with critical care services provided by Key to Life.

Whatever prudential considerations the seizures may have, or might preclude consideration of this Complaint in the pre-indictment stage, particularly those that relate to the potential interference and delay of the grand jury process and the speedy resolution of criminal cases, are not present here.

Moreover, Plaintiff's asks that this Complaint be entertained in the court's discretion on an emergency basis because the Plaintiff's lack an adequate remedy at law, and that Plaintiffs and others, have already suffered, and will suffer irreparable injury. **Search of Music City Mktg., Inc,** *supra.*

## CONCLUSION

For the reasons set forth above, Plaintiff's request this court to set the matter for immediate hearing;

1) Order the return of property;

2) Order any other relief this court deem fair, just and equitable

Date: 05/01/2025

/s/ *Lonnie L. Griffin*

Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225
mrlonnielgriffin@gmail.com

Key to Life Transport
P.O. Box 266

13

Warren, MI 48090
(313)826-9515
keytolifetransport@gmail.com

## CERTIFICATE OF SERVICE

I, Lonnie L. Griffin, declare under penalty of perjury under the laws of the United

States of America that the foregoing **EMERGENCY CIVIL COMPLAINT FOR RETURN**

**OF PROPERTY** has been delivered to the United States Attorney's Office, Detroit Main

Office, 211 W. Fort Street, Suite 2001, Detroit, MI, 48226, by depositing the same in the

U.S. Postal Mail, this 1st day of May 2025.

/s/ _Lonnie L. Griffin_
Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225
mrlonnielgriffin@gmail.com

Key to Life Transport
P.O. Box 266
Warren, MI 48090
(313)826-9515
keytolifetransport@gmail.com

14

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Lonnie L. Griffin
18779 Huntington Ave
Harper Woods, MI 48225

**(b)** County of Residence of First Listed Plaintiff    Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**
Federal Bureau of Investigation
477 Michigan Ave. 26th Floor
Detroit, MI 48226

County of Residence of First Listed Defendant    Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
United States Attorney;s Office
211 W. Fort St., Suite 2001
Detroit, MI 48226

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
       Plaintiff
- [ ] 3  Federal Question
       *(U.S. Government Not a Party)*
- [x] 2  U.S. Government
       Defendant
- [ ] 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [x] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care Pharmaceutical Personal Injury Product Liability |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** |  | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  |  | [ ] 720 Labor Management Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General |  |  | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 |  |
|  |  | [ ] 550 Civil Rights |  |  |  |
|  |  | [ ] 555 Prison Condition |  |  |  |
|  |  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 1331
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE
October 15, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

PURSUANT TO LOCAL RULE 83.11

1.                  Is this a case that has been previously dismissed?        ☐ Yes

                                                                                                           ■ No

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____

2.                  Other than stated above, are there any pending or previously
                  discontinued or dismissed companion cases in this or any other      ☐ Yes
                  court, including state court? (Companion cases are matters in which
                  it appears substantially similar evidence will be offered or the same     ■ No
                  or related parties are present and the cases arise out of the same
                  transaction or occurrence.)

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____

Notes :