

POOR QUALITY ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lonnie L. Griffin, )
Key to Life Transport, LLC, )
   Plaintiffs, )
    )
Vs. )  Case: 2:25-cv-11267
    )  Assigned to: Goldsmith, Mark A.
    )  Referral Judge: Patti, Anthony P.
    )
Federal Bureau of Investigation, )
   Defendant, *et al.* )

## COMPLAINT FOR PRELIMINARY INJUNCTION

Now comes the Plaintiff's Lonnie L. Griffin, (Griffin) in *pro se*, petition's this Court for a Preliminary Injunction.

### PARTIES

1. Plaintiff Lonnie L. Griffin, is an individual resident in the State of Michigan, Wayne County.

2. Key to Life Transport, is a Limited Liability Company, registered with the Michigan Department of Licensing and Regulatory Affairs (LARA), headquartered in the State of Michigan, Wayne County.

3. Defendant Federal Bureau of Investigations (FBI), is a government agency headquartered in Washington, D.C., with field offices located in Detroit, Michigan, Wayne County.

### JURISDICTION

1. This Court has jurisdiction over this Complaint under 28 U.S.C. § 1331 – Federal question.

2. This Court also has jurisdiction over this Complaint under 28 U.S.C. § 1361 – Action to Compel officer of the United States to perform a duty.

1

3. This Court further has jurisdiction over this Complaint under 5 U.S.C. § 706 – The Administrative Procedures Act.

## CAUSE OF ACTION

1. Griffin brings this Complaint to halt the unlawful Administrative Forfeiture actions instituted by the Federal Bureau of Investigations (FBI), its members, partners, officers, employees, agents, representatives, and all known or unknown persons and entities in active concert or participation with any of those listed.

2. On June 20, 2025, the F.B.I. caused to be sent to Plaintiff Griffin an Administrative Forfeiture Notice, initiating an administrative forfeiture of funds previously on deposit at Chase Bank. (Letter Id: 637656, Multiple asset Id Numbers, dated June 20, 2025). (Exhibit A).

3. On June 20, 2025, the F.B.I. caused to be sent to Plaintiff Key to Life Transport an Administrative Forfeiture Notice, initiating an administrative forfeiture of funds previously on deposit at Chase Bank. (Letter Id: 637654, Id Numbers, dated June 20, 2025). (Exhibit B).

4. Administrative Forfeiture Notice, Letter Id: 637656 inidicated that the forfeiture is premised upon 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 983, 19 U.S.C. § 1602-1619, and 28 C.F.R. Parts 8 and 9.

5. Administrative Forfeiture Notice, Letter Id: 637654 indicated that the forfeiture is premised upon 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 983,19 U.S.C. § 1602-1619, and 28 C.F.R. Parts 8 and 9.

6. The Administrative Forfeiture notices identified the following seized funds as the subject of forfeiture:

| Asset ID | Asset Description | Asset Value | Acct No |
|---|---|---|---|
| 25-FBI-003025 | $335,747.38 in funds .... | $335,747.38 | 665556315 |
| 25-FBI-003026 [1] | $130,378.99 in funds .... | $130,378.99 | 573817662 |
| 25-FBI-003027 | $1,077.56 in funds .... | $1,077.56 | 891076932 |
| 25-FBI-003028 | $133.32 in funds .... | $133.32 | 535505989 |

(Exhibits A and B).

## COUNT ONE
## (estoppel)

1. The F.B.I. lacks statutory authority to initiate an Administrative Forfeiture against the funds seized from the Chase Bank accounts because the funds on deposit are not "monetary instruments" as that term is used and defined in federal forfeiture law.

2. None of the funds seized from the Chase Bank accounts are "monetary instruments" as that term is defined in 19 U.S.C. § 1607(a), made applicable to administrative forfeitures under 18 U.S.C. § 981(a)(1)(C) by-way-of § 981(d).

