26

FILED

JUL 14 2025

CLERK'S OFFICE
DETROIT

IN THE
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| Lonnie L. Griffin, | ) | |
| Key to Life Transport, LLC, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | Case: 2:25-cv-11267 |
| | ) | Assigned to: Goldsmith, Mark A. |
| | ) | Referral Judge: Patti, Anthony P. |
| Federal Bureau of Investigation, | ) | |
|     Defendant, *et al*. | ) | |

**MOTION FOR *MATTHEWS* HEARING**

Now comes the Plaintiff's Lonnie L. Griffin, (Griffin) in *pro se*, petition's this Court

to set the matter for a *Matthews* hearing.[1] As more fully described below, the F.B.I.'s

execution of administrative forfeitures by-way-of certain Code of Federal Regulations

and U.S. Department of Justice policy statements offends procedural and substantive

due process.

**PARTIES**

1. Plaintiff Lonnie L. Griffin, is an individual resident in the State of Michigan, Wayne
   County.

2. Key to Life Transport, is a Limited Liability Company, registered with the
   Michigan Department of Licensing and Regulatory Affairs (LARA), headquartered
   in the State of Michigan, Wayne County.

3. Defendant Federal Bureau of Investigations (FBI), is a government agency
   headquartered in Washington, D.C., with field offices located in Detroit, Michigan,
   Wayne County.

**SUMMARY**

---

[1] *Mathews v. Eldridge,* 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976)

On April 22,2025, the Federal Bureau of Investigation (FBI) executed numerous Search and Seizures Warrants (Warrants) pertaining to Plaintiff's, their business, and personal effects. (24-mc-51226-17, *et seq*). The Warrants indicated that probable cause was established to "… search and seize the person and property … and that the search will reveal … violations of: 18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 666, Theft or bribery in programs receiving Federal Funds; 18 U.S.C. §, Wire fraud."

On May 1, 2025, Plaintiff Griffin filed in this court, a Complaint for the Return of Property seized on April 22, 2025. (R.E. 1, Case: 2:25-cv-11267). A First Amended Complaint was filed on May 27, 2025. (R.E. 5).

On June 20, 2025, the F.B.I. mailed to Plaintiff an Administrative Forfeiture Notice, initiating an administrative forfeiture of funds previously on deposit at Chase Bank. (Letter Id: 637656, Multiple asset Id Numbers, dated June 20, 2025). (Exhibit A).

On June 20, 2025, the F.B.I. mailed to Plaintiff Key to Life Transport an Administrative Forfeiture Notice, initiating an administrative forfeiture of funds previously on deposit at Chase Bank. (Letter Id: 637654, Id Numbers, dated June 20, 2025). (Exhibit B).

On June 30, Plaintiff Griffin filed a Motion for Preliminary Injunction in this court. (R.E. 10).

**A.**

**This court should hold a Matthews hearing.**

The Plaintiff request this court to hold a hearing pursuant to the dictates and opinion enunciated in ***Mathews v. Eldridge***, 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976). In ***Mathews***, *supra,* the Supreme Court granted certiorari to determine whether an evidentiary hearing was required to contest the legality of the administrative

disability insurance benefits program of the Social Security Act (SSA), which conditioned the continued receipt of benefits on the recipient's continuing to be disabled. The Court concluded that an "evidentiary hearing [was] not required prior to the termination of Social Security disability payments and the administrative procedures prescribed under the SSA fully comport with due process." *Mathews*, 424 U.S. at 349.

To reach the conclusion that the SSA's administrative review procedures were adequate, the Court noted that "… our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors:

1. the private interest that will be affected by the official action;

2. the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and

3. the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Mathews*, 424 U.S. at 334-35 (numbering added for drafting clarity.).

### 1) Plaintiff's property interest will be affected by the F.B.I.'s Unit Chief, Legal Forfeiture Unit, administrative forfeiture decision.

