United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

     Plaintiff,                     Civil No. 25-11267

v.                              Honorable Mark A. Goldsmith
                                   Magistrate Judge Anthony P. Patti

Federal Bureau of Investigation,

     Defendant.

---

## Defendant's Response to Plaintiff's Motions for a Preliminary Injunction and *Mathews* Hearing

---

On June 30, 2025, plaintiff filed a motion for preliminary injunction. (Prelim. Inj. Mot., ECF No. 10). Then on July 14, 2025, plaintiff filed a motion for *Mathews* hearing. (*Mathews* Mot., ECF No. 13). Defendant submits the attached brief in response to the plaintiff's motions and respectfully requests that the Court deny plaintiff's request for a preliminary injunction and *Mathews* hearing because he has not met his burden of demonstrating that he is likely to succeed on the merits, that he is likely to suffer imminent irreparable injury without an injunction, or that the public interest and balance of equities weighs in his favor, and *Mathews* is inapplicable.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

s/ Michael El-Zein
Michael El-Zein (P79182)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9770
michael.el-zein@usdoj.gov

Dated: July 23, 2025

United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

     Plaintiff,                     Civil No. 25-11267

v.                              Honorable Mark A. Goldsmith
                                        Magistrate Judge Anthony P. Patti

Federal Bureau of Investigation,

     Defendant.

---

# Defendant's Brief in Response to Plaintiff's Motions for a Preliminary Injunction and *Mathews* Hearing

---

## Issues Presented

I.    Should the Court deny plaintiff's motions when he is unlikely to succeed on the merits of his estoppel, unjust enrichment, fraud, and APA claims?

II.   Should the Court deny plaintiff's motions when he has not demonstrated that he is likely to suffer an imminent irreparable injury?

III.  Should the Court deny plaintiff's motions when the balance of equities does not favor an injunction?

IV.  Should the Court hold a *Mathews* hearing when the property at issue has been properly placed into administrative forfeiture proceedings?

# Table of Contents

Table of Authorities ............................................................................. iii

Introduction .......................................................................................... 1

Background ........................................................................................... 2

Standard of Review ............................................................................... 4

Argument ............................................................................................... 4

I.     The Court Should Deny Plaintiff's Motion for a Preliminary Injunction .... 4

     A.      Likelihood of Success on the Merits .................................... 5

       1.    Estoppel ........................................................................ 5

       2.    Unjust Enrichment ...................................................... 6

       3.    Fraud ............................................................................ 6

       4.    APA Claim .................................................................. 8

         a. CAFRA Bars APA Review ................................ 8

         b. The Agency's Action is Not Final ..................... 11

         c. The Initiation of Administrative Forfeiture Proceedings Was Not Arbitrary and Capricious .................................... 12

     B.      Irreparable Injury ................................................................ 13

C.    Balance of Equities and Public Interest ..............................................14

II.   The Court should not hold a *Mathews* hearing ...........................................16

Conclusion ............................................................................................17

Certificate of Service .............................................................................18

# Table of Authorities

## Cases

*Beamon v. Brown*, 125 F.3d 965 (6th Cir. 1997)......................................................12

*Bennett v. Spear*, 520 U.S. 154 (1997) ....................................................................16

*Block v. North Dakota*, 461 U.S. 273 (1983)...........................................................14

*Cf. Chaim v. U.S.*, 692 F. Supp. 2d 461 (D. N.J. 2010)............................................9

*Culley v. Marshall*, 601 U.S. 377 (2024).................................................................20

*D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324 (6th Cir. 2019)................................. 17, 18

*Dickson v. Off. of Pers. Mgmt.*, 828 F.2d 32 (D.C. Cir. 1987)................................15

*Jama v. Dep't of Homeland Sec.*, 760 F.3d 490 (6th Cir. 2014) .............................16

*Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty.*,

    286 F.3d 382 (6th Cir. 2002) ...............................................................................17

*Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*,

    567 U.S. 209 (2012)............................................................................... 13, 14, 15

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ............................................... 7, 8, 20, 21

*McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*,

    119 F.3d 453 (6th Cir. 1997) .................................................................................9

*Nken v. Holder*, 556 U.S. 418, (2009) ....................................................................19

*Overstreet v. Lexington–Fayette Urban County Gov't,*

    305 F.3d 566 (6th Cir. 2002) ................................................................................8

*Rochester Tel. Corp. v. United States*, 307 U.S. 125 (1939) .................................16

