United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

    Plaintiff,

v.

Federal Bureau of Investigation,

    Defendant.

Civil No. 25-11267

Honorable Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

# Defendant's Response to Plaintiff's Motions for Production and Determination of Constitutional Question

On July 25, 2025, plaintiff filed motions for production of documents, (Produc. Mot., ECF No. 16), and a determination of constitutional question, (Question Mot., ECF No. 15). Defendant submits the attached brief in response to the plaintiff's motions and respectfully requests that the Court deny plaintiff's request for production and a determination of constitutional question because he is not entitled to discovery and the questions raised is one of settled law.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

|  |  |
|---|---|
| | s/ Michael El-Zein |
| | Michael El-Zein (P79182) |
| | Assistant U.S. Attorney |
| | 211 W. Fort Street, Suite 2001 |
| | Detroit, Michigan 48226 |
| | (313) 226-9770 |
| Dated: August 8, 2025 | michael.el-zein@usdoj.gov |

United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

    Plaintiff,

v.

Federal Bureau of Investigation,

    Defendant.

Civil No. 25-11267

Honorable Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

# Defendant's Brief in Response to Plaintiff's Motions for Production and Determination of Constitutional Question

## Issues Presented

I. Should the Court deny plaintiff's motion for production when discovery is inappropriate at this time?

II. Should the Court deny plaintiff's motion for determination of constitutional question when such motion raises a question of well settled law?

# Table Of Contents

Table Of Authorities ...................................................................................................5

Introduction .................................................................................................................1

Background .................................................................................................................2

Argument ....................................................................................................................3

    I.    The Court Should Deny Plaintiff's Motion for Production ..........................3

    II.   The Court Should Deny Plaintiff's Motion for Determination of Constitutional Question ..................................................................................5

Conclusion ..................................................................................................................7

Certificate of Service ..................................................................................................9

# Table Of Authorities

**Cases**

*Baltimore Sun Co. v. Goetz*, 886 F. 2d. 60 (4th Cir. 1989) ........................................5

*Baranski v. Fifteen Unknown Agents of Bureau of Alcohol,*
   *Tobacco and Firearms*, 452 F.3d 433 (6th Cir. 2006)............................................6

*Brown v. United States*, 411 U.S. 223 (1973)............................................................7

*California v. Carney*, 471 U.S. 386 (1985) ...............................................................6

*Franks v. Delaware*, 438 U.S. 154 (1978).................................................................5

*Groh v. Ramirez*, 540 U.S. 551 (2004) ......................................................................6

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999)......................................................4

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)..................................5

*United States v. Certain Real Property Located at 2323*
   *Charms Road, Milford Twp.*, 726 F. Supp. 164
   (E.D. Mich. Dec. 5, 1989)......................................................................................7

*United States v. United States Dist. Court*, 407 U.S. 297 (1972).............................5

**Statutes**

18 U.S.C. § 981 ...........................................................................................................2

18 U.S.C. § 981(a)(1)(C) ............................................................................................2

18 U.S.C. § 981(b)(2).................................................................................................2

18 U.S.C. § 981(D)(vi)...............................................................................................2

**Rules**

Fed. R. Civ. P. 26(a)(1)(B) .........................................................................................4

Fed. R. Civ. P. 26(d)(1)...............................................................................................4

Fed. R. Civ. P. 26(f) ................................................................................................3, 4

Fed. R. Civ. P. 26(f)(1) ...............................................................................................4

Fed. R. Civ. P. 34 ...................................................................................................4

Fed. R. Civ. P. 34(b)(2)(A) ....................................................................................4

Fed. R. Civ. P. 37 ...................................................................................................4

Fed. R. Civ. P. 37(a)(1) ..........................................................................................4

Fed. R. Crim. P. 41 ................................................................................................2

Loc. R. 37.1 ............................................................................................................4

## Introduction

Plaintiff in this case is an individual whose purported property was subject to seizure by defendant, the FBI. Plaintiff filed a First Amended Emergency Civil Complaint for Return of Property on May 27, 2025, stating that the FBI made "unreasonable seizures" of his property (cell phones and funds from multiple bank accounts)[1] and property in his custody and control (legal papers and a van), and asking that it be returned. (Am. Compl., ECF No. 5, PageID.32). On June 30, 2025, plaintiff filed a motion for preliminary injunction asking the Court to stop the FBI from moving forward with its administrative forfeiture proceedings against the funds seized from bank accounts. (Prelim. Inj. Mot., ECF No. 10). Then on July 14, 2025, plaintiff filed a motion for *Mathews* hearing, asking the Court to opine on the legality of federal administrative forfeiture writ large. (*Mathews* Mot., ECF No. 13).

