**IN THE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

F I L E D

AUG 2 8 2025

CLERK'S OFFICE
DETROIT

Lonnie L. Griffin, )
Key to Life Transport, LLC, )
    Plaintiffs, )
)
vs. )
)
)
)
Federal Bureau of Investigation, )
    Defendant, *et al.* )

Case: 2:25-cv-11267
Honorable Judge: Goldsmith, Mark A.
Magistrate Judge: Patti, Anthony P.

## PLAINTIFF'S REPOSE TO DEFENDANTS
## 8/15/2025 MOTION TO DISMISS

Pursuant to this Courts 8/15/2025 Order (R.E. 21), Plaintiff Lonnie L. Griffin, *et al.*, ("Plaintiff"), in compliance with Local Rule 7.1 files this Response to Defendant's 8/15/2025 Motion to Dismiss. (R.E. 20).

### PARTIES

1) Plaintiff Lonnie L. Griffin, is an individual resident in the State of Michigan, Wayne County.

2) Key to Life Transport, is a Limited Liability Company, registered with the Michigan Department of Licensing and Regulatory Affairs (LARA), headquartered in the State of Michigan, Wayne County.

3) Defendant Federal Bureau of Investigations (FBI), is a government agency headquartered in Washington, D.C., with field offices located in Detroit, Michigan, Wayne County.

August 28, 2025

Respectfully submitted,

1

Lonnie L. Griffin, *pro se*
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com

**IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Lonnie L. Griffin,                                )
Key to Life Transport, LLC,              )
     Plaintiffs,                               )
                               )
vs.                                                     )     Case: 2:25-cv-11267
                               )     Honorable Judge: Goldsmith, Mark A.
                               )     Magistrate Judge: Patti, Anthony P.
Federal Bureau of Investigation,        )
     Defendant, *et al.*                       )

### BRIEF IN SUPPORT OF PLAINTIFF'S REPOSE
### TO DEFENDANTS 8/15/2025 MOTION TO DISMISS

        Pursuant to this Courts 8/15/2025 Order (R.E. 21), Plaintiff Lonnie L. Griffin, *et*

*al.*, ("Plaintiff"), in compliance with Local Rule 7.1 files this Brief in Response to

Defendant's 8/15/2025 Motion to Dismiss. (R.E. 20).

        The arguments in this Brief encompass three overarching issues:

1) Whether Sovereign Immunity is applicable to the forfeiture action?

        Plaintiff says: No

2) Whether the Civil Asset Forfeiture Reform Act of 2000 precludes this Court
   Exercising from subject-matter jurisdiction?

        Plaintiff says: No

3) Whether the Complaint states any claim upon which relief can be granted?

        Plaintiff says: Yes

## Table of Authorities

| Authority | Page |
|---|---|

*Ashcroft v. Iqbal*,
    556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).......   21

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...........   19

*Culley v. Marshall*,
    601 U.S. 377, 218 L. Ed. 2d 372, 144 S. Ct. 1142 (2024)..................   14

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)...........................   11

*Republic Nat'l Bank v. United States*,
    506 U.S. 80, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992)........................   5

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ......   21

*United States v. Ruiz*,
    536 U.S. 622, 628, 122 S.Ct. 2250,  153 L.Ed.2d 586 (2002)............   5

*United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*,
    461 U.S. 555, 103 S.C.t 205, 76 L.E.d2d 143 (1983).......................   14

*United States v. Salerno*,
    481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)................   8

*United States v. Von Neumann*,
    474 U.S. 242, 244 n. 3, 88 L.Ed.2d 587, 106 S.Ct. 610 (1986).............   14

Circuit/District Court

*Delta Eng'g v. United States,* 41 F.3d 259, 262 n. 2 (6th Cir.1994).................   9

*Dibrell v. City of Knoxville*, 984 F.3d 1156, 1160 (6th Cir. 2021)...................   9

*Flemming v. United States, 2019 U.S. Dist. LEXIS 13327* (E.D. Mich. 2019)...   20

*In re Search of 32900 Five Mile Rd*. 2015 U.S. Dist. LEXIS 76819
(E.D. Mich 2015)...................................................................................................   8

**Table of Authorities(cont'd)**

Authority                                                                 Page

***Karkoukli's, Inc. v. Dohany***, 409 F.3d 279, 283 (6th Cir.2005)........................  11

***Muniz-Muniz v. United States Border Patrol***, 741 F.3d 668 (6th Cir.2013).......  6

**Perfect Frame, LLC v. United States**, 2023 U.S. Dist. LEXIS 157488
(E.D. Mich.2023)..................................................................................  19

