United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

    Plaintiff,

v.

Federal Bureau of Investigation,

    Defendant.

Civil No. 25-11267

Honorable Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

# Defendant's Response to Plaintiff's Motions for Constitutional Question and Equitable Tolling

On August 18, 2025, plaintiff filed motions for a determination of constitutional question, (Question Mot., ECF No. 22), and Equitable Tolling of Administrative Forfeiture, (Tolling Mot., ECF No. 23). Defendant submits the attached brief in response to the plaintiff's motions and respectfully requests that the Court deny plaintiff's requests for determination of constitutional question and equitable tolling because the Court lacks jurisdiction to hear this matter, the purported question fails to account for the entire administrative forfeiture process, and tolling the administrative forfeiture process now will not impact plaintiff given his failure to file a claim or otherwise engage with the administrative forfeiture process in a timely fashion.

                                          Respectfully submitted,

                                          Jerome F. Gorgon, Jr.
                                          United States Attorney

                                          s/ Michael El-Zein
                                          Michael El-Zein (P79182)
                                          Assistant U.S. Attorney
                                          211 W. Fort Street, Suite 2001
                                          Detroit, Michigan 48226
                                          (313) 226-9770
Dated: August 29, 2025                michael.el-zein@usdoj.gov

United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

    Plaintiff,

v.

Federal Bureau of Investigation,

    Defendant.

Civil No. 25-11267

Honorable Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

---

## Defendant's Brief in Response to Plaintiff's Motions for Determination of Constitutional Question and Equitable Tolling

---

## Issues Presented

I. Should the Court deny plaintiff's motions when it lacks jurisdiction to hear the underlying complaint?

II. Should the Court deny plaintiff's motion for determination of constitutional question when it fails to account for the entire administrative forfeiture process?

III. Should the Court deny plaintiff's motion for equitable tolling when he has already missed his deadline for filing?

3

## Table Of Contents

Table Of Contents ..................................................................................................5

Introduction ...........................................................................................................6

Background ...........................................................................................................7

Argument ..............................................................................................................8

    I.    The Court Should Deny Plaintiff's Motions for Lack of Jurisdiction ..........8

    II.    The Court Should Deny Plaintiff's Motion for Determination of Constitutional Question................................................................................9

    III.    The Court Should Deny Plaintiff's Motion for Equitable Tolling Because His Time for Filing Has Already Passed .......................................................9

Conclusion ..........................................................................................................10

Certificate of Service ..........................................................................................11

# Table Of Contents

**Cases**

*$8,050.00 in U.S. Currency v. United States*,
    307 F. Supp. 2d 922 (N.D. Ohio 2004) ............................................................... 9

*Reed v. Reno*, 146 F.3d 392 (6th Cir. 1998) ........................................................... 8, 9

**Statutes**

18 U.S.C. § 981 ........................................................................................................ 7

18 U.S.C. § 981(a)(1)(C) ......................................................................................... 7

18 U.S.C. § 981(b)(2) .............................................................................................. 7

18 U.S.C. § 981(D)(vi) ............................................................................................ 7

18 U.S.C. § 983(a)(2) – (3) ...................................................................................... 9

**Rules**

Fed. R. Crim. P. 41 .................................................................................................. 7

**Introduction**

Plaintiff in this case is an individual whose purported property was subject to seizure by defendant, the FBI. Plaintiff filed a First Amended Emergency Civil Complaint for Return of Property on May 27, 2025, stating that the FBI made "unreasonable seizures" of his property (cell phones and funds from multiple bank accounts) and property in his custody and control (legal papers and a van), asking that it be returned. (Am. Compl., ECF No. 5, PageID.32). On June 30, 2025, plaintiff filed a motion for preliminary injunction asking the Court to stop the FBI from moving forward with its administrative forfeiture proceedings against the funds seized from bank accounts. (Prelim. Inj. Mot., ECF No. 10). On July 14, 2025, plaintiff filed a motion for *Mathews* hearing, asking the Court to opine on the legality of federal administrative forfeiture writ large. (*Mathews* Mot., ECF No. 13). Plaintiff then filed two additional motions: one asking for the production of documents, (Produc. Mot., ECF No. 16, PageID.167); and the other asking the Court to determine whether the Fourth Amendment requires the FBI to provide a copy of a sealed affidavit in support of an application for a search warrant to be provided to the property owner at the time of the search, (Question Mot., ECF No. 15).

On August 15, 2025, defendant filed a motion to dismiss these proceedings. (Mot. To Dismiss, ECF No. 20). Plaintiff now files his fifth and sixth motions in this case. For the reasons set forth below, they should be denied, and the Court should

require plaintiff to seek leave to file any additional motions before the Court rules on the pending motion to dismiss.

