IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lonnie L. Griffin, )
Key to Life Transport, LLC, )
    Plaintiffs, )
     )
vs. ) Case: 2:25-cv-11267
     ) Honorable Judge: Goldsmith, Mark A.
     ) Magistrate Judge: Patti, Anthony P.
Federal Bureau of Investigation, )
    Defendant, *et al.* )

**PLAINTIFF'S REPLY TO DEFENDANTS 8/29/2025
RESPONSE TO PLAINTIFF'S MOTIONS FOR CONSTITUTIONAL QUESTION
AND EQUITABLE TOLLING**

    Now comes the Plaintiff's Lonnie L. Griffin, (Griffin) in *pro se*, pursuant to Local Rule 7.1, files this Reply to Defendant 8/29/2025 Response to Plaintiff's Motions for Constitutional Question and Equitable Tolling. (R.E. 25).

**PARTIES**

1. Plaintiff Lonnie L. Griffin, is an individual resident in the State of Michigan, Wayne County.

2. Key to Life Transport, is a Limited Liability Company, registered with the Michigan Department of Licensing and Regulatory Affairs (LARA), headquartered in the State of Michigan, Wayne County.

3. Defendant Federal Bureau of Investigations (FBI), is a government agency headquartered in Washington, D.C., with field offices located in Detroit, Michigan, Wayne County.

1

September 4, 2025

Respectfully submitted,

_____
Lonnie L. Griffin, *pro se*
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lonnie L. Griffin,  )
Key to Life Transport, LLC,  )
    Plaintiffs,  )
  )
vs.  )  Case: 2:25-cv-11267
  )  Honorable Judge: Goldsmith, Mark A.
  )  Magistrate Judge: Patti, Anthony P.
Federal Bureau of Investigation,  )
    Defendant, *et al.*  )

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPLY
TO DEFENDANTS 8/29/2025 RESPONSE TO PLAINTIFF'S MOTIONS FOR
CONSTITUTIONAL QUESTION AND EQUITABLE TOLLING**

Now comes the Plaintiff's Lonnie L. Griffin, (Griffin) in *pro se*, pursuant to Local Rule 7.1, files this Brief in Support of Plaintiff's Reply to Defendant 8/29/2025 Response to Plaintiff's Motions for Constitutional Question and Equitable Tolling. (R.E. 25).

## Table of Authorities

<u>Authority</u>                                                                                    <u>Page</u>

***Culley v. Marshall,***
    601 U.S. 377, 218 L. Ed. 2d 372, 144 S. Ct. 1142 (2024)...................   4

***Loper Bright Enters. v. Raimondo***,
    603 U.S. 369, 392, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024)..............   8

***Sinochen Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.,***
    549 U.S. 422, 430-31, 127 S.Ct. 1184, 167 L.Ed.2d 215 (2007)..........   6

***United States v. Bajakajian***,
    524 U.S. 321, 118 S.C.t 2028, 141 L.Ed.2d 314 (1998).....................   8

***United States v. James Daniel Good Real Prop.***,
    510 U.S. 43, 52, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993)....................   4

***Matthews v. DEA***, 629 Fed. Appx. 723, 726 (6th Cir.2015)...........................   7

***United States v. Andrews***,
    2014 U.S. Dist. LEXIS 185576 *2 (U.S. Dist. Court, E.D. Mich.)............   5

5 U.S.C. § 706 ...................................................................................................   7,8

18 U.S.C. § 981(a)(D)(vi) ................................................................................   *passim*

18 U.S.C. § 983(a)(1)(A)(i) ..............................................................................   *passim*

18 U.S.C. § 1343 .............................................................................................   3,5

19 C.F.R. §162.92 ...........................................................................................   7

**A. Argument.**

**1) The Administrative Forfeiture Notices did not cite 18 U.S.C. § 981(a)(1)(D)(vi) as a statutory origin for forfeiture.**

