United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

    Plaintiff,

v.

Federal Bureau of Investigation,

    Defendant.

Civil No. 25-11267

Honorable Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

# Defendant's Reply to Plaintiff's Response to Motion to Dismiss

## Issues Presented

I. Should the Court grant the defendant's motion to dismiss for lack of subject matter jurisdiction over plaintiff's Amended Complaint where plaintiff has not established a waiver of sovereign immunity?

II. Should the Court grant the defendant's motion to dismiss for lack of subject matter jurisdiction over plaintiff's Amended Complaint where the United States seized all property at issue pursuant to seizure warrants and it has already instituted administrative forfeiture proceedings against some of the property in accordance with the Civil Asset Forfeiture Reform Act of 2000?

III. Should the Court grant the defendant's motion where plaintiff has failed to state a claim for which relief can be granted?

# Table of Authorities

**Cases**

*Coleman v. Espy*, 986 F.2d 1184 (8th Cir. 1993) ....................................................2

*Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*,
   567 U.S. 209 (2012) ............................................................................................3

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ..........................................................2, 3

*Reed v. Reno*, 146 F.3d 392 (6th Cir. 1998) ............................................................2

*Reetz v. U.S.*, 224 F.3d 794 (6th Cir. 2000) .............................................................3

*Williams v. Bezy*, 97 F. App'x 573 (6th Cir. 2004) ..................................................3

**Statutes**

18 U.S.C. § 981 .........................................................................................................1

18 U.S.C. § 981(a)(1)(C) ..........................................................................................1

18 U.S.C. § 981(b)(2) ...............................................................................................1

18 U.S.C. § 981(d) ....................................................................................................1

18 U.S.C. § 981(D)(vi) .............................................................................................1

18 U.S.C. § 983(a) ....................................................................................................2

18 U.S.C. § 983(a)(1) ...............................................................................................4

18 U.S.C. § 983(a)(1)(A)(i) ......................................................................................4

18 U.S.C. § 983(a)(3)(B) ..........................................................................................5

19 U.S.C. § 1607(a)(1) .............................................................................................1

**Rules**

Fed. R. Civ. P. 41(g) .................................................................................................3

Fed. R. Crim. P. 41 ...................................................................................................1

**Regulations**

28 C.F.R. § 8.9(a)(1) .................................................................................................2

28 C.F.R. § 8.9(b)(2) ................................................................................................4

28 C.F.R. § 8.9(c)......................................................................................................2

28 C.F.R. § 8.9(c)(1).................................................................................................4

## Background

Pursuant to 18 U.S.C. § 981, certain property is subject to forfeiture through civil forfeiture proceedings including, but not limited to: property which constitutes or is derived from proceeds traceable to a conspiracy to commit healthcare fraud, 18 U.S.C. § 981(a)(1)(C); property which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of wire fraud, 18 U.S.C. §§ 981(a)(1)(C) and (D)(vi); and property which constitutes or is derived from proceeds traceable to Federal Program Bribery, 18 U.S.C. § 981(a)(1)(C). The government, through a law enforcement agency such as the FBI, may request a seizure warrant from the court authorizing it to seize property subject to civil and/or criminal forfeiture. 18 U.S.C. § 981(b)(2); 21 U.S.C. § 853; 21 U.S.C. § 881. This includes the types of property plaintiff seeks to have returned in the present matter. The FBI may also seek and obtain a warrant to seize property that may contain evidence of a crime it is investigating. Fed. R. Crim. P. 41.

On April 15 and 22, 2025, as part of an ongoing criminal investigation, the FBI sought and obtained seizure warrants, under seal, for the property at issue in the Amended Complaint. (25-mc-51226-17, 25-mc-50449-4, and 25-mc-50449-5). Administrative forfeiture of funds seized from a bank account, where the amount is less than or equal to $500,000, is authorized by 18 U.S.C. § 981(d) and 19 U.S.C. § 1607(a)(1). (*Mathews* Mot., ECF No. 13, PageID.114). Here the total value of the

seized funds at issue is $131,589.87, well within the limit for administrative forfeiture proceedings. Following the seizures, the FBI initiated administrative forfeiture proceedings against the van and the funds seized from JP Morgan Chase pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA).

On June 20, 2025, the FBI provided plaintiff with notice of its initiation of administrative forfeiture proceedings of the funds, as it believed plaintiff to be a potential claimant. *See* 18 U.S.C. § 983(a); 28 C.F.R. § 8.9(c); (Prelim. Inj. Mot., ECF No. 10, Exhs. A and B; *Mathews* Mot., ECF No. 13, Exhs. A and B). The FBI did not provide plaintiff with notice of its intent to forfeit the van, as he was not the registered owner and not in possession of the van at the time it was seized and thus did not appear to have a potential claim. 28 C.F.R. § 8.9(a)(1). Plaintiff does not claim ownership over the van in his pleading, despite asking for its return. (Am. Compl., ECF No. 5, PageID.48 ("The Ford Transit van was operated by Key to Life Transport . . .")). Similarly, plaintiff does not clearly claim ownership over the legal papers seized as evidence in the FBI's ongoing investigation. *Id*. at PageID.43–45.

