## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LONNIE GRIFFIN

              Plaintiff

                                      Case No. 2:25-cv-11267
                                      HON: Mark A. Goldsmith
                                      MAG: Anthony P. Patti

V.

FEDERAL BUREAU OF INVESTIGATION

              Defendant.

| | |
|---|---|
| Hall  Makled, P.C. | U.S. Attorney's Office |
| Cyril C Hall P29121 | Michael El-Zein P79182 |
| *Attorney for Plaintiff* | *Assistant U.S. Attorney* |
| 23950 Princeton Street | 211 W. Fort St., Suite 2001 |
| Dearborn, Michigan 48124 | Detroit, MI 48225 |
| (313) 788-8888 | Michae.el-zein@usdoj.gov |
| chall@hallmakled.com | |

Law Offices of Diana L. McClain & Associates, P.C.
Diana L. McClain P54781
*Co-Counsel for Plaintiff*
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, Michigan 48322
(248) 539-3714
dlmcclain@aol.com

## PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

    **NOW COMES** Plaintiff Lonnie L. Griffin, through counsel, the Law Offices of Diana L. McClain & Associates, P.C., and Hall Makled, P.C., submits this Response opposing Defendant's Motion to Dismiss (ECF No. 20).

    Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) and (6), arguing lack of subject-matter jurisdiction and failure to state a claim. The motion should be denied because this Court

retains equitable jurisdiction under Fed. R. Crim. P. 41(g) and 28 U.S.C. § 1331, the Civil Asset

Forfeiture Reform Act ("CAFRA") does not divest jurisdiction where notice and procedure were

defective, and Plaintiff has stated valid constitutional and statutory claims under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

Respectfully submitted,

HALL  MAKLED, P.C.


/s/Cyril C. Hall
Cyril C Hall P29121
Attorney for Plaintiff
23950 Princeton Street
Dearborn, Michigan 48124
(313) 788-8888

Date: November 7, 2025

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LONNIE GRIFFIN

       Plaintiff

Case No. 2:25-cv-11267
HON: Mark A. Goldsmith
MAG: Anthony P. Patti

V.

FEDERAL BUREAU OF INVESTIGATION

       Defendant.

---

| | |
|---|---|
| Hall  Makled, P.C. | U.S. Attorney's Office |
| Cyril C Hall P29121 | Michael El-Zein P79182 |
| *Attorney for Plaintiff* | *Assistant U.S. Attorney* |
| 23950 Princeton Street | 211 W. Fort St., Suite 2001 |
| Dearborn, Michigan 48124 | Detroit, MI 48225 |
| (313) 788-8888 | Michae.el-zein@usdoj.gov |
| chall@hallmakled.com | |

Law Offices of Diana L. McClain & Associates, P.C.
Diana L. McClain P54781
*Co-Counsel for Plaintiff*
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, Michigan 48322
(248) 539-3714
dlmcclain@aol.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. iii

Questions Presented ................................................................................................ iv

Statement of Facts ……………………………………………………………….………………..1

Standard of Review ……………………….…………………………………..…………...2

Discussion ……………………………….……………………………..………………………2

I.   DOES THIS COURT HAVE SUBJECT-MATTER JURISDICTION WHERE THE GOVERNMENT FAILED TO COMPLY WITH CAFRA AND SOVEREIGN IMMUNITY IS WAIVED UNDER THE APA AND RULE 41(g)? …………………..2

   A.  Did the Government Lose Forfeiture Authority by Failing to Comply with CAFRA Deadlines? …………………………………………………………………2

   B.  Were the Forfeiture Notices Defective Under CAFRA and the Due-Process Clause? ……………………………………………………………..……3

   C.   Does the APA and Rule 41(g) Provide a Waiver of Sovereign Immunity   and an Independent Basis for Judicial Review? ……………………………..……….4

II.   HAS PLAINTIFF STATED PLAUSIBLE CONSTITUTIONAL AND STATUTORY CLAIMS UNDER THE FOURTH AND FIFTH AMENDMENTS? ………....……..4

