United States District Court
Eastern District of Michigan

Lonnie L. Griffin,

    Plaintiff,                                 Civil No. 25-11267

v.                                            Honorable Mark A. Goldsmith
                                                    Magistrate Judge Anthony P. Patti

Federal Bureau of Investigation,

    Defendant.

## Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation

**Response to Objection No. 1**

Plaintiff argues that the Court can and should hear substantive Fourth and Fifth Amendment claims in these proceedings and that equitable jurisdiction remains intact, thus the Magistrate Judge was wrong in finding that 18 U.S.C. § 983(a)(2) provides an adequate remedy at law as to the seized funds. But what the Magistrate Judge determined was that the Court lacks subject matter jurisdiction because the funds were seized pursuant to judicially authorized warrants and administrative forfeiture proceedings were initiated by the defendant. (Report and Recommendation, ECF No. 34, PageID.143).

*United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983) is a pre-Civil Asset Forfeiture Reform Act of 2000 (CAFRA) case that does not support plaintiff's argument as administrative forfeiture was timely initiated. The government need not conduct civil judicial forfeiture when it can forfeit property administratively. Accordingly, there is nothing for the Court to equitably order here – the government initiated administrative forfeiture. There was no delay in the forfeiture process, let alone an unreasonable one. Plaintiff simply declined to participate in the government's chosen process when he failed to file a claim in the administrative forfeiture proceeding.

**Response to Objection No. 2**

Plaintiff objects to the Magistrate Judge's quoting of a Sixth Circuit case, *Matthews v. DEA*, 629 F. App'x 723 (6th Cir. 2015). The quote is, by definition, a recitation of what the case says. The Sixth Circuit correctly used the word "must" in summarizing the relevant provisions of CAFRA at 18 U.S.C. §§ 983(a)(1)(A)-(B), as those provisions explain that anyone wanting to claim property in an administrative forfeiture proceeding needs to file a claim with the appropriate agency official.

Moreover, *Matthews* did not involve a judicial forfeiture complaint filed in court, despite the Plaintiff's statement to the contrary. It involved administrative forfeiture, potential claimants who failed to file a claim in that administrative

2

forfeiture proceeding despite receiving notice, and victory for the government. *Matthews*, 629 F. App'x at 727 ("Matthews and Owens had an adequate remedy at law to contest the seizure and forfeiture, but they failed to take advantage of it. They no longer have a right to relief under CAFRA. For these reasons, we affirm the district court's order dismissing the complaint."). The parties are in precisely the same situation now, which is why the Magistrate Judge is correct in recommending that the government's motion to dismiss be granted.

**Response to Objection No. 3**

Plaintiff claims that the Magistrate Judge deferred to the government's interpretation of the law. The Magistrate Judge was not deferring to the government, he was simply reading the statute and regulations. There is no question that plaintiff received notice of the administrative forfeiture proceedings and decided to take no action in response. No deference was used to draw that conclusion.

**Response to Objection No. 4**

Plaintiff objects that the FBI initiated administrative forfeiture against the property in question and that the Magistrate Judge concluded that doing so divested the Court of jurisdiction. The funds constitute personal property valued at less than $500,000 and were thus eligible for administrative forfeiture. 19 U.S.C. § 1607(a)(1). If monetary instruments were at issue here, then the agency would have been authorized to initiate administrative forfeiture regardless of the amount.

3

19 U.S.C. § 1607(a)(4). The result would not have been that "administrative forfeiture notices should not have been sent at all," (Objections, ECF No. 35, PageID.438), as such notices are an essential part of perfecting the administrative forfeiture that was plainly authorized in this instance. Plaintiff's objection is therefore meritless.

**Response to Objection No. 5**

Plaintiff states, without explanation, that a traceability hearing is warranted. It is not. The FBI properly initiated administrative forfeiture proceedings, it provided plaintiff notice of those proceedings, and plaintiff did not file a claim or otherwise engage with the administrative forfeiture process. Traceability is wholly irrelevant at this juncture. Nothing in the record suggests otherwise.