3. None of the funds seized from the Chase Bank accounts are "monetary instruments" as that term is defined in 19 U.S.C. § 1607(a), made applicable to administrative forfeitures under 18 U.S.C. § 983 by-way-of § 983(a) and (i).

4. None of the funds seized from the Chase Bank accounts are "monetary instruments" as that term is defined in 31 U.S.C. § 5312(3) made applicable to administrative forfeitures under 19 U.S.C. § 1607(a)(4).

5. None of the funds seized from the Chase Bank accounts are "monetary instruments" as that term is defined in 18 U.S.C. § 1956(c)(5), made applicable to administrative forfeitures under 18 U.S.C. § 981(a)(1)(C) by-way-of 18 U.S.C. § 1956(c)(7).

---

[1] This Asset Id Number is the subject of both administrative forfeiture notices.

6. The U.S. Department of Justice Asset Forfeiture Policy Manual, 6-3, 6-3 n. 5 (2025) acknowledges that bank funds are not "monetary instruments" as that term is used in the federal forfeiture statutes.[2]

## COUNT TWO
### (unjust enrichment)

1. Plaintiffs incorporate into Count Two, the allegations contained in paragraphs 1-5 of Count One above as if fully rewritten herein.

2. Defendants have received an unjust enrichment by the seizure of the funds from the Chase Bank accounts because those funds have been temporarily placed under the care, custody and control of the United States Marshals Service (USMS).

3. Defendants were aware of the benefits they would receive by removing the funds on deposit from the accounts of Plaintiff and depositing the funds into an account of the USMS and/or Secretary of Treasury.

4. Further Defendant have been unjustly enriched by their misappropriation of Plaintiffs funds on deposit with Chase Bank.

## COUNT THREE
### (fraud)

1. Plaintiffs incorporate into Count Three, the allegations contained in paragraphs 1-5, of Count One, and paragraphs 1-5 of Count Two, as if fully rewritten herein.

---

[2] ***Loper Bright Enters. v. Raimondo***, 603 U.S. 369, 219 L.Ed. 2d 832, 144 S. Ct. 2244 (2024)("An agency's interpretation of a statute "cannot bind a court," but may be especially informative to the extent it rests on factual premises within the agency's expertise.")(internal quotations in original), *id* at 603 U.S. 374.

2. Defendants knowingly and intentionally caused an administrative forfeiture notice to be served on Plaintiffs with knowledge beforehand that the administrative forfeiture notices were devoid of facts and circumstances, or illegal conduct giving rise to forfeiture, of the case within their knowledge that would inform Plaintiffs that the funds seized from the Chase Bank accounts were subject to forfeiture. (19 U.S.C. § 1603(b).

3. Defendants knowingly and intentionally caused an administrative forfeiture notice to be served on Plaintiffs offering *remission* from forfeiture without such administrative forfeiture providing any factual acts or omissions, or illegal conduct giving rise to forfeiture, upon which the administrative forfeiture is premised. (18 U.S.C. § 981(d), 19 U.S.C. § 1603(b).

4. Defendants knowingly and intentionally caused an administrative forfeiture notice to be served on Plaintiffs offering *remission* from forfeiture with knowledge beforehand that the "ruling official" shall not grant remission unless Plaintiff "did not know of the conduct giving rise to forfeiture…." (28 C.F.R. § 9.3(A)(1).

5. Defendants knowingly and intentionally caused an administrative forfeiture notice to be served on Plaintiffs offering *remission* from forfeiture with knowledge beforehand that "[]he ruling official shall presume a valid forfeiture and shall not consider whether the evidence is sufficient to support the forfeiture." (28 C.F.R. § 9.3(A)(4).

6. Defendants knowingly and intentionally caused an administrative forfeiture notice to be served on Plaintiffs offering *mitigation* from forfeiture without such administrative forfeiture providing any factual acts or omissions, or illegal conduct giving rise to

forfeiture upon which the administrative forfeiture is premised. (18 U.S.C. 981(d), 19 U.S.C. § 1603(b).