On April 22, 2025, the F.B.I. seized all of the funds on deposit from multiple Chase Bank accounts of Griffin, *et al*. The funds in the seized accounts constitute "property." See *e.g., N. Ga. Finishing v. Di-Chem, Inc.*, 419 U.S. 601, 606, 42 L. Ed. 2d 751, 95 S. Ct. 719 (1975)("Here, a bank account, surely a form of property…."). Further, some of the funds in the seized accounts on deposit were used to operate Key to Life Transport, LLC, a business registered with the State of Michigan. Among other things, the unavailability of these funds has diminished the capacity of Key to Life

3

Transport to operate. *N. Ga. Finishing*, 419 U.S. at 608 ("It may be that consumers deprived of household appliances will more likely suffer irreparably than corporations deprived of bank accounts, but the probability of irreparable injury in the latter case is sufficiently great so that some procedures are necessary to guard against the risk of initial error."); compare *United States v. Contents of Accounts*, 629 F.3d 601, 608-09 (6th Cir.2011)("Even should a property owner prevail in a civil forfeiture proceeding, irreparable damage may have been done to the owner's interests. For instance, if property is used as a business, its lack of availability for the time necessary to win a victory in court could have forced its owner into bankruptcy.").

Accordingly, the funds seized from the Chase Bank accounts constitute a property interest that will be affected.

### 2) The risk of an erroneous deprivation of the Chase Bank funds through the administrative procedures offends procedural and substantive due process.

The risk that the seizure of the funds on deposit with Chase Bank offends procedural and substantive due process and amounts to an erroneous deprivation is sufficiently clear from the recorded administrative procedures utilized by the F.B.I. The F.B.I. Administrative Forfeiture Notice(s) (AFN) cite to 18 U.S.C. § 981(C), 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9, as the forfeiture authority under which the administrative forfeiture is proceeding. (Exhibits A & B, AFN, p. 3 – Forfeiture Authority). Among other directions, the AFN informed Plaintiff:

I. THE GOVERNMENT MAY CONSIDER GRANTNG PETITIONS FOR REMISSSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.

4

TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE
A PETITION FOR REMISSION

a. What to File: You may file both a claim (see section II below) and a
Petition for Remission or Mitigation (Petition). If you file only a
petition and no one else files a claim, your petition will be decided
by the seizing agency.

(Exhibits A & B, AFN, ¶ I, A, (a)). Notwithstanding that the AFN does not expressly

inform Plaintiff of the authority for offering remission or mitigation, it must be presumed

the authority derives from the statutory citations on page 3 of the AFN. *Id.*

To begin, Congress enacted the Civil Asset Forfeiture Reform Act (CAFRA) in

2000, "… to make federal civil forfeiture procedures fair to property owners and to give

owners innocent of any wrong doing the means to recover their property and make

themselves whole after wrongful governmental seizures." H.R. Rep. No. 106-192, at 8

(1999); *United States v. Contents of Accts.*, 629 F.3d 601, 607 (6th Cir.2011). CAFRA

included a "notice provision" at § 983 that provides:

"Except as provided in clauses (ii) through (v), in any *nonjudicial
civil forfeiture* proceeding under *a civil forfeiture statute*, with
respect to which the Government is required to send written notice
to interested parties, such notice shall be sent in a manner to
achieve proper notice as soon as practicable, and in no case more
than 60 days after the date of the seizure."

(18 U.S.C. § 983(a)(1)(A)(i) (Emphasis added). The Code of Federal Regulations

provide that:

"*Administrative forfeiture* means the process by which property may
be forfeited by a seizing agency rather than through a judicial
proceeding. Administrative forfeiture has the same meaning as
nonjudicial forfeiture, as that term is used in 18 U.S.C. [§] 983."

(28 C.F.R. Part 8, § 8.2, Definitions) (italics in original); compare "*Nonjudicial forfeiture*

has the same meaning as administrative forfeiture as defined in this section."). *Id.*

5

Accepting this definition as true for the moment, the post-deprivation AFN pass constitutional scrutiny.

While the term "nonjudicial civil forfeiture" is not defined in § 983, § 983 explicitly defines "*a civil forfeiture statute*" "to **not** include –

> "... the Tariff Act of 1930 or **any other provision of law codified in title 19**."

(18 U.S.C. § 983(i) (Emphasis added); also see 28 C.F.R. Part 9, § 9.2, <u>Definitions,</u> same). Thus, it appears that CAFRA abrogated the comprehensive statutory scheme governing customs law, seizures, and forfeitures— particularly 19 U.S.C. §§ 1602-1618, as well as associated agency regulations, with respect to civil forfeitures; in particular, civil forfeitures initiated pursuant to § 981, a <u>Civil Forfeiture</u> statute. For this reason, the notice and remission and mitigation procedures codified at 19 U.S.C. § 1602 *et seq.,* are not applicable to the AFN purportedly based under 18 U.S.C. § 981(C), "*a civil forfeiture statute.*" [2]