*United States v. Eight Thousand Eight Hundred & Fifty Dollars*

($8,850) *in United States Currency*, 461 U.S. 555 (1983) .................................19

*United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003).................19

*United States v. Simon*, 609 Fed. App'x 1002 (11th Cir. 2015)............................15

*United States v. Von Neumann*, 474 U.S. 242 (1986)..............................................20

*Warren v. City of Athens, Ohio*, 411 F.3d 697 (6th Cir. 2005) ..............................18

*Williams v. Bezy*, 97 F. App'x 573 (6th Cir. 2004) ................................................15

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)..................................9, 18

**Statutes**

18 U.S.C. § 981 ............................................................................................................6

18 U.S.C. § 981(a)(1)(C) .............................................................................................6

18 U.S.C. § 981(b)(2).................................................................................................6

18 U.S.C. § 981(d) ......................................................................................................9

18 U.S.C. § 981(D)(vi)................................................................................................6

18 U.S.C. § 983 ..........................................................................................................14

18 U.S.C. § 983(a) .....................................................................................................15

18 U.S.C. § 983(a)(1).................................................................................................11

18 U.S.C. § 983(a)(1)(A)(i) ................................................................................. 11, 17

18 U.S.C. § 983(a)(3).......................................................................................... 14, 15

18 U.S.C. § 983(e) ....................................................................................................14

18 U.S.C. § 983(e)(5)...............................................................................................14

19 U.S.C. § 1607(a)(1) ..............................................................................................9

28 U.S.C. § 524(c)(9)(A) .........................................................................................10

31 U.S.C. § 5312(a)(3).............................................................................................10

5 U.S.C. § 702 ................................................................................................ 12, 15

5 U.S.C. § 704 ..........................................................................................................15

5 U.S.C. § 706 ..........................................................................................................17

5 U.S.C. § 701(a)(1)..................................................................................................12

**Rules**

Fed. R. Civ. P. 65 .......................................................................................................8

**Regulations**

28 C.F.R. § 8.9(b)(2)...........................................................................................11, 12

28 C.F.R. § 8.9(c)(1)................................................................................................11

31 C.F.R. § 1010.100(dd) ..........................................................................................1

# Introduction

Plaintiff in this case is an individual whose purported property was subject to seizure by defendant, the FBI. Specifically at issue in these motions, plaintiff seeks to stop the FBI from conducting administrative forfeiture proceedings against funds seized from multiple bank accounts held in his name or the name of his business, Key to Life Transport.[1] The FBI seized those funds pursuant to a search and seizure warrant issued by Magistrate Judge Grand on April 22, 2025. On April 28, 2025, the FBI received the funds from JP Morgan Chase. Plaintiff seeks to circumvent the forfeiture procedures established by law first by way of a complaint, and now via the present motions. Defendant respectfully requests that the Court deny plaintiff's motions because he cannot demonstrate that he is likely to succeed on the merits, he has not demonstrated that he is likely to suffer any imminent irreparable injury without an injunction, and he cannot demonstrate that the balance of equities weighs

---

[1] It is unclear from plaintiff's motions, as well as the underlying complaint, whether he makes any claim to, or seeks the return of funds seized from, JP Morgan Chase Account #XXXXX6315 held in the name of Tri-State Guardian Services Inc, Westerville, OH valued at $335,747.38. For purposes of this response, defendant assumes he does not make such a claim or seek release of those funds, as they are not held in his name or the name of his identified business, Key to Life Transport. In the event plaintiff is intending to include the funds seized from Account #XXXXX6315 in the relief he seeks, the total value at issue would be $467,337.25.

in favor of granting a preliminary injunction under these circumstances. Further, *Mathews* is not applicable in this context.

## Background

Pursuant to 18 U.S.C. § 981, certain property is subject to forfeiture through civil forfeiture proceedings including, but not limited to: property which constitutes or is derived from proceeds traceable to a conspiracy to commit healthcare fraud, 18 U.S.C. § 981(a)(1)(C); property which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of wire fraud, 18 U.S.C. §§ 981(a)(1)(C) and (D)(vi); and property which constitutes or is derived from proceeds traceable to Federal Program Bribery, 18 U.S.C. § 981(a)(1)(C). The government, through a law enforcement agency such as the FBI, may request a seizure warrant from the court authorizing it to seize property subject to civil and/or criminal forfeiture. 18 U.S.C. § 981(b)(2). This includes funds held in a bank account.