Plaintiff has now filed two additional motions. One for the production of documents, despite failing to follow this Court's July 14, 2025 Order to adhere to its Practice Guidelines and have "meaningful discussion aimed at resolving motions"

---

[1] It is unclear from plaintiff's motions, as well as the underlying complaint, whether he makes any claim to, or seeks the return of, funds seized from JP Morgan Chase Account #XXXXX6315 held in the name of Tri-State Guardian Services Inc., Westerville, OH valued at $335,747.38. For purposes of this motion, defendant assumes he does not make such a claim or seek release of those funds, as they are not held in his name or the name of his identified business, Key to Life Transport.

before filing, (Produc. Mot., ECF No. 16, PageID.167 ("Plaintiff has not conferred with Defendants [sic] or Defendant's counsel, the U.S. Attorney's Office")), and prior to discovery being authorized in this case. And the other asking the Court to determine whether the Fourth Amendment requires the FBI to provide a copy of a sealed affidavit in support of an application for a search warrant to be provided to the property owner at the time of the search. (Question Mot., ECF No. 15).

## Background

Pursuant to 18 U.S.C. § 981, certain property is subject to forfeiture through civil forfeiture proceedings including, but not limited to: property which constitutes or is derived from proceeds traceable to a conspiracy to commit healthcare fraud, 18 U.S.C. § 981(a)(1)(C); property which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of wire fraud, 18 U.S.C. §§ 981(a)(1)(C) and (D)(vi); and property which constitutes or is derived from proceeds traceable to Federal Program Bribery, 18 U.S.C. § 981(a)(1)(C). The government, through a law enforcement agency such as the FBI, may request a seizure warrant from the court authorizing it to seize property subject to civil and/or criminal forfeiture. 18 U.S.C. § 981(b)(2). This includes funds held in a bank account. The FBI may also seek and obtain a warrant to seize property that may contain evidence of a crime it is investigating. Fed. R. Crim. P. 41.

Here, in connection with an ongoing criminal investigation and under seal, the FBI obtained search and seizure warrants issued by Magistrate Judge Kimberly G. Altman on April 15, 2025, (25-mc-51226-17), and Magistrate Judge David R. Grand on April 22, 2025, (25-mc-50449-4 and 25-mc-50449-5), for all the property at issue.[2] Plaintiff now asks that the Court force defendant to produce the sealed documents related to those warrants prior to any discovery being authorized by this Court, (Produc. Mot., ECF No. 16, PageID.170), or alternatively, determine that the Fourth Amendment requires that such information be provided to him, (Question Mot., ECF No. 15, PageID.145).

## Argument

The Court should deny plaintiff's motion to compel because discovery is not appropriate in this case. Further, the Court should not grant plaintiff's motion for determination of constitutional question because there is no question that the FBI satisfied the Fourth Amendment here.

**I.    The Court Should Deny Plaintiff's Motion for Production**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial

---

[2] The FBI obtained an amended seizure warrant as to the van on June 25, 2025, signed by Magistrate Judge Altman, because the original warrant for the van (identified in the application and accompanying affidavit in support) erroneously stated it was to seize funds held at JP Morgan Chase. (25-mc-50449-4 Amended).

3

disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Conferences pursuant to Rule 26(f) typically do not occur until after the defendant answers and the Court sets a date for a scheduling conference. *See* Fed. R. Civ. P. 26(f)(1). The parties have not conferred pursuant to Rule 26(f) and there is no rule, stipulation, or order, permitting discovery at this time. Therefore, plaintiff's request for discovery is inappropriate.

In addition, the only way to obtain documents from an opponent in litigation is through a request for production served under Rule 34. *See* Fed. R. Civ. P. 34. Once a party serves discovery, the recipient has 30 days to respond. *See* Fed. R. Civ. P. 34(b)(2)(A). And a motion to compel may only be filed after a "good faith" attempt to resolve any discovery disputes. *See* Fed. R. Civ. P. 37(a)(1); E.D. Mich. LR 37.1. However, plaintiff has not served any discovery requests in this case. There are no responses that he could seek to compel under Rule 37. Further, district courts have broad discretion to prohibit discovery while a motion to dismiss is pending. *See Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Defendant will, pursuant to the Court's August 5 Order, be filing a motion to dismiss on or before Friday, August 29, 2025.