***Reed v. Reno***, 146 F.3d 392 (6th Cir.1998)...................................................  7

***Shaw v. United States***, 891 F.2d 602, 603 (6th Cir.1989)................................  19

***Warin v. Director, Dep't of Treasury***, 672 F.2d 590 (6th Cir.1982)....................  7

***Yates v. United States (In re $20,000 in United States Currency)***,
       523 Fed. Appx. 322, 323 (6th Cir.2013)................................................  10

***United States v. Andrews***, 2014 U.S. Dist. LEXIS 185576
       (U.S.D.C., W.D. Mich.(2014)..............................................................  12

***United States v. Hess***, 982 F.2d 181, 184 (6th Cir.1992)..................................  5

***United States v. Louisville & N. R. Co***., 221 F.2d 698, 701 (6th Cir. 1955)............  9

***United States v. Ritchie***,15 F.3d 592, 598 (6th Cir.1994) ....................................  4

***United States v. Search of Music City Mktg., Inc.***, 212 F.3d 920 (6th Cir.2000)......  8

***U.S. v. Sexton***, 894 F.2d 787,798 (6th Cir.2018)................................................  12

***United States v. U. S. Currency***, 626 F.2d 11, 15 (6th Cir.1980)............................  19

***United States v. 31,000.00 in U. S. Currency***, 872 F.3d 342 (6th Cir.2017).............  16

***United States v. 506,069.09 Seized from First Merit Bank***,
       664 Fed Appx. 422, 434 (6th Cir.2016).................................................  13

Statutes/Rules

18 U.S.C. § 981 ..................................................................................... *passim*
18 U.S.C. 983 ....................................................................................... *passim*
Rule 41, Fed.R.Crim.P. .......................................................................... *passim*
Supplemental Rules for Admiralty or Maritime Claims ................................... *passim*

## I.  ARGUMENT

### A. Standard of Review cited by Defendant.

Defendant cites a standard of review for Federal Rules of Civil Procedure, Rule 12(b)(1) motions for lack of subject-matter jurisdiction. (R.E. 20, <u>Defendant's Motion to Dismiss, pg. 4</u>). A citation acknowledging that Rule 12(b)(1) motions invoke a "facial" or "factual" attack before the court. *Ibid*. However, the Motion to Dismiss does not identify by citation, or argument, as to which law no set of circumstances exist under which the law would be subject to a facial challenge. ***United States v. Ritchie***,15 F.3d 592, 598 (6th Cir.1994)("A *facial* attack is a challenge to the sufficiency of the pleading itself."); ***United States v. Salerno***, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).

Likewise, the Motion to Dismiss does not offer any evidence, extrinsic or otherwise, disputing the facts alleged by Plaintiff. ***Ritchie***,15 F.3d at 598 ("A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction."). Consequently, Defendant's request to dismiss pursuant to Rule 12(b)(1) motion should be rejected.

#### 1)  Sovereign Immunity does not act as a jurisdictional bar this case

Notwithstanding the lack of clarity with regards to the motion to dismiss pursuant to Rule 12(b)(1), the Defendant nonetheless asserts sovereign immunity. (R.E. 20, pg. 6). Defendant further claims that "Plaintiff states that the sole basis for jurisdiction is 28 U.S.C. § 1331, which standing alone, does not waive sovereign immunity…." and to that extent, the court does not have "subject matter jurisdiction," (R. E. 20, pgs. 6-11, ¶ 1). Sovereign Immunity is not applicable to the facts and circumstances of this case.

The Constitution creates the federal judicial power and defines the maximum extent of the power: "The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Law of the United States *** to Controversies which the United States shall be a Party ...." (U.S. Const. art. III, § 2).

A federal court always has jurisdiction to determine its own jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628, 122 S.Ct. 2250, 153 L.Ed.2d 586 (2002), citing *United States v. Mine Workers of Am.*, 330 U.S. 258, 291 (1947); But see *Republic Nat'l Bank v. United States*, 506 U.S. 80, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992)("The fictions of *in rem* forfeiture were developed primarily to expand the reach of the courts and to furnish remedies for aggrieved parties (citation omitted), not to provide a prevailing party with a means of defeating its adversary's claim for redress.").

Notwithstanding the equitable nature recognized in *United States v. Hess*, 982 F.2d 181, 184 (6th Cir.1992) that, "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent," [1] Defendant completely ignores that fact that the supplementary <u>Motion for Mathews Hearing</u> invokes The Administrative Procedures Act (APA). (R.E.13). In § 702, the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The waiver of sovereign immunity contained in § 702 applies in cases brought

---

[1] "*In esse*" translates to "in being" or "in actual existence". It signifies a state of being that is real and present, rather than potential or hypothetical.

5

under statutes other than the APA and is not restricted by the requirement of final
agency action that applies to suits under the APA.