**Background**

Pursuant to 18 U.S.C. § 981, certain property is subject to forfeiture through civil forfeiture proceedings including, but not limited to: property which constitutes or is derived from proceeds traceable to a conspiracy to commit healthcare fraud, 18 U.S.C. § 981(a)(1)(C); property which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of wire fraud, 18 U.S.C. §§ 981(a)(1)(C) and (D)(vi); and property which constitutes or is derived from proceeds traceable to Federal Program Bribery, 18 U.S.C. § 981(a)(1)(C). The government, through a law enforcement agency such as the FBI, may request a seizure warrant from the court authorizing it to seize property subject to civil and/or criminal forfeiture. 18 U.S.C. § 981(b)(2). The FBI may also seek and obtain a warrant to seize property that may contain evidence of a crime it is investigating. Fed. R. Crim. P. 41. In connection with an ongoing criminal investigation and under seal, the FBI obtained search and seizure warrants issued by Magistrate Judge Kimberly G. Altman on April 15, 2025, (25-mc-51226-17), and Magistrate Judge David R. Grand on April 22, 2025, (25-mc-50449-4 and 25-mc-50449-5), for all the property at issue.

Plaintiff now asks the Court to determine something related to the Eighth Amendment (it is unclear to defendant), (Question Mot., ECF No. 22, PageID.254 (asking the Court to "review and determine the constitutional presented" and "the applicability and/or meaning of any statutory, regulatory, or administrative laws, rules or policies inherent with the constitutional question")), and to equitably toll the FBI's administrative forfeiture proceedings, (Tolling Mot., ECF No. 23, PageID.263).

## Argument

The Court should deny plaintiff's motions because the Court lacks jurisdiction to address the underlying complaint. Additionally, plaintiff fails to account for the primary administrative forfeiture adjudication process in raising his purported constitutional question (the claim process), and thus the motion should be denied even if the Court had jurisdiction to hear it. Finally, plaintiff has already missed the deadline to file a claim or take other action in the administrative forfeiture proceedings and so there is no equitable reason to toll them.

### I. The Court Should Deny Plaintiff's Motions for Lack of Jurisdiction

As explained in detail in the defendant's motion to dismiss, the Court lacks jurisdiction to consider this case because the plaintiff has not shown a waiver of sovereign immunity. (Mot. to Dismiss, ECF No 20, PageID.240–41); *see generally Reed v. Reno*, 146 F.3d 392 (6th Cir. 1998). Even if he had, the Court would still lack jurisdiction due to CAFRA. *Id.* at PageID.241–45; *see, e.g.*, *$8,050.00 in U.S.

8

*Currency v. United States*, 307 F. Supp. 2d 922, 926 (N.D. Ohio 2004). Accordingly, the present motions should be denied.

## II. The Court Should Deny Plaintiff's Motion for Determination of Constitutional Question

The purported constitutional question is unclear. But the plaintiff completely ignores the claims process of administrative forfeiture proceedings in his motion, instead once again focusing on requests for remission or mitigation. The primary way to contest an administrative forfeiture is through a claim. 18 U.S.C. § 983(a)(2) – (3). The Court cannot possibly address the plaintiff's "constitutional question" as it applies to "any statutory, regulatory, or administrative laws, rules or policies," (Question Mot., ECF No. 22, PageID.254), without consideration of the claims process. Plaintiff's failure to address the primary resolution mechanism for administrative forfeitures should, standing alone, result in denial of the motion.

## III. The Court Should Deny Plaintiff's Motion for Equitable Tolling Because His Time for Filing Has Already Passed

The plaintiff has already provided this Court with a copy of the administrative forfeiture notice showing his claim filing deadline of July 25, 2025. (Prelim. Inj. Mot., ECF No. 10, PageID.82, 86 ("A claim must be filed within 35 days of the date of this letter . . . on July 25, 2025.")). The deadline for filing provided to the general public is irrelevant because plaintiff was provided direct notice and has already confirmed that the notice was received. *Id*. His deadline is not August 26, 2025 – it

9

was July 25, 2025. *Id.* Tolling the administrative forfeiture proceedings now would not impact the plaintiff, as his time for filing has already come and gone. The Court should therefore deny the plaintiff's motion for equitable tolling.

## Conclusion

Defendant respectfully requests that the Court deny plaintiff's motions for want of jurisdiction, or alternatively, for the reasons set forth above.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

s/ Michael El-Zein
Michael El-Zein (P79182)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9770
Dated: August 29, 2025         michael.el-zein@usdoj.gov

**Certificate of Service**

I hereby certify that on August 29, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In addition, I certify that Molly Anderson, Contractor assigned to the Civil Defensive Litigation Unit of the United States Attorney's Office, sent the foregoing via U.S. mail on August 29, 2025, to the following:

Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225

s/ Michael El-Zein
Michael El-Zein
Assistant U.S. Attorney