Plaintiff has consistently asserted that the administrative forfeiture notices were deficient. Notably, during this ligation that Defendant has proffered an additional statutory origin for forfeiture; that is, that the property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(D)(vi), relating to wire fraud under 18 U.S.C. § 1343. (R.E. 25, pg. 7, ¶ 1). In relevant part, this statutory forfeiture provision provides:

> "Any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of—
>
> (vi)    section 1343 [18 USCS § 1343] (relating to wire fraud),
>
> ***if such violation relates to the sale of assets acquired or held by*** [the] the Federal Deposit Insurance Corporation, as conservator or receiver for a financial institution, or any other conservator for a financial institution appointed by the Office of the Comptroller of the Currency or the National Credit Union Administration, as conservator or liquidating agent for a financial institution."

(18 U.S.C. § 981(a)(1)(D)(vi)(emphasis added). This belated statutory addition is problematic for more than one reason.

Firstly, the administrative notice of forfeiture did not put Plaintiff on notice that the forfeiture was pursuant to § 981(D). Copied and re-exhibited here, <u>Administrative Forfeiture Notice, Letter Id: 637656</u> indicated that "[t]he forfeiture of this property has been initiated pursuant to 18 U.S.C. § 981(a)(1)(C) and the additional federal laws: 19 U.S.C. § 1602-1619, 18 U.S.C. § 983, and 28 C.F.R. Parts 8 and 9. Additional statutes, if applicable, are indicated below." and <u>Administrative Forfeiture Notice, Letter Id:</u>

3

<u>637654</u> indicated that "[t]he forfeiture of this property has been initiated pursuant to 18 U.S.C. § 981(a)(1)(C) and the additional federal laws: 19 U.S.C. § 1602-1619, 18 U.S.C. § 983, and 28 C.F.R. Parts 8 and 9. Additional statutes, if applicable, are indicated below." (Exhibits A1, A2). The additional, statutory origin of § 981(a)(D)(vi) is not cited in the four corners of the administrative forfeiture notice. ***Culley v. Marshall***, 601 U.S. 377, 397, 144 S.Ct. 1442, 218 L.Ed.2d 372 (2024)("So how is it that, in civil forfeiture, the government may confiscate property first and provide process later?"), Gorsuch, J., joined the opinion of the Court, and filed a concurring opinion, in which Thomas, J., joined.

Further, as evident from the administrative forfeiture notices themselves, the Government seized Plaintiff's property not to preserve evidence of wrongdoing, but to assert ownership and control over the property itself. As such, the Plaintiff must be afforded Due Process. ***United States v. James Daniel Good Real Prop.***, 510 U.S. 43, 52, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993)("Our cases establish that government action of this consequence must comply with the Due Process Clauses of the Fifth and Fourteenth Amendments.").

Indeed, what the F.B.I. did not allege by-way-of administrative forfeiture notice, it is improperly alleging post-seizure litigation. The absence of notice to § 981(a)(D)(vi), relating to wire fraud, in the administrative forfeiture notice goes to the heart of Plaintiff's Due Process claim.

Secondly, any forfeiture premised upon § 981(D) is conditioned upon:

> "... ***if such violation relates to*** the sale of assets acquired or held by [the] the Federal Deposit Insurance Corporation, ***as conservator or receiver for a financial institution***, or any other conservator for a financial institution appointed by the Office of the

4

>Comptroller of the Currency or the National Credit Union Administration, as conservator or liquidating agent for a financial institution."

§ 981(D)(i) – (vi)(emphasis added).