### I.      Sovering Immunity Bars Review

"The United States can be sued only 'when it has expressly given its consent to be sued.'" *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998). (citing *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993)). Without an explicit waiver, the Court "cannot imply a waiver" and must dismiss the complaint. *Id*. (citation omitted). If a

plaintiff "cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000) (citation omitted).

Claimant points to the Administrative Procedure Act (APA) as an alternative basis for jurisdiction not clearly raised in his complaint. Defendant has already addressed the APA issue plaintiff raised in his response in its own response to plaintiff's request for a *Mathews* hearing. (TRO Resp., ECF No. 14, PageID.130-35). In summary, CAFRA bars plaintiff's APA claim under APA § 702 because it addresses the same type of grievance raised by plaintiff, it deals "in particularity" with his claims, and Congress intended for CAFRA to provide the exclusive remedy for challenges to administrative forfeiture proceedings. *See generally Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209 (2012).

Even if the APA provided a viable path forward, the Court would lack jurisdiction over any such claim because plaintiff has not exhausted his administrative remedies. *Williams v. Bezy*, 97 F. App'x 573, 574 (6th Cir. 2004). Additionally, there is no final agency action in this case, and the agency's action was not arbitrary or capricious. (*See* TRO Resp., ECF No. 14, PageID.130-35). Finally, defendant does not allege that plaintiff's complaint is inherently dismissible because it should properly be considered a Rule 41(g) motion, but rather, it is barred because the administrative forfeiture process has already been started. (ECF No. 20, PageID.243-45).

3

## II.     CAFRA Bars Review

For the reasons set forth above, CAFRA precludes review as it relates to plaintiff's implied APA jurisdictional claim. As it relates to his concerns regarding notice, plaintiff need not understand the underlying tracing and forfeitability of the property at issue to have filed a claim in the administrative proceedings, which he failed to do. Deadlines and other requirements for notifying potential claimants, such as plaintiff, of administrative forfeiture proceedings initiated against property seized for forfeiture are outlined in 18 U.S.C. § 983(a)(1). Section 983(a)(1)(A)(i) requires "written" notice to all known, interested parties. 18 U.S.C. § 983(a)(1)(A)(i); *see also* 28 C.F.R. § 8.9(c)(1). Such notice need only contain the following: the date when the personal written notice is sent; a description of the seized property; the deadline for filing a claim, at least 35 days after the personal written notice is sent; the date, statutory basis, and place of seizure; the identity of the appropriate official of the seizing agency and address where the claim must be filed; and a description of the seized property. 28 C.F.R. § 8.9(b)(2). All the required information is part of the defendant's standard notice form and was provided to plaintiff. (Prelim. Inj. Mot., ECF No. 10, PageID.81–86).

If plaintiff had filed a claim, and defendant wished to deny the claim and proceed with forfeiture, then plaintiff is correct that this office would have had to either file a judicial complaint for civil forfeiture or include the property for

4

forfeiture in a criminal case. 18 U.S.C. § 983(a)(3)(B). But plaintiff did not file a claim. The government bears no burden to establish forfeitability at this juncture and declines to do so. Plaintiff's reliance on irrelevant pre-CAFRA case law should be ignored.

### III.  Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff has stated that he feels the seizures were unreasonable, but that bald assertion does not satisfy his pleading requirements. These seizures were done pursuant to signed search and seizure warrants. A judge found that there was a reasonably sufficient nexus between the seized property and the alleged offense to authorize its seizure, which defeats plaintiff's argument that no one found probable cause. The FBI seized the property pursuant to search and seizure warrants issued by Magistrate Judge Kimberly G. Altman on April 15, 2025, (25-mc-51226-17), and Magistrate Judge David R. Grand on April 22, 2025, (25-mc-50449-4 and 25-mc-50449-5). The technical error regarding the seizure warrant for the van has already been corrected,[1] and plaintiff has not clearly articulated a claim of ownership of the van despite asking for its return. (Am. Compl., ECF No. 5, PageID.48 ("The Ford Transit van was operated by Key to Life Transport . . .")).

                                                      Respectfully submitted,

---

[1] The FBI obtained an amended seizure warrant as to the van on June 25, 2025, signed by Magistrate Judge Altman, because the original warrant for the van (identified in the application and accompanying affidavit in support) erroneously stated it was to seize funds held at JP Morgan Chase. (25-mc-50449-4 Amended).

5

                                                   Jerome F. Gorgon, Jr.
                                                   United States Attorney

                                                 s/ Michael El-Zein
                                               Michael El-Zein (P79182)
                                               Assistant U.S. Attorney
                                               211 W. Fort Street, Suite 2001
                                               Detroit, Michigan 48226
                                               (313) 226-9770
Dated: September 10, 2025          michael.el-zein@usdoj.gov

## Certificate of Service

I hereby certify that on September 10, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In addition, I certify that Molly Anderson, Contractor assigned to the Civil Defensive Litigation Unit of the United States Attorney's Office, sent the foregoing via U.S. mail on September 10, 2025, to the following:

Lonnie L. Griffin
18779 Huntington Ave.
Harper Woods, MI 48225

                                                s/ Michael El-Zein
                                                Michael El-Zein
                                                Assistant U.S. Attorney