   A.  Does the Seizure of Plaintiff's Property State a Fourth-Amendment Violation? ……………………………………………….……………………..4

   B.  Does the Government's Continued Retention of Property Without a Hearing Violate the Fifth Amendment? …………………………………….……………5

Conclusion……. …………………………………………………….…………...…………..6

Certificate of Service ................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………..…..……………..2

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)……………………………………… 2, 4

*Culley v. Marshall,* 601 U.S. 377 (2024)………………………………….……………6

*Dusenbery v. United States*, 534 U.S. 161 (2002)……………………………….………..3

*Groh v. Ramirez,* 540 U.S. 551 (2004)…………………………………………………5

*Mathews v. Eldridge*, 424 U.S. 319 (1976)…………………………....……..4, 5

*United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003)…………….…………..3

*White Fabricating Co. v. United States*, 903 F.2d 404 (6th Cir. 1990)……………………………3

**Statutes and Rules**

18 U.S.C. § 983…………………………………………………………………2, 6

5 U.S.C. §§ 702…………………………………………………………………4

5 U.S.C. § 706………………………………………………………………..4

Fed. R. Civ. P. 12(b)(1), 12(b)(6)…………………………………………………4

Fed. R. Crim. P. 41(g)……………………………………………………….……2

## QUESTIONS PRESENTED

1.  Whether this Court lacks subject-matter jurisdiction because Plaintiff has not established a waiver of sovereign immunity and because the United States seized the property pursuant to warrants and allegedly initiated administrative forfeiture.

2.  Whether Plaintiff has failed to state a claim upon which relief can be granted.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONS

Both questions should be answered **No**. The Administrative Procedure Act (APA), 5 U.S.C. § 702, and Fed. R. Crim. P. 41(g) waive sovereign immunity for non-monetary relief where agents unlawfully withhold property or act without observance of required procedures. The FBI's June 2025 notices were defective; no declaration of forfeiture issued; and Plaintiff's May 26, 2025 verified complaint triggered CAFRA's 90-day judicial-filing deadline. The Government's failure to file a forfeiture complaint within that period divested **it**—not this Court—of authority. The Amended Complaint pleads cognizable constitutional and statutory violations under *Iqbal* and *Twombly*.

## STATEMENT OF FACTS

On April 22, 2025, FBI agents executed three coordinated seizures against Plaintiff, a licensed vendor serving adult foster-care homes.

Warrant A (home): Agents seized client files, computers, and a cell phone at Plaintiff's residence. Plaintiff received an inventory receipt but never a copy of the warrant itself.

Warrant B (bank): Agents seized or froze Plaintiff's Chase Bank funds the same day. During that operation agents also seized a Ford Transit van used in Plaintiff's business, though the van was located at an employee's home and not listed in Warrant B. Agents left only an application for a warrant purporting to support a warrant; they did not leave or show a signed warrant authorizing seizure of the van.

Warrant B (amended): After the seizure, agents issued an amended version of Warrant B adding the van—an after-the-fact attempt to validate the earlier seizure. Plaintiff later received a property receipt for the van but never received a copy of Warrant C.

Regarding the June 20, 2025 notice, The FBI mailed a "Notice of Seizure and Intent to Forfeit" postmarked June 20, 2025—nearly 60 days after the seizures—by registered mail, return-receipt requested. Defendant has produced no signed green card or other delivery confirmation. Plaintiff was not home when the mail was delivered and found the notice days later in his mailbox. (Ex. A; Ex. B.)

On May 26, 2025, Plaintiff had already filed a Verified Complaint for Injunctive Relief and Return of Property. No judicial forfeiture complaint or valid administrative declaration of forfeiture has ever been filed for any item.

In a separate probate matter, the ward's attorney admitted on the record that he received documents from the FBI that were seized from Plaintiff,  even as the Government claimed the same material was being retained for an "ongoing investigation." (Ex. C, Probate Transcript.)