**Response to Objection No. 6**

Plaintiff objects that the Magistrate Judge did not substantively review the ongoing administrative forfeiture. This is because plaintiff continues to argue as if his motion initiated an in rem civil forfeiture proceeding. It did not. The Court is not tasked with deciding whether the property was subject to forfeiture, and the government is under no obligation to establish the underlying forfeitability of the property in these proceedings.

**Response to Objection No. 7**

Plaintiff objects to the Magistrate Judge's interpretation of his standing to contest forfeiture of a seized Ford Transit van. Again, plaintiff argues as if his motion filing initiated an in rem civil forfeiture proceeding. But this is not a civil forfeiture action. The government elected to proceed with administrative forfeiture as it related to the van, gave plaintiff an opportunity to intervene in that process, and he failed to do so. Plaintiff's objection regarding Article III standing in a forfeiture action is irrelevant to these proceedings.

**Response to Objection No. 8**

Plaintiff believes the Magistrate Judge confuses procedure and jurisdiction. Whether characterized as procedural or jurisdictional, it is well established that once an agency initiates administrative forfeiture proceedings, Rule 41(g) is no longer a viable remedy. *United States v. $1,756.03 in U.S. Currency*, 772 F. Supp. 3d 842, 864 (E.D. Mich. 2025) ("'[O]nce a party receives notice of forfeiture proceedings, Rule 41(g) is no longer an accessible remedy." (citing *United States v. $1,700,000.00 in U.S. Currency*, 545 F. Supp. 2d 645, 653 (E.D. Mich. 2008))). Thus, the Magistrate Judge is correct in recommending that the government's motion to dismiss be granted.

**Response to Objection No. 9**

Plaintiff argues that the Magistrate Judge's conclusions are an error of law, then promptly misstates the law. *White Fabricating Co. V. United States*, 903 F.2d 404 (6th Cir. 1990) has absolutely nothing to say about forfeiture and is of no relevance here. *In re $100,622.44[1] in U.S. Currency v. United States*, 2019 U.S. District. LEXIS 213918 (E.D. Mich. 2019), does not in any way support the plaintiff. In that case, the plaintiff's Rule 41(g) motion was dismissed because the government initiated judicial criminal forfeiture proceedings against the property in question.

Nor does *$8,850* support the plaintiff's position that he is entitled to a suppression hearing based on his motion filing. In that pre-CAFRA context, the Court held that "the Government's 18-month delay in filing a civil proceeding for forfeiture of the currency did not violate the claimant's right to due process of law." 461 U.S. at 555. The property at issue here was seized less than a year ago, and unlike the potential claimant in *$8,850*, plaintiff did not respond to the agency's notice regarding administrative forfeiture. *Id.* ("[T]he Customs Service informed Vasquez by letter that the seized currency was subject to forfeiture and that she had a right to petition for remission or mitigation. A week later, she filed such a

---

[1] Presumably this is the citation plaintiff meant to include, as *In re $106,622.04 in U.S. Currency* does not appear to exist.

petition."). Accordingly, the Magistrate Judge correctly declined to hold a suppression hearing.

**Response to Objection No. 10**

Plaintiff objects that the Magistrate Judge did not hold a suppression hearing in this non-criminal matter initiated by him. Just as this is not a civil forfeiture proceeding, this is not a criminal case. The Magistrate Judge correctly stated that this is not the appropriate venue for a suppression hearing.

**Response to Objection No. 11**

Plaintiff believes his motion for a preliminary injunction "remains a justiciable pleading." (Objection, ECF No. 35 at PageID.444). But the Magistrate Judge was correct in recommending that if the government's motion is granted, the motion for preliminary injunction may be deemed moot.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

s/ Michael El-Zein
Michael El-Zein (P79182)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9770
michael.el-zein@usdoj.gov

Dated: December 31, 2025

**Certificate of Service**

I hereby certify that on December 31, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

s/ Michael El-Zein
Michael El-Zein
Assistant U.S. Attorney