7. Defendants knowingly and intentionally caused an administrative forfeiture notice to be served on Plaintiffs without such administrative forfeiture notice identifying the which funds on deposit were traceable to a federal violation. (18 U.S.C. § 981(C), § 981(2).

## COUNT FOUR
## (APA)

1. Plaintiffs incorporate into Count Four, the allegations contained in the above Count One, paragraphs 1-5 and Count Two, paragraphs 1-5, and Count Three, paragraphs 1-5, as if fully rewritten herein.

2. The Administrative Procedures Act (APA) provides this Court with additional authority to decide questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. (5 U.S.C. § 706).

3. The initiation of the administrative seizure of the funds from Plaintiffs Chase Bank accounts was premised on an erroneous statutory interpretation.

4. The initiation of the administrative seizure of the funds from Plaintiffs Chase Bank accounts was premised on an unconstitutional application of the Code of Federal Regulations.

5. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank is arbitrary and capricious.

6. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank was an abuse of discretion.

7. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank is not in accordance with the law.
8. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank was based upon a misapplication of the law.
9. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank is contrary to constitutional right.
10. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank is in excess of Defendants statutory jurisdiction.
11. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank is in exceeds the Defendants regulatory authority.
12. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank was without observance of procedure(s) required by law.
13. The initiation of the administrative forfeiture of the funds from Plaintiffs Chase Bank is unwarranted by the facts.

## COUNT FIVE
### (injunctive relief)

14. Plaintiffs incorporate into Count Five, the allegations contained in the above Count One, paragraphs 1-5 and Count Two, paragraphs 1-5, Count Three, paragraphs 1-5, and Count Four, paragraphs 1-5, as if fully rewritten herein.
15. Plaintiff has suffered, and continues to suffer, an irreparable injury in that the seizure of the funds on deposit at Chase Bank has precluded Plaintiff's from operating a legitimate business.

16. Plaintiff has suffered, and continues to suffer, an irreparable injury in that the seizure of the funds on deposit at Chase Bank has cause Plaintiff's business to suffer in name and goodwill.
17. There is no adequate procedural remedy to address the legitimacy of the issuance of the Administrative Forfeiture notice prior to the time within a petition for remission or mitigation, or a claim must be filed.
18. The seizure and retention of the funds on deposit with Chase Bank has prevented Plaintiff from meeting his daily living needs.
19. Estopping the Defendant from proceeding with the administrative forfeiture in this case does not prevent the Defendant from proceeding with other administrative forfeitures that Defendant may have initiated, or may be contemplating.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff's, requests that this Court:

1. stay the administrative forfeiture until this Complaint is ruled upon by this Court;
2. "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." (5 U.S.C. § 706);
3. "hold unlawful and set aside agency action, findings, and conclusions found to be—
    a) arbitrary, capricious;
    b) an abuse of discretion;

    c) not in accordance with law;

    d) contrary to a constitutional right and/or power;

    e) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    f) without observance of procedure required by law;

    g) unwarranted by the facts." (5 U.S.C. § 706) (1), (2)(A)-(F)).

4. hold unlawful and set aside agency rules, regulations, or policy statements that are contrary to the Constitution, Federal Statutes, Regulations, or legally binding court ruling.

The Plaintiff further requests such additional relief as the interests of justice may require.

Dated: June 30, 2025

Respectfully submitted,

*/s/ Lonnie L. Griffin*

Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonielgriffin@gmail.com

## VERIFICATION

I, Lonnie Griffin, the Complainant, and principal owner of Key to Life Transport, declare under the penalties of perjury that the attached Complaint for Preliminary Injunction has been examined by me and that its contents are true to the best of my information, knowledge, and belief. (28 U.S.C. § 1746).