Further, not only did CARFA abrogate the notice, remission and mitigation procedures of 19 U.S.C. §§ 1602-1618, from the statutory forfeiture procedure, but the commensurate agency regulations adopted to effectuate § 1602 *et seq.* in-so-far as those regulations are used to regulate administrative forfeitures. *For example*, 19 C.F.R. § 162.31(a), in part, provides:

> Notice. Written notice of any fine or penalty incurred as well as any liability to forfeiture shall be given to each party that the facts of record indicate has an interest in the claim or seized property. The notice shall also inform each interested party of his right to apply for relief under section 618, Tariff Act of 1930, as amended (19 U.S.C. 1618), *or any other applicable statute authorizing mitigation of penalties or remission of forfeitures*, in accordance with part 171

---

[2] Notably, Congress codified separate "claim" provisions in § 983 without adopting the previous co-existent remission and mitigation procedure. See § 983(2)(A) – (E).

of this chapter. The notice shall inform any interested party in a case involving forfeiture of seized property that **unless the petitioner provides an express agreement to defer judicial or administrative forfeiture proceedings until completion of the administrative process**, the case will be referred promptly to the U.S. attorney or the Department of Justice if the penalty was assessed under section 592, Tariff Act of 1930, as amended (19 U.S.C. 1592), for institution of judicial proceedings, or summary forfeiture proceedings will be begun."

Contents of notice. The notice shall contain the following:

**(1)** The provisions of law alleged to have been violated;

**(2)** A description of the specific acts or omissions forming the basis of the alleged violations;

(19 C.F.R. § 162.31(a), (b)(1)(2) (emphasis added). And, 19 C.F.R. § 162.47, which in

part, provides:

Filing of claim. Any person desiring to claim under the provisions of section 608, Tariff Act of 1930, as amended (19 U.S.C. 1608), seized property not exceeding $ 500,000 in value (however there is no limit in value … in the amount of any monetary instruments within the meaning of 31 U.S.C. 5312(a)(3), that may be seized and forfeited) and subject to summary forfeiture, shall file a claim to such property with the Fines, Penalties, and Forfeitures Officer within 20 days from the date of the first publication of the notice prescribed in § 162.45."

(19 C.F.R. § 162.47(a)). For these reasons, the AFN purported reference to the

statutory provisions at Title 19 for the basis of the administrative forfeiture contravenes

substantive due process.

Further, the F.B.I. executes the above Title 19 regulations *via* additional

regulations. The additional administrative forfeiture regulations violate procedural due

process. See *e.g.,* 28 C.F.R. § 9.5 <u>Criteria governing administrative and judicial

remission and mitigation</u>, which states:

Remission. (1) The ruling official shall not grant remission of a forfeiture unless the petitioner establishes that the petitioner has a valid, good faith, and legally cognizable interest in the seized property as owner or lienholder as defined in this part and is an innocent owner within the meaning of 18 U.S.C. 983(d)(2)(A) or 983(d)(3)(A).

(2) For purposes of paragraph (a)(1) of this section, the knowledge and responsibilities of a petitioner's representative, agent, or employee are imputed to the petitioner where the representative, agent, or employee was acting in the course of his or her employment and in furtherance of the petitioner's business.

(3) The petitioner has the burden of establishing the basis for granting a petition for remission or mitigation of forfeited property, a restoration of proceeds of sale or appraised value of forfeited property, or a reconsideration of a denial of such a petition. Failure to provide information or documents and to submit to interviews, as requested, may result in a denial of the petition.

(4) The ruling official shall presume a valid forfeiture and shall not consider whether the evidence is sufficient to support the forfeiture.

*Id.*

To the extent that § 9.5 was written under the guise of Title 19, § 9.5's explicit posture to take towards an administrative forfeiture to exclude witness credibility and veracity, critical to the forfeiture decision-making process, (§ 981(2) – "Seizures pursuant to this section shall be made pursuant to a warrant ... except that a seizure may be made without a warrant if *** "there is probable cause to believe that the property is subject to forfeiture...."), offends any notion of due process.