On April 22, 2025, the FBI sought and obtained a seizure warrant, under seal, for funds held in the plaintiff's personal and business accounts at JP Morgan Chase Bank. The FBI properly filed a return for the warrant on May 19, 2025. And on June 20, 2025, the FBI provided plaintiff with notice of its initiation of administrative forfeiture proceedings of those funds. (Prelim. Inj. Mot., ECF No. 10, Exhs. A and B; *Mathews* Mot., ECF No. 13, Exhs. A and B).

On June 30, 2025, plaintiff filed a motion for preliminary injunction[2] on the grounds of estoppel, unjust enrichment, fraud, and an Administrative Procedure Act violation. (Prelim. Inj. Mot., ECF No. 10, PageID.72–76). Next on July 14, 2025, plaintiff filed a motion for *Mathews* hearing asking that the Court make preliminary determinations that the FBI administrative forfeiture process, writ large, fails to "comport with the Due Process Clause of the 5th Amendment." (*Mathews* Mot., ECF No. 13, PageID.103).

Administrative forfeiture of funds seized from a bank account, where the amount is less than or equal to $500,000, is authorized by 18 U.S.C. § 981(d) and 19 U.S.C. § 1607(a)(1). (*Mathews* Mot., ECF No. 13, PageID.114). Here the total value of the seized funds at issue is $131,589.87, well within the limit for administrative forfeiture proceedings. Consequently, as will be explained in detail in a forthcoming motion to dismiss, the Court lacks jurisdiction to consider the underlying complaint pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub. L. No. 106–185, 114 Stat. 202 (2000), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

---

[2] Plaintiff stylized the pleading as a complaint for preliminary injunction but given that a complaint has already been filed in this matter defendant considers it a motion for preliminary injunction.

## Standard of Review

Under Rule 65, a district court may issue a preliminary injunction, however, an "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); Fed. R. Civ. P. 65.

There is no clearly established standard of review for a request for a *Mathews* hearing; plaintiff bears the burden of establishing he is entitled to such relief.

## Argument

The Court should deny plaintiff's motion for a preliminary injunction because he cannot demonstrate his entitlement to the extraordinary remedy of a preliminary injunction. Further, the Court should not hold a *Mathews* hearing challenging the statutorily authorized administrative forfeiture process.

## I.   The Court Should Deny Plaintiff's Motion for a Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459

(6th Cir. 1997). Plaintiff has not met the high burden of demonstrating he is entitled to preliminary injunctive relief.

A.     Likelihood of Success on the Merits

Plaintiff seeks relief under the doctrines of estoppel, unjust enrichment, fraud, and the Administrative Procedure Act, and asks the Court to prohibit the FBI from moving forward with administrative forfeiture proceedings. As described below, he is unlikely to succeed under any legal theory.

1.     Estoppel

Plaintiff is unlikely to succeed on his estoppel claim because the administrative forfeiture proceedings initiated by defendant are authorized by statute. The funds constitute personal property valued at less than $500,000 and are thus ripe for administrative forfeiture. *Id.*; 18 U.S.C. § 981(d); 19 U.S.C. § 1607(a)(1). *Cf. Chaim v. U.S.*, 692 F. Supp. 2d 461, 466 (D. N.J. 2010) (finding that government could not conduct administrative forfeiture where amount of funds seized from a bank account was over $500,000). Plaintiff claims that defendant "lacks statutory authority to initiate an [a]dministrative [f]orfeiture against the funds seized from the Chase Bank accounts because the funds on deposit are not 'monetary instruments' as that term is used and defined in federal forfeiture law." (Prelim. Inj. Mot., ECF No. 10, PageID.72). Plaintiff is correct that the funds at issue are not "monetary instruments" per the relevant statutory definition or parallel definition in

5

the applicable regulations. *See* 31 U.S.C. § 5312(a)(3); 31 C.F.R. § 1010.100(dd); (*Mathews* Mot., ECF No. 13, PageID.114). Nor are they "a vessel, vehicle, aircraft, or other hauling conveyance." *Id.* That is, of course, irrelevant.

2.     Unjust Enrichment

Plaintiff is unlikely to succeed on his unjust enrichment claim because defendant does not currently enjoy use of the seized funds. Plaintiff claims that defendant has been enriched by the seizure of these funds. (Prelim. Inj. Mot., ECF No. 10, PageID.74). Defendant merely maintains custody and control of the funds at issue; it is not availed of the use of those funds. It is only through the forfeiture process, whether that be administrative or judicial, that defendant or any other government agency can obtain clean title to property subject to forfeiture. 28 U.S.C. § 524(c)(9)(A).  In the interim, there is no enrichment, unjust or otherwise, conveyed to defendant.