Finally, plaintiff seeks to obtain documents that are under seal. The documents were sealed by order of the court, which "has supervisory power over its own records and files," and may deny access to them "where court files might [] become a vehicle

4

for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Proceedings for the issuance of search warrants are not open proceedings, and thus no First Amendment right of access attaches to them. *Baltimore Sun Co. v. Goetz*, 886 F.2d. 60, 64–65 (4th Cir. 1989) (citing *Franks v. Delaware*, 438 U.S. 154, 169 (1978) and *United States v. United States Dist. Court*, 407 U.S. 297, 321 (1972)).

If discovery becomes appropriate in this case and plaintiff still requests the sealed documents, then the Court can determine whether such documents should remain sealed; "but the need for sealing [search warrant] affidavits may remain after execution and in some instances even after indictment." *Id.* at 65. However, this Court should not be making that determination at this stage of these proceedings. Plaintiff's premature motion for production should be denied.

## II. The Court Should Deny Plaintiff's Motion for Determination of Constitutional Question

The purported constitutional question raised by the defendant — whether a homeowner should be entitled to determine whether probable cause has been established to search their home in real time during the execution of a judicially authorized search warrant — is not, in fact, an open question of law.

It is not up to the plaintiff, or any member of the public, to determine whether probable cause exists for the issuance of search and seizure warrants; that is a function of the judiciary, and it was done here. *California v. Carney*, 471 U.S. 386,

5

390 (1985) ("The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' This fundamental right is preserved by a requirement that searches be conducted *pursuant to a warrant issued by an independent judicial officer*." (emphasis added)); *see* 25-mc-51226-17, 25-mc-50449-4, and 25-mc-50449-5. The Fourth Amendment protects against *unreasonable* searches and seizures, not *all* searches and seizures.

Further, there is no rule that a search warrant must be accompanied by the affidavit, particularly a sealed affidavit, used to support its issuance at the time it is executed. Case law cited by plaintiff plainly states as such. *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 443–44 (6th Cir. 2006) ("The salient point is that [*Groh v. Ramirez*, 540 U.S. 551 (2004)] did not establish a one-size-fits-all requirement that affidavits must accompany all searches to prevent a lawfully authorized search from becoming a warrantless one. Neither can we accept plaintiffs' last contention—that the Constitution demands that agents leave incorporated affidavits (or authenticated summaries of them) at the scene of the search on pain of the search being treated as warrantless. . . . [P]laintiffs have [also] not identified any case law establishing that the failure to leave a sealed affidavit with the warrant violates Rule 41(f).").

6

If probable cause had not been established, search and seizure warrants would not have been issued. But they were issued, because it was. Courts do not review probable cause determinations sua sponte, on motion of the plaintiff in a civil suit brought by the plaintiff. Instead, the appropriate venue for such a challenge would be in the course of criminal proceedings or civil forfeiture proceedings related to those searches and seizures, neither of which have been initiated by the government. *See Brown v. United States*, 411 U.S. 223, 229 (1973) ("[T]here is no standing to contest a search and seizure where, as here, the defendants . . . were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure."); *United States v. Certain Real Property Located at 2323 Charms Road, Milford Twp.*, 726 F. Supp. 164, 167 (E.D. Mich. Dec. 5, 1989) ("It follows, then, that a claimant must have an opportunity to contest the validity of a seizure warrant and the seizure itself in a civil forfeiture action brought by the government."). Plaintiff's motion should be denied.

## Conclusion

Defendant respectfully requests that the Court deny plaintiff's motions for production and determination of constitutional question.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Jerome F. Gorgon, Jr.<br>United States Attorney |
|  | s/ Michael El-Zein<br>Michael El-Zein (P79182)<br>Assistant U.S. Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-9770 |
| Dated: August 8, 2025 | michael.el-zein@usdoj.gov |

## Certificate of Service

I hereby certify that on August 8, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In addition, I certify that Molly Anderson, Contractor assigned to the Civil Defensive Litigation Unit of the United States Attorney's Office, sent the foregoing via U.S. mail on August 8, 2025, to the following:

>Lonnie L. Griffin
>18779 Huntington Ave.
>Harper Woods, MI 48225

>s/ Michael El-Zein
>Michael El-Zein
>Assistant U.S. Attorney