In ***Muniz-Muniz v. United States Border Patrol***, 741 F.3d 668 (6th Cir.2013), the
Sixth Circuit rejected the defendant Border Patrol agents assertion that the plaintiff did
not raise an argument under the APA. The ***Muniz-Muniz*** stated: *"Plaintiffs did in fact
raise the argument before the district court. Plaintiffs stated their reliance on § 702 in a
number of pleadings in the district court, although not as clearly as they could have."* [2]
741 F.3d at 672. Further, after rejecting the defendant Border Patrol's statement of the
facts, the ***Muniz-Muniz*** court explicitly held:

> "However, we now join all of our sister circuits who have done so in
> holding that § 702's waiver of sovereign immunity extends to all
> non-monetary claims against federal agencies and their officers
> sued in their official capacity, regardless of whether plaintiff seeks
> review of "agency action" or "final agency action" as set forth in §
> 704."

***Muniz-Muniz***, 741 F.3d at 672. Like ***Muniz-Muniz*** Plaintiff cited to the APA as a basis
for jurisdiction in more than one pleading. See *e.g.*, Motion for Determination of
Constitutional Question. (R.E. 15). Thus, Defendant was clearly put on notice as the
APA's applicability to the factual matters asserted.

Moreover, notwithstanding that Plaintiff invoked the APA, 28 U.S.C. § 1331 also
waives sovereign immunity. In ***Muniz-Muniz,*** the court also recited multiple historical
circumstances where the Government's claim of Sovereign Immunity was waived,
stating:

---

[2] Further, it is well-settled that a document filed *pro se* are "to be liberally construed" and that a pro se
complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings
drafted by lawyers[.]" ***Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081
(2007) (quoting ***Estelle v. Gamble***, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

> "Against the backdrop of this history, our *en banc* court considered the question of whether § 702 is a general waiver of sovereign immunity for suits against the United States in *United States v. City of Detroit*. **We rejected a restrictive reading of § 702 which would have limited the § 702 waiver only to complaints filed under the APA, noting that the Sixth Circuit had previously applied the waiver of sovereign immunity in § 702 in cases under statutes other than the APA."**

*Muniz-Muniz,* 741 F.3d at 673 (emphasis added); citing *United States v. City of Detroit,* 329 F.3d 515, 520 (6th Cir.2003)("The government has waived its immunity with respect to non-monetary claims. *See* Administrative Procedure Act ("APA"), 5 U.S.C. § 702.")(*en banc*).

One such case that "rejected a restrictive reading" of the APA, is *Warin v. Director, Dep't of Treasury,* 672 F.2d 590 (6th Cir.1982), where the District Court dismissed for lack of jurisdiction because the United States had not waived its sovereign immunity defense under § 1331. On appeal, the Sixth Circuit held: "We find that the amended 5 U.S.C. § 702 operates as a waiver of the sovereign immunity defense available under Section 1331. We, therefore, reverse." *Warin,* 672 F.2d 591.

Plaintiff has not sued the F.B.I. in a traditional sense seeking monetary damages; merely the return of property, including money that was seized. So, even if Plaintiff had relied exclusively (which he hasn't) on § 1331, this court would still have "jurisdiction" to decide the matter. To the extent that a defense of Sovereign Immunity is applicable, it does not act as a bar to Plaintiff's claim for the return of property.

The reference to *Reed v. Reno*, 146 F.3d 392 (6th Cir.1998) is indicative of Defendant's problematic interpretation of forfeiture law and is blatantly misplaced. Sharon McGuire, brought an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, alleging that the Bureau of Prisons, a component of the

7

Department of Justice, improperly refused to consider their applications for employment because of their ages. The *Reed* Court noted "McGuire's complaint cites 28 U.S.C. § 1331 as setting forth the requisite jurisdictional basis." 146 F.3d at 397. As to this fact, the court concluded "[o]n its face, McGuire's complaint falls within this court's federal question jurisdiction under 28 U.S.C. § 1331." *Id.* However, the court offered the caveat that § 1331 "does not by its own terms waive sovereign immunity … over claims for money judgments…." *Id.* Because the ADEA, at § 633(b) authorized McGuire to ask to be hired as an employee "with or without backpay as a form relief," (29 U.S.C. § 633(b), concurrent statutory authority was needed for a waiver of sovereign immunity. Because McGuire's complaint was subject to an award of monetary damages, *Reed v. Reno* is distinguishable.

Accordingly, Plaintiff's claims, which are for nonmonetary relief, precludes the application of sovereign immunity.