Whether the subject federal violation itself related to "the sale of assets acquired or held by the Federal Deposit Insurance Corporation," is a jurisdictional prerequisite that must be satisfied before a determination of whether the seized property "represents or is traceable to the gross receipts obtained, directly or indirectly" from the violation, because "[t]he wire fraud statute itself does not authorize forfeiture." ***United States v. Andrews***, 2014 U.S. Dist. LEXIS 185576 *2 (U.S. Dist. Court, E.D. Mich.). After all, it is the alleged § 1343 wire fraud violation that forms the basis for forfeiture pursuant to § 981(D)(vi).[1]

The failure to promote this jurisdictional prerequisite, that is, that the alleged § 1343 wire fraud violation "relates to the sale of assets acquired or held by the Federal Deposit Insurance Corporation, as conservator or receiver for a financial institution" for forfeiture is fatal to the seizure itself. For this reason, notice of the § 1343 wire fraud violation should have been provided *via* the administrative forfeiture notice.

Further, a cursory review of the Federal Deposit Insurance Corporation failed bank list from 2000 – present, does not identify JP Morgan Chase as a bank under

---

[1] Section 666(a) also has a jurisdictional prerequisite at § 981(D)(i)(relating to Federal program fraud) that presages whether forfeiture is permitted. (18 U.S.C. § 981(D)(i)). Thus, it seems unlikely that Congress, in writing § 981(D), intended to open the door to other, less defined claims of forfeiture, such as what the Defendant is attempting here. Compare 18 U.S.C. § 981(E) – "With respect to an offense listed in subsection (a)(1)(D) committed for the purpose of executing or attempting to execute any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent statements, pretenses, representations or promises, the gross receipts of such an offense shall include all property, real or personal, tangible or intangible, which thereby is obtained, directly or indirectly."

5

conservatorship or receivership preceding the seizure.[2] Whether JP Morgan Chase Bank was under conservatorship or receivership is a material omission from the administrative forfeiture notice that promotes "forfeiture-by-ambush," rendering it impossible to determine the accuracy of Defendant's right to forfeiture. Accordingly, Plaintiff was not properly notified in accords with Due Process.

2) **The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 983 does not jurisdictionally bar Plaintiff's claims.**

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." ***Sinochen Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.,*** 549 U.S. 422, 430-31, 127 S.Ct. 1184, 167 L.Ed.2d 215 (2007). This Court has jurisdiction over the search and seizures, and the attempted forfeiture.

On April 25, 2000, Congress enacted CAFRA, codified in part at 18 U.S.C. § 983. Congress enacted CAFRA "[t]o provide a more just and uniform procedure for Federal civil forfeitures." Pub. L. No. 106-185, 114 Stat. 202 (2000). Section 983 applies to any forfeiture proceeding commenced on or after the date that is 120 days after April 25, 2000, which was August 23, 2000. 114 Stat. at 225. See also Historical and Statutory Notes.

The notice identified at 18 U.S.C. § 983(a)(1)(A)(i) only speaks to how the notice must be *sent*, and the timing, "to achieve proper notice," not *what* the notice must contain. *Id.* Plaintiff has not argued that he did not receive the administrative forfeiture

---

[2] https://www.fdic.gov/bank-failures/failed-bank-list?combine=&items. This list includes banks, which have failed since October 1, 2000.

notices, but that the notices were so deficient in factual and legal detail to constitute a violation of Due Process. See 19 C.F.R. §162.92 Notice of Seizure: Any notice issued under this section will include all information that is required by § 162.31(a) and (b) of this part.

Moreover, Congress only declared that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside *a declaration of forfeiture* under a civil forfeiture statute." Id. § 983(e)(5)(emphasis added). **Matthews v. DEA**, 629 Fed. Appx. 723, 726 (6th Cir.2015)("Congress has stated that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5)."). To date, there has not been a declaration of forfeiture. Accordingly, Plaintiff is not seeking to set aside a declaration of forfeiture. Further, Congress, *via* CAFRA, did not speak to, or indicate that § 983 is the exclusive remedy for challenges to the notice of forfeiture. Compare **Matthews v. DEA**, 629 Fed. Appx. at 725 ("The operation of the statute turns largely on one factor: *whether the property owner received adequate notice.*")(emphasis added). As a result, CAFRA is inadequate as a matter of law to address Plaintiff's Due Process claims.[3]

Indeed, because Plaintiff has raised one or more questions about the constitutional limitations of the administrative forfeiture scheme, it is for this court to ascertain Congress' intent.