## STANDARD OF REVIEW

A Rule 12(b)(1) or 12(b)(6) motion is reviewed de novo. The Court accepts well-pleaded facts as true and draws reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is improper unless no set of facts would entitle relief. For jurisdictional challenges, the Court may consider evidence outside the pleadings.

## I. DOES THIS COURT HAVE SUBJECT-MATTER JURISDICTION WHERE THE GOVERNMENT FAILED TO COMPLY WITH CAFRA AND SOVEREIGN IMMUNITY IS WAIVED UNDER THE APA AND RULE 41(g)?

Defendant's motion incorrectly asserts that this Court lacks jurisdiction. Plaintiff's claims arise under the Civil Asset Forfeiture Reform Act ("CAFRA"), the Administrative Procedure Act ("APA"), and Fed. R. Crim. P. 41(g). Each provides a jurisdictional basis for judicial review when the Government retains property without timely or lawful process.

### A. Did the Government Lose Forfeiture Authority by Failing to Comply with CAFRA Deadlines?

Under 18 U.S.C. § 983(a)(1)(A), the Government must send written notice of seizure within sixty days; once a claim is filed, it must commence a judicial forfeiture within ninety days or promptly release the property. Plaintiff filed a verified complaint on May 26, 2025 (Ex. D), which satisfies § 983(a)(2). Because no judicial forfeiture complaint was filed by August 24, 2025, the Government's forfeiture authority expired by operation of law.

In *United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003), the Government missed the same 90-day deadline, and the Sixth Circuit ordered the property returned. The FBI likewise forfeited its authority here through inaction.

In *White Fabricating Co. v. United States*, 903 F.2d 404 (6th Cir. 1990), the court held that district courts retain equitable jurisdiction when the Government fails to follow statutory forfeiture procedures. Identical procedural lapses occurred here.

By contrast, *Dusenbery v. United States*, 534 U.S. 161 (2002), upheld forfeiture only because the Government proved certified-mail delivery. Here, the FBI has produced no signed return receipt or delivery confirmation.

Because CAFRA's deadlines are jurisdictional, the Government's failure to comply preserves this Court's authority to grant equitable relief.

### B. Were the Forfeiture Notices Defective Under CAFRA and the Due-Process Clause?

The FBI's June 2025 forfeiture notices (Ex. A) were mailed at the statutory 60-day limit, lacked proof of delivery (Ex. B), misstated the 35-day claim period by starting it on the mailing date rather than receipt, and omitted key property—the Ford Transit van. One notice was even addressed to a third party.

Due process requires notice "reasonably calculated" to reach the interested party. *Dusenbery*, 534 U.S. at 170. The Sixth Circuit has held that defective notice voids administrative forfeiture. *White Fabricating*, 903 F.2d at 407. Because the FBI cannot prove actual or adequate notice, no valid administrative forfeiture was ever initiated, and jurisdiction remains with this Court.

**C. Does the APA and Rule 41(g) Provide a Waiver of Sovereign Immunity and an Independent Basis for Judicial Review?**

Yes. The APA, 5 U.S.C. § 702, expressly waives sovereign immunity for non-monetary relief where agency action is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Here, the FBI failed to commence forfeiture proceedings or return Plaintiff's property, while simultaneously providing seized business documents to a probate attorney (Ex. C). This conduct is arbitrary and capricious under § 706(2)(A) and (D).

Rule 41(g) independently authorizes equitable return of property unlawfully retained by the Government. Together, these provisions confer jurisdiction for this Court to review the FBI's actions and order appropriate relief. *White Fabricating* confirms equitable jurisdiction over defective forfeitures, and *Mathews v. Eldridge*, 424 U.S. 319 (1976), requires procedural safeguards proportional to the private interest and risk of erroneous deprivation—principles the FBI ignored.

Accordingly, CAFRA's lapse, the APA's waiver, and Rule 41(g)'s equitable authority each independently sustain this Court's jurisdiction.