_____
Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonielgriffin@gmail.com

# Exhibit A

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, DC  20535*

Lonnie Lamont Griffin
18779 Huntington Ave.
Harper Woods, MI 48225

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:**  June 20, 2025 | **Asset ID Number:**  Multiple Assets |
| **Notice Letter ID:**  637656 (use ID when searching for assets during online filing) ||
| **Description of Seized Property:**  See Attached List ||
| **Seizure Date and Location:**  See Attached List ||
| **Forfeiture Authority:**  See Attached List ||

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.
B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.
C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.
D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.
F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.
G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.
H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.
I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.
J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

Lonnie Lamont Griffin                                    Notice of Seizure

II. **TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.**
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

  A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.
  B. **Time Limits:** A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **July 25, 2025**. *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.
  C. **Requirements for Claim:** A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.
  D. **Claim Forms:** A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
  E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.
  F. **No Attorney Required:** You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.
  G. **When You File a Claim:** A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.
  H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.
  I. **If No Claim is Filed:** Failure to file a claim by **11:59 PM EST** on **July 25, 2025** may result in the property being forfeited to the United States.
  J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

III. **TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

  A. **Hardship Release:** Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.
  B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
   - Claimant has a possessory interest in the property;
   - Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
   - Government's continued possession will cause a substantial hardship to the claimant.
  C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.

Lonnie Lamont Griffin                                        Notice of Seizure

**Asset List**

**Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on April 22, 2025 by the FBI at Detroit, Michigan.

**Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 18 U.S.C. 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. Additional statutes, if applicable, are indicated below.

| ASSET ID | ASSET DESCRIPTION | ASSET VALUE | ACCT/VIN/SERIAL NO |
|---|---|---|---|
| 25-FBI-003025 | $335,747.38 in funds from JP Morgan Chase Account #XXXXX6315 held in the name of Tri-State Guardian Services Inc, Westerville, OH | $335,747.38 | 665556315 |
| 25-FBI-003026 | $130,378.99 in funds from JP Morgan Chase Account #XXXXX7662 held in the name of Key to Life Transport LLC, Westerville, OH | $130,378.99 | 573817662 |
| 25-FBI-003027 | $1,077.56 in funds from JP Morgan Chase Account #XXXXX6932 held in the name of Lonnie Lamont Griffin, Westerville, OH | $1,077.56 | 891076932 |
| 25-FBI-003028 | $133.32 in funds from JP Morgan Chase Account #XXXXX5989 held in the name of Lonnie Lamont Griffin, Westerville, OH | $133.32 | 535505989 |

# Exhibit B



**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, DC 20535*

---

Key to Life Transport LLC
11015 Craft St.
Detroit, MI 48224

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:** June 20, 2025 | **Asset ID Number:** 25-FBI-003026 |
| **Notice Letter ID:** 637654 (use ID when searching for assets during online filing) | |
| **Description of Seized Property:** $130,378.99 in funds from JP Morgan Chase Account #XXXXX7662 held in the name of Key to Life Transport LLC, Westerville, OH, Valued at $130,378.99 | |
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on April 22, 2025 by the FBI at Detroit, Michigan. | |
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 18 U.S.C. 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

   **TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

   A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.
   B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.
   C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.
   D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
   E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.
   F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.
   G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.
   H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.
   I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

II. **TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.**
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

  A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.
  B. **Time Limits:** A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **July 25, 2025**. *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.
  C. **Requirements for Claim:** A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.
  D. **Claim Forms:** A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
  E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.
  F. **No Attorney Required:** You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.
  G. **When You File a Claim:** A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.
  H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.
  I. **If No Claim is Filed:** Failure to file a claim by **11:59 PM EST** on **July 25, 2025** may result in the property being forfeited to the United States.
  J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

III. **TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

  A. **Hardship Release:** Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.
  B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
     - Claimant has a possessory interest in the property;
     - Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
     - Government's continued possession will cause a substantial hardship to the claimant.
  C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.