Even if Title 19 remained applicable to forfeitures post-CAFRA, § 9.5 ignores certain aspects of Title 19 as well. See *e.g.,* 19 U.S.C. § 1603 ("... and to include in such report a statement of all the facts and circumstances of the case ... with the names of the witnesses and a citation to the statute or statutes believed to have been violated, and on which reliance may be had for forfeiture or conviction."); 19 U.S.C. §

8

1603 ("Whenever, any person ... files ... a petition for the remission or mitigation  of ... forfeiture ... if [the ruling official] finds that such ... forfeiture was incurred without wilful negligence or without any intention on the part of the petitioner to ... violate the law ..., [the ruling official] may ... take testimony upon such petition."); 19 C.F.R. § 162.31(a), (2) – "A description of the specific acts or omissions forming the basis of the alleged violations."). That the AFN does not contain a "description of the specific acts or omission forming the basis of the" forfeiture," *id.,* is a material omission of constitutional importance.

Because the subjective, post-deprivation, presumption of a valid forfeiture without consideration of whether the evidence is sufficient to support the forfeiture and is not subject to further review, the presumption abridges the admonishment that no citizen "be deprived of life, liberty, or property, without due process of law." (5th Amendment, U.S. Constitution).[3] ***United States v. Branham,*** 97 F.3d 835, 843 n.4 (6th Cir.1996)("Here, the *Wong* court noted: "The remission or mitigation process under § 1618 is not a formal proceeding seeking to punish the petitioner. It is an administrative prelude to the formal forfeiture proceeding, wherein a valid forfeiture is presumed, and the petitioner is permitted to ask for leniency. *See* 28 C.F.R. § 9.5."); ***Fanny v. United***

---

[3] The remission and mitigation Regulation also unfairly informs the petitioner to that: "Failure to provide information or documents and to submit to interviews, as requested, may result in a denial of the petition." (28 C.F.R. § 9.5). However, the Supreme Court long ago held: "...a forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law," ***One 1958 Plymouth Sedan*** v. *Pennsylvania,* 380 U.S. 693, 700, 14 L. Ed. 2d 170, 85 S. Ct. 1246 (1965) and, as a result, "... the Fifth Amendment [self-incrimination prohibition] applies with equal force." ***United States v. United States Coin & Currency,*** 401 U.S. 715, 718, 28 L. Ed. 2d 434, 91 S. Ct. 1041 (1971)("... proceedings instituted for the purpose of declaring the forfeiture of a man's property *by reason of offences committed by him*, though they may be civil in form, are in their nature criminal" for Fifth Amendment purposes."); *cf.* ***United States v. U. S. Currency,*** 626 F.2d 11, 14 (6th Cir.1980)("It is settled that "a witness in a . . . civil . . . proceeding may decline to answer questions when to do so would involve substantial risks of self-incrimination.").

*States*, 1995 U.S. Dist. LEXIS 15073 (E.D. Mich. S.D. 1995)("Therefore, when an official is determining whether to allow an administrative forfeiture to move forward, he does not base his decision on the guilt or innocence of the party who forfeited the property. *Instead, he presumes a valid forfeiture*. 28 Code of Federal Regulations (CFR) § 9.5. That is, *he presumes that a person who submits a petition for remission or, does not answer an administrative forfeiture letter, admits that the property was used for criminal activity and that taking the property serves a remedial purpose.")*(Emphasis added); *Juncaj v. United States*, 894 F. Supp. 318, 320 (E.D. Mich. S.D. 1995)(" These steps do not force the official who passes on the petition to decide whether petitioner was guilty or not guilty of a crime. Instead, the official presumes a valid forfeiture and then asks whether the petitioner deserves an equitable remedy.").[4]

To the extent that Congress rescinded § 1902 *et seq.* applicable the forfeiture process outlined in § 983, Congress also reconstituted § 981, the <u>Civil Forfeiture</u> statute with respect to § 1902 *et seq.* Section 981, provides:

> "For purposes of this section, the provisions of the customs laws relating to the seizure, summary and judicial forfeiture, condemnation of property for violation of the customs laws, the disposition of such property or the proceeds from the sale of such property under this section, the remission or mitigation of such forfeitures, and the compromise of claims (19 U.S.C. 1602 et seq.), *insofar as they are applicable and not inconsistent with the provisions of this section,* shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under this section...."

---

[4] Both *Fanny* and *Juncaj, supra,* were authored by John Feikens, United States District Judge.

10

(18 U.S.C. § 981(d) (Emphasis added). One Title 19 forfeiture provision that is

not applicable, is that codified at 19 U.S.C. § 1607, governing *notice of seizure*,

which states:

> **(a) Notice of seizure.** If—
>
> **(1)** the value of such seized vessel, vehicle, aircraft, merchandise, or baggage does not exceed $500,000;
>
> ***
>
> **(4)** such seized merchandise is any monetary instrument within the meaning of <u>section 5312(a)(3) of title 31 of the United States Code</u>;
>
> the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article."