3.     Fraud

Plaintiff is unlikely to succeed on his fraud claim because defendant initiated administrative forfeiture proceedings against funds that were seized pursuant to a seizure warrant, which establishes there was probable cause to believe the funds were subject to forfeiture. Plaintiff seems to take umbrage with the standard notice form used by defendant to initiate all its administrative forfeiture cases because it was "devoid of facts and circumstances." (Prelim. Inj. Mot., ECF No. 10,

PageID.74). 18 U.S.C. § 983(a)(1) outlines the deadlines and other requirements for notifying potential claimants, such as plaintiff, of administrative forfeiture proceedings initiated against property seized for forfeiture. 18 U.S.C. § 983(a)(1)(A)(i) requires "written" notice to all known, interested parties. 18 U.S.C. § 983(a)(1)(A)(i); *see also* 28 C.F.R. § 8.9(c)(1).

Plaintiff has provided proof that he was provided with written notice. (Prelim. Inj. Mot., ECF No. 10, PageID.81–86). Such notice need only contain the following: the date when the personal written notice is sent; a description of the seized property; the deadline for filing a claim, at least 35 days after the personal written notice is sent; the date, statutory basis, and place of seizure; the identity of the appropriate official of the seizing agency and address where the claim must be filed; and a description of the seized property. 28 C.F.R. § 8.9(b)(2). All the required information is part of the defendant's standard notice form and was provided to plaintiff. (Prelim. Inj. Mot., ECF No. 10, PageID.81–86).

Plaintiff also fixates on the notice provisions related to petitions for remission and mitigation. (Prelim. Inj. Mot., ECF No. 10, PageID.74). As is plainly stated in the notice, petitions for remission and mitigation can be filed in lieu of or in addition to a claim in the administrative forfeiture proceedings. (Prelim. Inj. Mot., ECF No. 10, PageID.81). But no such filing is required, and thus inclusion of that information

is irrelevant for purposes of assessing the notice's compliance with 28 C.F.R. § 8.9(b)(2).

    4.    APA Claim

Plaintiff is unlikely to succeed on his claim under the Administrative Procedure Act (APA) because the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) bars plaintiffs' APA claim, there is no final agency action in this case, and because the agency's action was not arbitrary or capricious.

    a.    CAFRA Bars APA Review

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). "Although the APA provides a broad waiver of sovereign immunity, codified at 5 U.S.C. § 702, the waiver is limited by . . . § 701(a)(1) [which] provides that Chapter 7 of the APA, including § 702's waiver of sovereign immunity, does not apply to cases in which 'statutes preclude judicial review.'" *Id.*

A statute precludes APA review "'when Congress has dealt in particularity with a claim and [has] intended a specified remedy'—including its exceptions—to be exclusive." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 216 (2012). When that is the case, "that is the end of the matter; the APA does not undo the judgment." *Id.* In this way, the provision

8

precluding APA review if another statute precludes review, "prevents plaintiffs from exploiting the APA's waiver to evade limitations on suit contained in other statutes." *Id.* at 215.

Here, CAFRA bars plaintiff's APA claim under the factors described by the Supreme Court in *Patchak*. First, CAFRA addresses the same type of grievance raised in plaintiff's APA claim. Plaintiff is contesting the validity of the ongoing administrative forfeiture process, which defendant is conducting pursuant to CAFRA. Plaintiff asks that the Court "[s]tay the administrative forfeiture until this Complaint is ruled upon," (Prelim. Inj. Mot., ECF No. 10, PageID.77), something the Court lacks jurisdiction to do because of the ongoing administrative forfeiture. If plaintiff wishes to contest the forfeiture of these funds, he has been provided an avenue to do so through the administrative forfeiture process established by CAFRA. If he files a proper claim in the administrative forfeiture proceedings the government will have 90 days to either initiate a civil forfeiture action in federal district court, include the property in a criminal indictment in federal district court, or return it, unless an extension of time is granted by leave of court. 18 U.S.C. § 983(a)(3). Therefore, CAFRA satisfies the first element under *Patchak* because it addresses plaintiff's grievance.