## B. Equitable Review

### 1) The Motion for Return of Property was properly filed seeking equitable review.

The Defendant asserts that "[t]he Amended Complaint is properly viewed as a Federal Rule of Criminal Procedure 41(g) motion for return of property because plaintiff alleges, he is a person aggrieved by the deprivation of property." (R.E. 20, Defendant's Motion to Dismiss, pg. 5, Argument, ¶ 1). Plaintiff has been aggrieved by the deprivation of property. But, in no pleading did Plaintiff aver reliance on Rule 41. Plaintiff asked the court to exercise its equitable power to review his claims. *Id.* Acting in equity gives the court the power to review Plaintiff's claims for the return of property. *In re Search of 32900 Five Mile Rd*. 2015 U.S. Dist. LEXIS 76819 (E.D. Mich 2015)("A party may bring

8

a Rule 41(g) motion for the return of property prior to the filing of any criminal proceeding. "However, a Rule 41(g) motion brought prior to a criminal proceeding is treated as an action in equity. "A district court's decision to exercise jurisdiction over such a motion is accordingly governed by equitable principles and should be exercised only with "caution and restraint."); compare § 981(a)(3)(motion for return of property).

Nonetheless, "the label which a plaintiff applies to his pleading does not determine the nature of the cause of action." *United States v. Louisville & N. R. Co.*, 221 F.2d 698, 701 (6th Cir. 1955). The question is whether Plaintiff pleads facts that support "at least one viable theory" rather than whether he "expressly plead legal theories" in the complaint. *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1160 (6th Cir. 2021).

Defendant suggest that this court "view" Plaintiff's pleading as a Rule 41(g) motion notwithstanding the filing to the contrary, and in the face of numerous court decisions where "it is well established in [the 6th Circuit] that courts have jurisdiction to hear Rule 41(e) motions in the absence of criminal proceedings." See *e.g, Delta Eng'g v. United States*, 41 F.3d 259, 262 n. 2 (6th Cir.1994), *citing White Fabricating Co. v. United States*, 903 F.2d 404, 408 (6th Cir. 1990)("The language of the rule may be read implicitly to authorize such motions to be made in the district court *before* a criminal prosecution has begun. *** "The courts which have found jurisdiction appropriate under inherent or equitable principles emphasize that such jurisdiction should be accepted only with caution and restraint. We hold that there is jurisdiction under the circumstances of this case, but we establish no *per se* rule to this effect.")(italics in original); *United States v. Search of Music City Mktg., Inc.*, 212 F.3d 920 (6th

9

Cir.2000)("There is no criminal indictment or proceeding pending against Music City. Thus, Music City's Rule 41(e) motion for the return of its property was really in the nature of a civil proceeding invoking the court's equitable powers, rather than a criminal proceeding."). For this reason, the amendment complaint is not, and should be recharacterized as a Rule 41(g) motion. Accordingly, this Court has "jurisdiction" over the complaint, and related pleadings.

### 2) Civil Asset Forfeiture Reform Act (CAFRA) does not preclude subject-matter jurisdiction.

Defendants also asserts that CAFRA precludes subject-matter jurisdiction because notice of forfeiture was sent to Plaintiff. (R.E. 20, pg.7, b). But, merely because notice of forfeiture was sent, does not deprive the court of subject-matter jurisdiction. *Yates v. United States (In re $20,000 in United States Currency)*, 523 Fed. Appx. 322, 323 (6th Cir.2013)("In addition, we have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice."). CAFRA, at § 983 (a)(1)(A)(i) does indicate that "proper notice" must be sent. *Id.* However, Congress did not proscribe what "proper notice" means, or set forth any criteria for what a "notice" must contain to be considered "proper notice." But, by way of its own regulation, the Defendant has set forth that:

> "Such notice *need only contain the following*:
>
> *1)* the date when the personal written notice is sent;
> *2)* a description of the seized property;
> *3)* the deadline for filing a claim, (at least 35 days after the personal written notice is sent);
> *4)* the date,
> *5)* statutory basis, and
> *6)* place of seizure;
> *7)* the identity of the appropriate official of the seizing agency and address where the claim must be filed; and

10

> ***8)*** a description of the seized property. [sic] #2
>
> 28 C.F.R. § 8.9(b)(2). ***All the required information is part of the defendant's standard notice form and was provided to plaintiff."***

(R.E. 14, pg. 7, ¶ 2)(emphasis added). This Court should not defer to the F.B.I. that the "proper notice" contemplated by Congress pursuant to § 983(a), and the Due Process Clause is the notice which the F.B.I. believes "need only contain…."  (§ 8.9(b)(2)).

It is this self-serving regulation (28 C.F.R. § 8.9) that is the subject of Plaintiff's Fifth Amendment Due Process claims. By Defendant's own admission, the regulation, and by extension, the notice, fails to inform Plaintiff of the essential acts or omissions that subjects his property to forfeiture; *e.g.,* that the property was traceable to a violation of federal law.[3] As a result, the Administrative Forfeiture Notices sent to Plaintiff were not "proper," and are deficient as a matter of well-established law.