> 3) **The structure and purpose of 5 U.S.C. § 702 *et seq*, gives this court the authority to determine the ancillary constitution and statutory questions related to the forfeiture scheme.**

---

[3] Because the notices were so constitutionally deficient, Plaintiff asks this court for injunctive relief to halt the administrative forfeiture. (R.E. 10). Arguably, the request for injunctive relief should have tolled the administrative forfeiture deadlines.

7

Plaintiff's questions to the seizure and forfeiture rest in significant part upon 5 U.S.C. § 706, which, in part, provides:

> "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."

(5 U.S.C. § 706). **Loper Bright Enters. v. Raimondo**, 603 U.S. 369, 392, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024)("As relevant here, the APA specifies that courts, not agencies, will decide "*all* relevant questions of law" arising on review of agency action, 5 U. S. C. §706 (emphasis added)—even those involving ambiguous laws. It prescribes no deferential standard for courts to employ in answering those legal questions, despite mandating deferential judicial review of agency policymaking and factfinding. See §§706(2)(A), (E). And by directing courts to "interpret constitutional and statutory provisions" without differentiating between the two, §706, it makes clear that agency interpretations of statutes—like agency interpretations of the Constitution— are *not* entitled to deference.").

Which means, this court has the authority to analyze Plaintiff's "presented" 4th, 5th, and 8th Amendment claims as they relate to the seizure and proffered administrative forfeiture.[4]

---

[4] The Defendant feigns ignorance to Plaintiff's 8th Amendment argument. Its quite simple; the Supreme Court has held that the Excessive Fines Clause applies to forfeitures. **United States v. Bajakajian**, 524 U.S. 321, 118 S.Ct 2028, 141 L.Ed.2d 314 (1998). It is this court's duty to determine whether the proportionality analysis is applicable administrative forfeitures, or whether administrative forfeitures are exempt from the constitutional holding. **Bajakajian**, 524 U.S. at 337 n.10 "[T]he question of whether a fine is constitutionally excessive calls for the application of a constitutional standard to the facts of a particular case....").

## CONCLUSION

WHEREFORE, based upon the above, the Plaintiff respectfully asks the court to:

1) set the matter for immediate hearing and take evidence on the jurisdictional question;

2) review and determine any constitutional, statutory, and regulatory questions presented *via* of Plaintiff's pleadings;

3) review and determine the applicability and/or meaning of any statutory, regulatory, or administrative laws, rules or policies inherent with the constitutional question.

September 4, 2025

Respectfully submitted,

_____
Lonnie L. Griffin, *pro se*
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com

Key to Life Transport
P.O. Box 266
Warren, MI 48090
(313)826-9515
keytolifetransport@gmail.com

**CERTIFICATE OF SERVICE**

I, Lonnie L. Griffin, declare under penalty of perjury under the laws of the United States of America that the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS 8/29/2025 RESPONSE TO PLAINTIFF'S MOTIONS FOR CONSTITUTIONAL QUESTION AND EQUITABLE TOLLING has been delivered to the United States Attorney's Office, Detroit Main Office, 211 W. Fort Street, Suite 2001, Detroit, MI, 48226, addressed to: Michael El-Zein, AUSA, by depositing the same in the U.S. Postal Mail, this 4th day of September 2025.