## II. HAS PLAINTIFF STATED PLAUSIBLE CONSTITUTIONAL AND STATUTORY CLAIMS UNDER THE FOURTH AND FIFTH AMENDMENTS?

Accepting Plaintiff's allegations as true, the Amended Complaint alleges unlawful seizure and deprivation of property without due process—claims sufficient to survive dismissal under Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**A. Does the Seizure of Plaintiff's Property State a Fourth-Amendment Violation?**

Yes. Plaintiff alleges that the FBI seized his Ford Transit van and other business property without providing any copy of the warrants and has since refused to produce them. The absence of any verifiable warrant renders the seizure facially invalid.

In *Groh v. Ramirez*, 540 U.S. 551 (2004), a warrant omitting the property to be seized was deemed unconstitutional, and the Court held that an affidavit could not cure the defect. Here, the van was not covered by any warrant produced to Plaintiff, and a later "amended" warrant cannot retroactively justify the seizure.

The "good-faith" exception recognized in *United States v. Leon*, 468 U.S. 897 (1984), does not apply where the warrant is facially invalid or nonexistent. The FBI cannot claim good-faith reliance on a warrant it refuses to produce. Plaintiff therefore pleads a valid Fourth-Amendment violation.

### B. Does the Government's Continued Retention of Property Without a Hearing Violate the Fifth Amendment?

Yes. Plaintiff's business assets and funds have been held since April 2025 without any hearing or forfeiture proceeding. Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), due process requires balancing the private interest, the risk of erroneous deprivation, and the Government's burden. Plaintiff's livelihood represents a substantial private interest; the lack of judicial oversight creates a high risk of error; and a prompt hearing would impose minimal administrative burden.

*Mathews* required procedures sufficient to prevent erroneous deprivation, and *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002), required prompt post-seizure hearings for impounded vehicles. Plaintiff's deprivation of property without hearing or process mirrors those violations and states a clear Fifth-Amendment claim.

### C. Is *Culley v. Marshall* Distinguishable from the Facts of This Case?

Yes. In *Culley v. Marshall*, 601 U.S. 377 (2024), the Supreme Court held that an additional preliminary hearing was unnecessary when an existing forfeiture action already provided due process. Here, no forfeiture proceeding, administrative or judicial, has ever been filed.

Moreover, in *United States v. $8,850*, 461U.S. 555 (1983), the Court recognized that prolonged delay in initiating forfeiture can itself violate due process. The Government's complete failure to act here presents an even stronger constitutional violation.

Based upon the foregoing arguments, Plaintiff alleges: (1) a warrantless or unverified seizure (*Groh*);(2) prolonged deprivation without hearing (*Mathews*, *Krimstock*); and (3) no pending forfeiture proceeding (*Culley*, *$8,850*).  These allegations, supported by Exhibits A–C, plausibly state constitutional claims and satisfy Rule 8(a). Defendant's motion must therefore be denied.

## CONCLUSION

The Government's forfeiture authority expired under CAFRA; the APA and Rule 41(g) waive sovereign immunity, authorize equitable review; and Plaintiff's Amended Complaint states actionable Fourth- and Fifth-Amendment claims.

Plaintiff respectfully requests that the Court: (1) deny Defendant's Motion to Dismiss; (2) hold that the Government's failure to initiate timely forfeiture extinguished its authority under 18 U.S.C. § 983(a)(3)(B); (3) order immediate return of Plaintiff's seized property or, alternatively, schedule a prompt due-process hearing under *Mathews*; and (4) grant other appropriate relief.

Respectfully submitted,

HALL MAKLED, P.C.

<u>/s/Cyril C. Hall</u>
Cyril C Hall P29121
*Attorneys for Plaintiff*
23950 Princeton Street
Dearborn, Michigan 48124
(313) 788-8888

Date: November 7, 2025

**CERTIFICATE OF SERVICE**

I certify that on November 7, 2025, I electronically filed the foregoing via CM/ECF, which will send notice to all counsel of record.


Respectfully submitted,


HALL MAKLED, P.C.
/s/Cyril C. Hall
Cyril C Hall P29121
*Attorneys for Plaintiff*
23950 Princeton Street
Dearborn, Michigan 48124
(313) 788-8888

Date: November 7, 2025