(19 U.S.C. § 1607(a)(1), (4)). Because the funds seized from the Chase Bank accounts

were not "monetary instruments" as that term is defined in 31 U.S.C. § 5312, notice was

not required, otherwise making § 1607 "not applicable" to the seizure of the Chase Bank

accounts incurred pursuant to § 981(C).

   *Illustrative* to this point, the U.S. Department of Justice Asset Forfeiture Police

Manual, in part, relies upon § 1607(a)(1) to interpret is policy that:

> Administrative forfeiture is not authorized for:
>
>  • real property, see 18 U.S.C. § 985(a);
>
> • personal property valued at more than $500,000,[5] including virtual assets, see 19 U.S.C. § 1607(a)(1);
>
> • funds seized from a bank account in an amount of more than $500,000;5 or
>
> • property subject to forfeiture pursuant to a statute that does not incorporate the customs laws.

11

> n. [5] "Neither the statutory definition of "monetary
> instruments" nor the parallel definition in the applicable
> regulations encompasses the funds in a bank account. See
> 31 U.S.C. § 5312(a)(3); 31 C.F.R. § 1010.100(dd).
> Consequently, funds seized from a bank account do not
> qualify as monetary instruments for the purposes of the
> exception to the $500,000 cap on administrative forfeitures."

(Asset Forfeiture Policy Manual 2025, Chap. 6, Sec. 3 A) (Exhibit C, excerpt of

Department of Justice Manual).

If then, the Asset Forfeiture Policy Manual (while not legally binding), expressly

indicates that forfeitures such as that involved in this case are not subject to

administrative forfeiture, however, the F.B.I. *via* the AFN references the same

inapplicable regulations (*e.g.,* § 1607(a)(1)), as authority for the forfeiture, then one or

more regulations and/or policies are in conflict. But, DOJ Policy 6-3 should not be viewed

in isolation, but in conjunction with another Regulation. See 19 C.F.R. § 162.32 ("Seized

property not eligible for administrative forfeiture. If the seized property is not eligible for

administrative forfeiture, and neither a petition for relief in accordance with part 171 of

this chapter,... the Fines, Penalties, and Forfeitures Officer shall refer the case promptly

to the U.S. attorney for the judicial district in which the seizure was made....").

Because the funds on deposit at Chase Bank were not eligible for administrative

forfeiture, however the F.B.I. caused notice of administrative forfeiture to be mailed to

Plaintiff notwithstanding the policy considerations referenced in the Asset Forfeiture

Policy Manual 2025, the AFN foreshadows a "risk of an erroneous deprivation of [the

funds previously on deposit at Chase Bank] through the procedures used." **Mathews v.**

**Eldridge,** 424 U.S. at 334-35. Such as, the notice provisions of § 1607, *et al.,* executed,

in part by-way-of 28 C.F.R. § Parts 8 and 9,

12

Another *example*, § 981(a)(C) provides for the forfeiture of property "which constitutes or is derived from proceeds traceable" to a criminal violation; also see § 981(a)(2) – ("[T]he term "proceeds" means property of any kind obtained … as a result of the commission of the offense giving rise to forfeiture, and any property ***traceable*** thereto….") (Emphasis added). ***United States v. Andrews***, 2014 U.S. Dist. LEXIS 185576 (U.S. D.C, W. D. Mich. (2014)("The language of the statute that opens the door to any forfeiture at all in a case like this limits forfeiture to "proceeds" of the wrongdoing, 18 U.S.C. § 981(a)(1)(C), and then expressly defines the term "for purposes of paragraph (1)," 18 U.S.C. § 981(a)(2). \*\*\* "The government's authority to forfeit property can never rise higher than the source of the statutory authority for it.").

The administrative forfeiture regulatory scheme does not provide for, and completely ignores, the statutory "traceable" requirement. ***United States v. 506,069.09 Seized from First Merit Bank***, 664 Fed Appx. 422, 434 (6th Cir.2016)("18 U.S.C. § 981(a)(1)(C) authorizes the forfeiture of property "***derived from proceeds traceable to***" a qualifying criminal violation…."). Whether the property is "traceable" to a criminal act or omission, is an indispensable condition on which the § 981(C) forfeiture necessarily depends. See *e.g., **U.S. v. Sexton***, 894 F.2d 787 (6th Cir.2018)("The civil forfeiture statute, 18 U.S.C. § 981(a)(1)(C), permits the forfeiture of "proceeds traceable to a violation of section…. \*\*\* "While property must be connected, or "traceable," to the crime, it does not need to be property that the particular defendant received."). Consequently, the administrative forfeiture scheme is "inconsistent" with § 981, and further fails as a matter of law under the Due Process Clause.