Second, CAFRA deals "in particularity" with plaintiff's claims. CAFRA sets forth the contours of the administrative process an agency must follow if it seeks to

forfeit property. 18 U.S.C. § 983. It mandates judicial oversight of the forfeiture process in the event a claim is filed. 18 U.S.C. § 983(a)(3). It also specifically authorizes judicial intervention for individuals who are not provided with written notice despite being entitled to it. 18 U.S.C. § 983(e); *see also Block v. North Dakota*, 461 U.S. 273, 286 (1983) (indicating that "the balance, completeness, and structural integrity" of a statutory provision "belie[s] the contention that it was designed merely to supplement other judicial relief."). Therefore, CAFRA satisfies the second element under *Patchak* because it deals in particularity with plaintiff's claims.

Third, Congress intended for CAFRA to provide the exclusive remedy for challenges to administrative forfeiture proceedings. As stated in 18 U.S.C. § 983(e)(5), "A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." Prior to the issuance of a declaration of forfeiture, CAFRA sets out clear procedures an agency must follow to provide notice to potential claimants and the general public, 18 U.S.C. § 983(a), and what must be done in the event a proper claim is submitted, *id.* at § 983(a)(3). The completeness of the CAFRA scheme to challenge an administrative forfeiture, both during and after that process, which includes an avenue to pursue civil remedies in court, shows that Congress intended CAFRA to provide the exclusive remedy for claims such as those advanced by plaintiff. *United*

*States v. Simon*, 609 Fed. App'x 1002, 1007 (11th Cir. 2015) (holding that plaintiff could not seek review of the underlying administrative forfeiture decision via the APA and further stating that it was "unable to find any civil forfeiture cases governed by CAFRA that provide for judicial review under the APA."). Accordingly, CAFRA triggers the exception in APA § 702, which bars APA claims if "any other statute explicitly or impliedly forbids the relief sought." 5 U.S.C. § 702; *Patchak*, 567 U.S. at 216. Moreover, the Court would lack jurisdiction over any such a claim because Plaintiff has not exhausted his administrative remedies. *Williams v. Bezy*, 97 F. App'x 573, 574 (6th Cir. 2004); *Dickson v. Off. of Pers. Mgmt.*, 828 F.2d 32, 40–41 (D.C. Cir. 1987).

> b.     The Agency's Action is Not Final

The APA provides judicial review only for final agency action. 5 U.S.C. § 704. Agency action is final only if (1) it marks "the consummation of the agency's decision making process" and (2) is "one by which rights or obligations have been determined, or from which legal consequences flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citations omitted). An agency action is not final if it "does not of itself adversely affect complainant but only affects his rights adversely on the contingency of future administrative action." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 496 (6th Cir. 2014) (quoting *Rochester Tel. Corp. v. United States*, 307 U.S. 125, 130 (1939)).

Here, the agency's action is not final. The defendant's initiation of administrative forfeiture proceedings is not a final decision for purposes of the APA because the change does not mark the consummation of any decision-making process. Plaintiff was given notice of defendant's decision to initiate administrative forfeiture pursuant to CAFRA so that he could contest the forfeiture and so that the agency could potentially reach a final decision regarding the seized property. Quite opposite of a final action, we are in the beginning stages of the forfeiture process. Plaintiff paradoxically seeks to stop that process from progressing to the point where judicial review may actually be appropriate with his request for an injunction. Plaintiff also cannot show that any legal consequence has flowed from defendant's initiation of administrative forfeiture proceedings. *See Bennett*, 520 U.S. at 177–78. The only legal consequence that has occurred here was the seizure of the funds, which was done pursuant to a seizure warrant issued by the Honorable David R. Grand on April 22, 2025.

> c. The Initiation of Administrative Forfeiture Proceedings Was Not Arbitrary and Capricious

If an action is reviewable under the APA, a court may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. "Under the arbitrary or capricious standard, the party challenging the agency's action must show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations."

*Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty.*, 286 F.3d 382, 389 (6th Cir. 2002) (quotations omitted). "The arbitrary or capricious standard is the least demanding review of an administrative action." *Id.*

Here, FBI's initiation of administrative forfeiture proceedings and subsequent notice to plaintiff was not arbitrary and capricious. Quite the contrary, it was required by CAFRA. 18 U.S.C. § 983(a)(1)(A)(i) ("[S]uch notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure."). Accordingly, plaintiff could not succeed on his APA claim, even if initiation of administrative forfeiture proceedings was reviewable under the APA.

B.   Irreparable Injury

A showing of imminent irreparable injury "is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019) (emphasis in original). Thus, while the Court must weigh the other preliminary injunction factors, "even the strongest showing on the other three factors cannot eliminate the irreparable harm requirement." *Id.* (quotation omitted). In addition, the Supreme Court's "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the

13

absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original).