In ***Mullane v. Cent. Hanover Bank & Trust Co.,*** 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), the Supreme Court established the doctrine for proper notice. The ***Mullane*** Court held:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  ***

***Mullane,*** 339 U.S. at 315 (citations omitted). "The 'reasonably calculated' standard is now widely accepted as the benchmark for resolving questions about the constitutionality of notice *procedures*." ***Karkoukli's, Inc. v. Dohany,*** 409 F.3d 279, 283 (6th Cir.2005)(citing ***Mullane***). These general principles are well-established for the

---

[3] Even now, in each of its responsive pleading, Defendant alludes to a violation of a federal statute, but has not cited which statute the violation or forfeiture is premised.

"procedures," but there are no bright-line rules regarding how many details the notice must include. **Mullane** held that "[]t]he notice must be of such nature as reasonably to convey **the required information**...." 339 U.S. at 315. (Emphasis added).

The sufficiency, or "proper notice" requires a fact-based analysis to determine whether the notice sufficiently informed the Plaintiff of the allegations against him, or his property, and provide a means for responding to the allegations. **Mullane** ("But if with due regard for the practicalities [facts] and peculiarities [particulars] of the case these conditions are reasonably met, the constitutional requirements are satisfied. The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals."), *ibid*. The Defendant's "standard notice form" did not convey to Plaintiff "*the required information.*" **Mullane**, *supra*.

Under 18 U.S.C. § 981, the relevant statute, the facts are whether the "proceeds" are traceable to a prohibited federal violation. **United States v. Andrews**, 2014 U.S. Dist. LEXIS 185576 (U.S.D.C, W.D. Mich.(2014)("The language of the statute that opens the door to any forfeiture at all in a case like this limits forfeiture to "proceeds" of the wrongdoing, 18 U.S.C. § 981(a)(1)(C)."). The administrative forfeiture notices indicate that the seizures were authorized under § 981(C). Section 981(C) has over 200 predicate federal offenses that may support a forfeiture under that subsection. Many of which requires a "traceable" connection between the seized property and the predicate federal offense. See **U.S. v. Sexton**, 894 F.2d 787,798 (6th Cir.2018)("The civil forfeiture statute, 18 U.S.C. § 981(a)(1)(C permits the forfeiture of "proceeds

traceable to a violation of section . . . of this title . . . or a conspiracy to commit such offense.").

Per *Mullane, supra,* the notice sent to Plaintiff does not "reasonably convey" the required information, "with due regard for the practicalities" (facts) and "peculiarities" (individualities) inherent to a civil forfeiture under § 981(C), which "authorizes the forfeiture of property "derived from proceeds traceable to" a qualifying criminal violation." *United States v. 506,069.09 Seized from First Merit Bank*, 664 Fed Appx. 422, 434 (6th Cir.2016). Pursuant to the unambiguous language of § 981(a)(1)(C), the absence of a traceable connection between the federal offense and the property precludes forfeiture pursuant to § 981(a)(1)(C).

The administrative forfeiture notices sent to Plaintiff do not convey a single fact that would permit Plaintiff to understand the theory of forfeiture, undertake an adequate investigation into whether the property is "traceable" to a violation of federal law or, admit or deny that the property is subject to forfeiture pursuant to § 981(a)(1)(C). It stands to reason that the sending of the administrative forfeiture results from Defendant's patently flawed application of § 981(a)(1)(C).

Indeed, according to the Code of Federal Regulations, the administrative forfeiture notice is insufficient on its face. See *e.g.,* 19 C.F.R. § 162.31(a)(b)). Because the sent administrative forfeiture notices (created by the Defendant), did not inform Plaintiff of any fact(s) indicting that the seized property was traceable to a "particular" federal violation, contrary to the well-established opinion announced in *Mullane v. Cent. Hanover Bank & Trust Co, supra,* the notices violate the Fifth Amendment's Due Process Clause.

13

Moreover, CAFRA does not speak to, or "anticipate" a constitutional challenge on Due Process grounds.[4] Indeed, § 983 is only "the exclusive remedy for seeking to set aside a **declaration of forfeiture** under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

For this reason, § 983 does not provide an adequate remedy at law.