/s/ _____
Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225
(313)826-9515
mrlonnielgriffin@gmail.com


Key to Life Transport
P.O. Box 266
Warren, MI 48090
(313)826-9515
keytolifetransport@gmail.com

# Exhibits A1, A2



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, DC 20535*

Lonnie Lamont Griffin
18779 Huntington Ave.
Harper Woods, MI 48225

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:** June 20, 2025 | **Asset ID Number:** Multiple Assets |
| **Notice Letter ID:** 637656 (use ID when searching for assets during online filing) ||
| **Description of Seized Property:** See Attached List ||
| **Seizure Date and Location:** See Attached List ||
| **Forfeiture Authority:** See Attached List ||

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

   A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.
   B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.
   C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.
   D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
   E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.
   F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.
   G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.
   H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.
   I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.
   J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

Lonnie Lamont Griffin                                    Notice of Seizure

II. **TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.**
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

    A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.
    B. **Time Limits:** A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **July 25, 2025**. *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.
    C. **Requirements for Claim:** A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.
    D. **Claim Forms:** A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
    E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.
    F. **No Attorney Required:** You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.
    G. **When You File a Claim:** A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.
    H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.
    I. **If No Claim is Filed:** Failure to file a claim by **11:59 PM EST** on **July 25, 2025** may result in the property being forfeited to the United States.
    J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

III. **TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

    A. **Hardship Release:** Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.
    B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
        • Claimant has a possessory interest in the property;
        • Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
        • Government's continued possession will cause a substantial hardship to the claimant.
    C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.

Lonnie Lamont Griffin                                           Notice of Seizure

**Asset List**

**Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on April 22, 2025 by the FBI at Detroit, Michigan.

**Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 18 U.S.C. 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. Additional statutes, if applicable, are indicated below.

| ASSET ID | ASSET DESCRIPTION | ASSET VALUE | ACCT/VIN/SERIAL NO |
|---|---|---|---|
| 25-FBI-003025 | $335,747.38 in funds from JP Morgan Chase Account #XXXXX6315 held in the name of Tri-State Guardian Services Inc, Westerville, OH | $335,747.38 | 665556315 |
| 25-FBI-003026 | $130,378.99 in funds from JP Morgan Chase Account #XXXXX7662 held in the name of Key to Life Transport LLC, Westerville, OH | $130,378.99 | 573817662 |
| 25-FBI-003027 | $1,077.56 in funds from JP Morgan Chase Account #XXXXX6932 held in the name of Lonnie Lamont Griffin, Westerville, OH | $1,077.56 | 891076932 |
| 25-FBI-003028 | $133.32 in funds from JP Morgan Chase Account #XXXXX5989 held in the name of Lonnie Lamont Griffin, Westerville, OH | $133.32 | 535505989 |



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, DC 20535*

Key to Life Transport LLC
11015 Craft St.
Detroit, MI 48224

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| **Notice Date:** June 20, 2025 | **Asset ID Number:** 25-FBI-003026 |
|---|---|
| **Notice Letter ID:** 637654 (use ID when searching for assets during online filing) ||
| **Description of Seized Property:** $130,378.99 in funds from JP Morgan Chase Account #XXXXX7662 held in the name of Key to Life Transport LLC, Westerville, OH, Valued at $130,378.99 ||
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on April 22, 2025 by the FBI at Detroit, Michigan. ||
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 18 U.S.C. 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. ||

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

   **TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

   A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.
   B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.
   C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.
   D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
   E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.
   F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.
   G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.
   H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.
   I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

Key to Life Transport LLC                                    Notice of Seizure

J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

II. **TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.**
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

   A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 477 Michigan Avenue, 26th Floor Federal Office Building, Detroit, MI 48226.
   B. **Time Limits:** A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **July 25, 2025**. *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.
   C. **Requirements for Claim:** A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.
   D. **Claim Forms:** A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
   E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.
   F. **No Attorney Required:** You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.
   G. **When You File a Claim:** A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.
   H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.
   I. **If No Claim is Filed:** Failure to file a claim by **11:59 PM EST** on **July 25, 2025** may result in the property being forfeited to the United States.
   J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

III. **TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

   A. **Hardship Release:** Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.
   B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
      - Claimant has a possessory interest in the property;
      - Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
      - Government's continued possession will cause a substantial hardship to the claimant.
   C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.