**3) The Government's interest would not be adversely affected by judicial clarity or additional safeguards.**

13

The Government's interest, and hence that of the public would not be affected by the court's construction of, and/or additional safeguards to the F.B.I. administrative scheme, because Congress has already has enacted statutory safeguards to which the administrative policies have not followed suit.[5]

*For example,* Congress has decreed those seizures made pursuant to § 981 "shall be made pursuant to a warrant," (hence "notice"), and if not pursuant to a warrant, upon "probable cause" (18 U.S.C. § 981(2), that oh-so-familiar standard of proof. But see ***United States v. $67,220.00 in United States Currency,*** 957 F.2d 280, 283 (6th Cir.1992)("*Provided*: That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court . . . ."), *citing* 19 U.S.C. § 1615; also see § 983(j) <u>Restraining orders; protective orders</u>, providing for notice and hearing.

That § 9.5 completely ignores this body of law demands correction. ***Mathews v. Eldridge,*** 424 U.S. at 348 ("But more is implicated in cases of this type than ad hoc weighing of fiscal and administrative burdens against the interests of a particular category of claimants. ***The ultimate balance involves a determination as to when, under our constitutional system, judicial-type procedures must be imposed upon administrative action to assure fairness.***") (Emphasis added).

Demonstrative to the Government's, and hence the public's interest, Congress also enacted a statutory burden-of-proof component to civil forfeitures. See 18 U.S.C. § 983(c); ***United States v. Four Hundred Sixty- Three Thousand Four Hundred Ninety-Seven Dollars & Seventy-Two Cents ($463,497.72) in United States***

---

[5] In light of the statutory procedures available, whether additional or substitute procedural safeguards to those administrative procedures relied upon by the F.B.I., is debatable.

*Currency*, 779 F. Supp. 2d 696 (E.D. Mich. 2011)("Under the Civil Asset Forfeiture Reform Act (CAFRA), "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). CAFRA imposes a higher burden of proof on the government than previously existed. Under the old standard, a showing of probable cause sufficed, and the claimant was required to prove non-forfeitability by a preponderance of evidence."). Because the administrative forfeiture process does not embrace these minimal statutory protections, the risk of error in the truth-finding process in every administrative forfeiture case is implicated, not just Plaintiff's.

In sum, the agency regulatory forfeiture scheme is not corresponding with the statutory forfeiture codifications enacted by Congress. As a result, a hearing should be held to determine whether the AFN is constitutionally sufficient, and whether additional procedural safeguards, if any, must be implemented to administrative forfeiture scheme to make the scheme comport with the Due Process Clause of the 5th Amendment.

## CONCLUSION

WHEREFORE, based upon the above, the Plaintiff respectfully requested that this Court set the matter for a hearing, to determine, among other things:

a) whether 28 C.F.R. Part 8, when cited in connection with the forementioned administrative forfeitures of Plaintiff, conforms with the Due Process Clause;

b) whether 28 C.F.R. Part 9, when cited in connection with the forementioned administrative forfeitures of Plaintiff, conforms with the Due Process Clause;

c) whether 19 C.F.R. § 1602 *et seq*, when cited in connection with the forementioned administrative forfeitures of Plaintiff, conforms with the Due Process Clause;

d) whether 19 C.F.R. § 162.31, when used in connection with the forementioned administrative forfeitures of Plaintiff, conforms with the Due Process Clause.

15

Respectfully submitted,

Lonnie L. Griffin, *pro se*
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com

## CERTIFICATE OF SERVICE

I, Lonnie L. Griffin, declare under penalty of perjury under the laws of the United States of America that the foregoing **MOTION FOR *MATTHEWS* HEARING** has been delivered to the United States Attorney's Office, Detroit Main Office, 211 W. Fort Street, Suite 2001, Detroit, MI, 48226, addressed to: Michael El-Zein, AUSA, by depositing the same in the U.S. Postal Mail, this 14th day of May 2025.