Here, plaintiff has not demonstrated that an imminent irreparable injury is likely. Instead, plaintiff offers two conclusory sentences: that the seizure has "precluded [him] from operating a legitimate business," (Prelim. Inj. Mot., ECF No. 10, PageID.76), and that is has caused his "business to suffer in name and goodwill," (Prelim. Inj. Mot., ECF No. 10, PageID.77). Nothing is offered to substantiate these claims. While the Sixth Circuit has held that the "financial ruin" of a business constitutes irreparable injury, *Warren v. City of Athens, Ohio*, 411 F.3d 697, (6th Cir. 2005) (citations omitted), the mere seizure of funds does not, standing alone, establish that plaintiff's business will be ruined or its good name sullied. Moreover, enjoining defendant from continuing with the ongoing administrative forfeiture proceedings will only delay any chance plaintiff has at getting some or all of the funds returned to him. With the administrative forfeiture process stopped, defendant would still retain custody of the funds subject to the seizure warrant issued by Magistrate Judge Grand on April 22, 2025.

C.     Balance of Equities and Public Interest

The third and fourth preliminary injunction factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Sixth Circuit has acknowledged that administrative forfeiture proceedings are

14

favored as "a mechanism for the government and private parties to resolve their forfeiture related disputed without the need for judicial actions." *United States v. Ninety-Three Firearms*, 330 F.3d 414, 422 (6th Cir. 2003) (citation omitted). The Supreme Court has similarly highlighted the value of administrative forfeiture proceedings, noting that, "If the Government were forced to initiate judicial proceedings without regard to administrative proceedings, the claimant would lose this benefit. Further, administrative proceedings are less formal and expensive than judicial forfeiture proceedings. Given the great percentage of successful petitions, allowing the Government to wait for action on administrative petitions eliminates unnecessary and burdensome court proceedings. Finally, a system whereby the judicial proceeding occurs after administrative action spares litigants and the Government from the burden of simultaneously participating in two forums." *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 566 (1983) (citations omitted).

Here, plaintiff has not even attempted to meet his burden of establishing that the balance of equities or the public interest weigh in his favor. For the reasons set forth above defendant does not believe he could have sufficiently demonstrated that the balance of equities or the public interest outweighs the benefits provided to both the government and plaintiff by proceeding with the administrative forfeiture process even if he had attempted to do so.

## II.    The Court should not hold a *Mathews* hearing

The Supreme Court has squarely rejected *Mathews v. Eldridge*, 424 U.S. 319 (1976), as a valid avenue for challenging a forfeiture action wherein a timely forfeiture hearing occurs. In *Culley v. Marshall*, 601 U.S. 377 (2024), the Court held that "In civil forfeiture cases involving personal property, the Due Process Clause requires a timely forfeiture hearing but does not require a separate preliminary hearing." *Id.* at 392. The Court stated that its "decisions in [*United States v. Von Neumann*, 474 U.S. 242 (1986), and *U.S. v. $8,850*, 461 U.S. 555,] make crystal clear that due process does not require a separate preliminary hearing to determine whether seized personal property may be retained pending the ultimate forfeiture hearing." *Id.* at 377. Because *Mathews* predated those cases, the Court held that the petitioner's contention that *Mathews* should govern her request for a preliminary hearing failed. *Id.* at 378. The Court went on to state that "*Von Neumann* held that a timely forfeiture hearing satisfies due process in civil forfeiture cases, and *$8,850* specified the standard for when forfeiture hearings are timely." *Id.* at 389.

Defendant is in the process of conducting timely administrative forfeiture proceedings. Plaintiff asks the Court to stop that process from moving forward through a purported *Mathews* hearing, a case that has been held inapplicable in this exact context. His request should therefore be denied.

## Conclusion

Defendant respectfully requests that the Court deny plaintiff's motions for a

preliminary injection and *Mathews* hearing.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

s/ Michael El-Zein
Michael El-Zein (P79182)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9770

Dated: July 23, 2025                    michael.el-zein@usdoj.gov

17

## Certificate of Service

I hereby certify that on July 23, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In addition, I certify that Sara Verdun, Legal Assistant assigned to the Civil Defensive Litigation Unit of the United States Attorney's Office, sent the foregoing via U.S. mail on July 23, 2025, to the following:

Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225

s/ Michael El-Zein
Michael El-Zein
Assistant U.S. Attorney

18