### 3) The Supplemental Rules for Admiralty or Maritime Claims are not properly before this court.

To the extent Plaintiff understands Defendants motion to dismiss correctly, Defendant avers that the court does not have subject-matter jurisdiction over the forfeiture proceedings, supposedly because Civil Asset Forfeiture Reform Act (CAFRA), "... provide[s] a more just and uniform procedure for Federal civil forfeitures." (R.E. 20, pg. 7, sec. b ¶ 1). As follows, "CAFRA, along with the Supplemental Rule, contains numerous due process protections that anticipate and address constitutional concerns plaintiff attempts to raise here...." *Id.* ¶ 2. But all of the counsel's arguments rest on

---

[4] Illustrative that CAFRA did not eliminate the right to challenge administrative forfeitures on Due Process grounds, is the Supreme Court decision in *Culley v. Marshall*, 601 U.S. 377, 144 S. Ct. 1142, 218 L. Ed. 2d 372 (2024)("The majority's holding relates only to retention hearings. It does not foreclose other potential due process challenges to civil forfeiture proceedings. People who have their property seized by police remain free to challenge other abuses in the civil forfeiture system. For instance, such claimants could challenge notice of a forfeiture posted only in a newspaper, the lack of a neutral adjudicator at an initial hearing, or the standard of proof necessary to seize a car. Lower courts remain free to apply *Mathews* to those claims."), Justice Sotomayor, with whom Justice Kagan and Justice Jackson join, dissenting. 601 U.S.at 414. (citation omitted); see *Bell v. Cnty. of Wayne*, 2025 U.S. Dist. LEXIS 46008, Mich. E. Dist. Court ("*Culley* reaffirmed that forfeiture claimants may bring a due process cause of action for unreasonable delays in their forfeiture proceedings."). But see § 981(a)(3)(where to file a motion for return of property). A Mathews hearing should be held to review the APA, authorizes review of the F.B.I.'s regulations and deficient administrative notice on Due Process grounds.

Additionally, *Cully v. Marshall*, *supra*, cited **$8,850 and Von Neumann,** *infra*, with approval ("Ultimately, we need not reweigh the competing due process arguments advanced by the parties because this Court's decisions in *United States v. $8,850*, 461 U. S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983), and *United States v. Von Neumann*, 474 U. S. 242, 106 S. Ct. 610, 88 L. Ed. 2d 587 (1986), already resolved the issue."), 601 U.S. at 385-86.

flawed assumptions about the structure of § 983 including, but not limited to, the applicability of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Firstly, it is only *after* a judicial complaint for forfeiture has been filed that the Supplemental Rules for Admiralty or Maritime Claims governs the forfeiture process. (18 U.S.C. § 983 (a)(3)(A)). And the filing of a complaint for forfeiture rests upon the Government, not Plaintiff. See § 983(a)(4)(A):

> "In any case in **which the Government files** in the appropriate United States district court **a complaint for forfeiture of property**, any person claiming an interest in the seized property **may** file a claim asserting such person's interest in the property in the manner set forth in the <u>Supplemental Rules for Certain Admiralty and Maritime Claims</u>, except that such claim may be filed not later than 30 days after the **date of service of the Government's complaint** or, as applicable, not later than 30 days after the date of final publication of **notice of the filing of the complaint**."

(18 U.S.C. § 983(a)(4)(A)(emphasis added). The Government did not need to wait until Plaintiff files a claim to initiate the judicial forfeiture *via* a judicial complaint.[5]

To accept Defendant's logic presupposes the U.S. Attorney will automatically file a judicial complaint for forfeiture in every case where a claim has been filed with the seizing agency. But § 983 proscribes a contrary supposition. (18 U.S.C. § 983(a)(3)(B). Every Due Process violation for insufficient or improper notice would depend on the U.S. Attorney filing a judicial complaint for forfeiture. Constitutional challenges should not be actionable or not, at the whim of a filing decision by the U.S. Attorney.

Secondly, "Rule G(2) requires, among other things, that the government file a verified complaint that "describe[s] the property with reasonable particularity,"

---

[5] The Supreme Court in **$8,850** and **Von Neumann**, *infra*, both anticipated that the Government would file a judicial complaint for forfeiture if the claimant asks that court to exercise its equitable power to return the property.

"identif[ies] the statute under which the forfeiture action is brought," and "state[s] sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(a)—(f)." *United States v. 31,000.00 in United States Currency*, 872 F.3d 342, 347 (6th Cir.2017).

Thirdly, Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims presupposes that a complaint for forfeiture is filed in the District Court under Rule G(2) . "A person who asserts an interest in the defendant property *may* contest the forfeiture by filing a claim *in the court where the action is pending*." (G)(5)(a)(i) – *Filing a claim.* (emphasis added).

Finally, "Rule G(5) outlines how a claimant *may become a part of the case* and requires a would-be claimant to file two pleadings." *31,000.00, supra,* 872 F.3d at 347. (emphasis added). The Government did not file a judicial forfeiture complaint, instead elected to proceed with an administrative forfeiture and cannot now assert *what* procedure(s) the Supplemental Rules for Admiralty or Maritime Claims may have provided, or that Plaintiff could have filed motion(s) "to test the legal sufficiency of the government's theory." (R.E. 20, pg. 8).[6] The Supplemental Rules for Admiralty or Maritime Claims are not applicable until the Government files the complaint for forfeiture. *Id.* Thus, the Supplemental Rules are not properly before this court.