/s/
Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com

Key to Life Transport
P.O. Box 266
Warren, MI 48090
(313)826-9515
keytolifetransport@gmail.com

16

Case: 2:25-cv-11267, Griffin v. F.B.I.

# Exhibit A

- Administrative Forfeiture Notice, Letter Id: 637656, Multiple asset Id Numbers, dated June 20, 2025.

**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, DC  20535*

Lonnie Lamont Griffin
18779 Huntington Ave.
Harper Woods, MI 48225

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:** June 20, 2025 | **Asset ID Number:** Multiple Assets |
| **Notice Letter ID:** 637656 (use ID when searching for assets during online filing) | |
| **Description of Seized Property:** See Attached List | |
| **Seizure Date and Location:** See Attached List | |
| **Forfeiture Authority:** See Attached List | |

I.   **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

   A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition).  If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.

   B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.  It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice.  *See* 28 C.F.R. Parts 8 and 9.

   C. **Requirements for Petition:**  The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. § 1746.

   D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm.  If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

   E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.

   F. **No Attorney Required:**  You do not need an attorney to file a petition.  You may, however, hire an attorney to represent you in filing a petition.

   G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel.  The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Division, Criminal Division, Department of Justice.  *See* 28 C.F.R. § 9.1.

   H. **Regulations for Petition:**  The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.

   I. **Penalties for Filing False or Frivolous Petitions:**  A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

   J. **Online Petition Exclusions:**  If you cannot find the desired assets online, you must file your petition in writing at the address listed above.  For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

Lonnie Lamont Griffin                                      Notice of Seizure

**II. TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.**
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

    A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.

    B. **Time Limits:** A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **July 25, 2025**. *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.

    C. **Requirements for Claim:** A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

    D. **Claim Forms:** A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

    E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.

    F. **No Attorney Required**: You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.

    G. **When You File a Claim:** A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.

    H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.

    I. **If No Claim is Filed**: Failure to file a claim by **11:59 PM EST** on **July 25, 2025** may result in the property being forfeited to the United States.

    J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

**III. TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

    A. **Hardship Release**: Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.

    B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
- Claimant has a possessory interest in the property;
- Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
- Government's continued possession will cause a substantial hardship to the claimant.

    C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.

Lonnie Lamont Griffin                                    Notice of Seizure

**Asset List**

**Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on April 22, 2025 by the FBI at Detroit, Michigan.

**Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 18 U.S.C. 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. Additional statutes, if applicable, are indicated below.

| ASSET ID | ASSET DESCRIPTION | ASSET VALUE | ACCT/VIN/SERIAL NO |
|----------|-------------------|-------------|--------------------|
| 25-FBI-003025 | $335,747.38 in funds from JP Morgan Chase Account #XXXXX6315 held in the name of Tri-State Guardian Services Inc, Westerville, OH | $335,747.38 | 665556315 |
| 25-FBI-003026 | $130,378.99 in funds from JP Morgan Chase Account #XXXXX7662 held in the name of Key to Life Transport LLC, Westerville, OH | $130,378.99 | 573817662 |
| 25-FBI-003027 | $1,077.56 in funds from JP Morgan Chase Account #XXXXX6932 held in the name of Lonnie Lamont Griffin, Westerville, OH | $1,077.56 | 891076932 |
| 25-FBI-003028 | $133.32 in funds from JP Morgan Chase Account #XXXXX5989 held in the name of Lonnie Lamont Griffin, Westerville, OH | $133.32 | 535505989 |

Case: 2:25-cv-11267, Griffin v. F.B.I.

# Exhibit B

- Administrative Forfeiture Notice, Letter Id: 637654, dated June 20, 2025.

**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, DC  20535*

Key to Life Transport LLC
11015 Craft St.
Detroit, MI 48224

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:**  June 20, 2025 | **Asset ID Number:** 25-FBI-003026 |
| **Notice Letter ID:** 637654 (use ID when searching for assets during online filing) | |
| **Description of Seized Property:**  $130,378.99 in funds from JP Morgan Chase Account #XXXXX7662 held in the name of Key to Life Transport LLC, Westerville, OH, Valued at $130,378.99 | |
| **Seizure Date and Location:**  The asset(s) referenced in this notice letter were seized on April 22, 2025 by the FBI at Detroit, Michigan. | |
| **Forfeiture Authority:**  The forfeiture of this property has been initiated pursuant to 18 U.S.C. 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

I.   **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

A. **What to File:**  You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition).  If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.

B. **To File a Petition:**  A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.  It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice.  *See* 28 C.F.R. Parts 8 and 9.