### a) Plaintiff's equitable motion for return of property put the Government on notice to file a judicial forfeiture complaint.

Plaintiff filed his initial complaint for return of property on May 1, 2025. (R.E. 1). That complaint, and the subsequent first amended complaint (R.E.5) effectively put the

---

[6] Notably, the Government has yet to specifically state what it's "theory necessitating forfeiture" is; merely that that forfeiture is pursuant to 18 U.S.C. § 981(C).

Government on notice as to Plaintiff's intention to contest the seizure and attempted forfeiture of the property. In *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 103 S.C.t 205, 76 L.E.d2d 143 (1983), the Supreme Court of the United States stated:

> "A claimant is able to trigger rapid filing of a forfeiture action if he desires it. First, the claimant can file an *equitable action seeking an order compelling the filing of the forfeiture action* or *return of the seized property."*

461 U.S. at 569 (emphasis added). The filling of an equitable action asking for the return of property is exactly what Plaintiff did. Instead of acting as a "trigger," neither the filing of the equitable complaint, or the first amended complaint, induced a "rapid filing" of judicial complaint for forfeiture by the Defendant. Instead, the F.B.I. waited approximately 50 days and commenced an administrative forfeiture. It is pure sophistry that the Government now avers that Plaintiff did not "trigger" the filing of a judicial complaint for forfeiture by not filing a claim to the property with the F.B.I.

Under Defendant's circular reasoning, filing a claim with the F.B.I. presupposes the U.S. Attorney will automatically file a judicial complaint for forfeiture in the district court, thereby permitting Plaintiff with an opportunity to file an answer or motion to dismiss, to test the constitutionality validity of the administrative forfeiture notice. The Defendant's reasoning may make sense(somewhat) if the Defendant had filed a judicial complaint for forfeiture, as opposed to an administrative forfeiture. (18 U.S.C. § 983(a)(1)(A)(ii)). Only after the U.S. Attorney files a judicial complaint for feature, does the Supplemental Rules for Certain Admiralty and Maritime Claims establish the required procedure. (18 U.S.C. § 983(a)(4)(A) and (B)).

17

The Defendant's interpretation of CAFRA relies on a procedural course of actions that are not mutually exclusive, but would nevertheless render meaningless Supreme Court precedent that a claimant "is able to trigger rapid filing of a forfeiture action" by "fil[ing] an equitable action seeking an order compelling the filing of the forfeiture action or return of property. *$8,850, supra.* The equitable "trigger" event was later reaffirmed by the Supreme Court in *United States v. Von Neumann*, 474 U.S. 242, 244 n. 3, 88 L.Ed.2d 587, 106 S.Ct. 610 (1986)("The claimant may trigger the Government's initiation of forfeiture proceedings. In *United States* v. *$ 8,850*, 461 U.S. 555, 569 (1983), we noted: "A claimant is able to trigger rapid filing of a forfeiture action if he desires it. First, the claimant can file an equitable action seeking an order compelling the filing of the forfeiture action or return of the seized property." Less formally, the claimant could simply request that the Customs Service refer the matter to the United States Attorney.)(citation omitted). Accordingly, an equitable filing has similar characteristics to filing a claim with the agency. *$8,850* and *Von Neumann, supra.* That the Government took the "less formal" approach by pursuing an administrative forfeiture does not vitiate Plaintiff complaint for the return of property.

As argued, there is no requirement that Plaintiff must dictate the initiation of a judicial forfeiture complaint; however, Plaintiff did by filing the equitable complaint.[7] Had the Government wanted Plaintiff to become part of the case and respond according to the Supplemental Rules for Certain Admiralty and Maritime Claims, a judicial complaint

---

[7] Also see 18 U.S.C. § 981(b)(3) – "Any motion for the return of property seized under this section shall be filed in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized."

should have been filed. Compare *31,000.00 in United States Currency*; with *Von Neumann*, 474 U.S. at 244 ("He may pursue an administrative remedy under 19 U. S. C. § 1618 (1982 ed., Supp. III), which vests in the Secretary of the Treasury the discretionary authority to mitigate or remit the penalty or forfeiture, or he may challenge the seizure in a judicial forfeiture action *initiated* by the Government.")(emphasis added).

The filing of a judicial forfeiture complaint by the U.S. Attorney is a threshold action required of the Defendant. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir.1989); **Perfect Frame, LLC v. United States**, 2023 U.S. Dist. LEXIS 157488 (E.D. Mich.2023)("[T]he rules set forth in CAFRA pertaining to administrative forfeitures is inapplicable to the" judicial complaint for forfeitures). For this reason, the Supplemental Rules for Certain Admiralty and Maritime Claims are not applicable.