C. **Requirements for Petition:**  The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. § 1746.

D. **Petition Forms:**  A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm.  If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence**:  Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.

F. **No Attorney Required:**  You do not need an attorney to file a petition.  You may, however, hire an attorney to represent you in filing a petition.

G. **Petition Granting Authority:**  The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel.  The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice.  *See* 28 C.F.R. § 9.1.

H. **Regulations for Petition:**  The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.

I. **Penalties for Filing False or Frivolous Petitions:**  A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

Key to Life Transport LLC                          Notice of Seizure

J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

## II.   TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.

B. **Time Limits:** A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **July 25, 2025**. *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.

C. **Requirements for Claim:** A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

D. **Claim Forms:** A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.

F. **No Attorney Required:** You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.

G. **When You File a Claim:** A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.

H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.

I. **If No Claim is Filed:** Failure to file a claim by **11:59 PM EST** on **July 25, 2025** may result in the property being forfeited to the United States.

J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

## III.   TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP

A. **Hardship Release:** Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.

B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
- Claimant has a possessory interest in the property;
- Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
- Government's continued possession will cause a substantial hardship to the claimant.

C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.

Case: 2:25-cv-11267, Griffin v. F.B.I.

# Exhibit C

- Asset Forfeiture Policy Manual 2025, Chap. 6, Sec. 3, excerpt.

U.S. Department of Justice
Criminal Division
*Money Laundering and Asset Recovery Section*



# Asset Forfeiture Policy Manual      2025

### A. Scope of property subject to administrative forfeiture

Federal law limits the types of property subject to administrative forfeiture to:

- monetary instruments, as defined by statute and implementing regulations,[2] in any amount;

- personal property, including vehicles, vessels, aircraft, merchandise, baggage, jewelry, art, furniture, antiquities, and virtual assets[3] valued at less than or equal to $500,000;

- a vessel, vehicle, aircraft, or other hauling conveyance used to import, export, transport, or store any controlled substance or listed chemical; and

- merchandise the importation of which is prohibited.[4]

Administrative forfeiture is not authorized for:

- real property, *see* 18 U.S.C. § 985(a);

- personal property valued at more than $500,000, including virtual assets, *see* 19 U.S.C. § 1607(a)(1);

- funds seized from a bank account in an amount of more than $500,000;[5] or

- property subject to forfeiture pursuant to a statute that does not incorporate the customs laws.

---

[2]  *See* 31 U.S.C. § 5312(a)(3). Monetary instruments include U.S. coins and currency; coins and currency of a foreign country, travelers' checks, bearer negotiable instruments, bearer investment securities, bearer securities, stock on which title is passed on delivery, and similar material outlined in 31 C.F.R. § 1010.100(dd), the applicable regulation; and checks, drafts, notes, money orders, and other similar instruments that are drawn on or by a foreign financial institution and are not in bearer form as outlined in that same regulation (designating currency; traveler's checks in any form; all negotiable instruments, including personal checks, business checks, official bank checks, cashier's checks, third-party checks, promissory notes as defined in the Uniform Commercial Code, and money orders, in bearer form, endorsed without restriction, made out to a fictitious payee, or otherwise in such form that title thereto passes upon delivery; incomplete instruments, including personal checks, business checks, official bank checks, cashier's checks, third-party checks, promissory notes as defined in the Uniform Commercial Code, and money orders, signed but with the payee's name omitted; and securities or stock in bearer form or otherwise in such form that title thereto passes upon delivery). Monetary instruments do not include warehouse receipts or bills of lading. *See* 31 C.F.R. § 1010.100(dd)(2). Monetary instruments also do not include digital assets, although the Secretary of the Treasury may, by regulation, define "monetary instruments" to include "value that substitutes for any monetary instruments." 31 U.S.C. § 5312(a)(3)(D).

[3]  The value of cryptocurrency is determined at the date of seizure.

[4]  *See* 19 U.S.C. § 1595a; *see also* 19 U.S.C. § 1607(a)(2); 19 U.S.C. § 1609.

[5]  Neither the statutory definition of "monetary instruments" nor the parallel definition in the applicable regulations encompasses the funds in a bank account. *See* 31 U.S.C. § 5312(a)(3); 31 C.F.R. § 1010.100(dd). Consequently, funds seized from a bank account do not qualify as monetary instruments for the purposes of the exception to the $500,000 cap on administrative forfeitures.