### 4) Plaintiff stated a "plausible" claim upon which relief can be granted.

Defendant asserts that "Plaintiff has Failed to State a Claim for which Relief can be Granted." (R.E. 20, II). Defendant's "failure to state a claim" argument is inaccurate.

The complaint must state "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The issue is not whether a Plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims.

First of all, discovery has not been completed. (R.E. 16). "[U]under the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged." Fed.R.Civ.P. 26(b)(1)." *United States v. U. S. Currency*, 626 F.2d 11, 15 (6th Cir.1980).

Clearly, the complaint has stated one or more plausible claims for which relief may be granted. *Flemming v. United States, 2019 U.S. Dist. LEXIS 13327* (E.D. Mich. 2019)("A district court grants a Rule 12(b)(6) motion only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."). *For example*, in First Amended Complaint Plaintiff asserted that the seizures were unreasonable, contrary to the Fourth Amendment. (R.E. 5, pgs. 11-15). *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.").

Likewise, the pleading asserted that the funds seized from the Chase bank accounts were not authorized by a valid search or seizure warrant, were not traceable to a violation of a federal offense, and was in callous disregard for Plaintiff's constitutional rights. (R.E. 5, pg. 11¶ c, pg. 20). To these claims, Defendant has offered information, *but not proof*, that a warrant was procured to seize the funds from the accounts. (R.E. 14). However, to date, no warrant, inventory, or other information has been provided to Plaintiff with respect to the seizure of the bank accounts.

Additionally, Plaintiff alleged "neither a grand jury or judge of this court, has made a finding of probable cause that the funds in the bank accounts "constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of" any offense," and "the F.B.I. erred in with the seizure, or otherwise believed the funds "constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of" an offense." (R.E. 1, pg. 20).

20

Moreover, Plaintiff asserted that the 2024 Ford Transit Van was seized without a valid warrant. (R.E. 5, pg. 14-15, ¶ d]. Besides that, "the seizure was unreasonable, and shows a callous disregard for Griffin's Fourth Amendment rights to be free from unreasonable seizures (U.S. Const. Amend.4), and the Fifth Amendment's right to Due Process." *Id. Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Twombly*, *supra*.

The Government has now admitted that the 2024 Ford Transit Van was seized without a valid warrant at the time of seizure. (R.E. 20, Introduction n. 2). The admission by the Government is a material fact that substantially affects the outcome of Plaintiff's claim that the seizures were unreasonable, and the failure to produce the warrants, affidavits, or other information, was unconstitutional. *Scheuer v. Rhodes*, *supra*, ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). 416 U.S. at 236. Also See (R.E.15 – <u>Motion for Determination of Constitutional Question</u>).[8]

Thus, the First Amended Complaint alleges one or more plausible claims on its face that precludes dismissal pursuant to Rule 12(b)(1).

---

[8] The Defendant asserts that the legal papers seized "are currently held as evidence in an ongoing criminal investigation." (R.E. 20, pg. 11-12). The fact that some of the documents are official Probate court records, and others related to a separate civil matter that Plaintiff was engaged in against the Michigan State Police, *et al.*, suggests that those papers have little, to no evidentiary value to the F.B.I. And, even if they do, a copy should suffice. See *e.g.*, *Sovereign News Co. v. United States*, 690 f.2D 569 (6TH Cir.1982) ("We agree that the government has a right to copy documents lawfully in its possession.").

## CONCLUSION

WHEREFORE, based upon the above, the Plaintiff respectfully asks the court to:

1) deny Defendant's motion to dismiss in its entirety;

2) set the matter for immediate hearing and take evidence on the jurisdictional question;

3) review and determine any constitutional, statutory, and regulatory questions presented *via* of Plaintiff's pleadings;

4) review and determine the applicability and/or meaning of any statutory, regulatory, or administrative laws, rules or policies inherent with the constitutional question.

August, 28, 2025

Respectfully submitted,

Lonnie L. Griffin, *pro se*
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com

Key to Life Transport
P.O. Box 266
Warren, MI 48090
(313)826-9515
keytolifetransport@gmail.com

22

## CERTIFICATE OF SERVICE

I, Lonnie L. Griffin, declare under penalty of perjury under the laws of the United States of America that the foregoing **PLAINTIFF'S REPOSE TO DEFENDANTS 8/15/2025 MOTION TO DISMISS W/BRIEF IN SUPPORT** has been delivered to the United States Attorney's Office, Detroit Main Office, 211 W. Fort Street, Suite 2001, Detroit, MI, 48226, addressed to: Michael El-Zein, AUSA, by depositing the same in the U.S. Postal Mail, this 28th day of August 2025.

/s/ _Lonnie L. Griffin_
Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com


Key to Life Transport
P.O. Box 266
Warren, MI 48090
(313)826-9515
keytolifetransport@gmail.com