UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE L. GRIFFIN,

        Plaintiff,

v.                                                                   Case No. 25-cv-11267
                                                                     HON. MARK A. GOLDSMITH

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

_____/

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 34), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 35), (3) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 20), AND (4) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 10)**

This matter is before the Court on Magistrate Judge Anthony Patti's Report and Recommendation (R&R) recommending that the Court grant Defendant Federal Bureau of Investigation's motion to dismiss (Dkt. 20) and deny Plaintiff Lonnie L. Griffin's motion for preliminary injunction as moot. (Dkt. 10). R. & R. at PageID.385 (Dkt. 34). Griffin filed objections (Dkt. 35). The FBI filed a response (Dkt. 36).[1] The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R, (ii) overrules Griffin's objections, (iii) grants the FBI's motion to dismiss, and (iv) denies Griffin's motion for preliminary injunction.

**I.      BACKGROUND**

---

[1] As to FBI's motion to dismiss, the briefing also includes Griffin's response (Dkt. 24) and FBI's reply (Dkt. 27). As to Griffin's motion for preliminary injunction, the briefing also includes FBI's response (Dkt. 14), and Griffin's reply (Dkt. 17).

The full relevant factual background is set forth in the R&R.  R. & R. at PageID.385–388. Griffin's complaint is entitled, "Emergency Civil Complaint for Return of Property" and he alleges that the FBI "made unreasonable seizures of [his] property" related to two search warrants that were executed at his residence on April 22, 2025.  Am. Compl. at PageID.32, 35, 41 (Dkt. 5).  He seeks an "order requiring [FBI] to return his property."  Id. at PageID.33.

Because the FBI pursued a nonjudicial forfeiture, pursuant to 18 U.S.C. § 983(a)(1)(A)(i), which Griffin did not timely contest, the R&R recommends that the Court grant the FBI's motion to dismiss.  R. & R. at PageID.385, 389.  The R&R found that (i) the Court does not have jurisdiction over Griffin's claims for the return of seized bank accounts; (ii) Griffin does not have standing to contest forfeiture of the Ford Transit van; and (iii) Griffin has failed to state a claim and/or demonstrate entitlement to relief as to the seized cell phones and legal papers.  Id. at PageID.428.  The R&R recommends that the claims related to the seized bank accounts and the Ford Transit van be denied with prejudice, and that the claim related to the cell phones and legal papers be denied without prejudice.  Id. at PageID.428–429.  The R&R also recommends that the Court deny Griffin's motion for preliminary injunction as moot.  Id. at PageID.429.

Graham makes eleven objections to the R&R.  Obj. at PageID.432–444.  Each one lacks merit.

## II.    ANALYSIS

Griffin first objects to the R&R's conclusion that "18 U.S.C. § 983(a)(2) of CAFRA [Civil Asset Forfeiture Reform Act] provides an adequate remedy at law as to the seized funds."  Obj. at PageID.433.  Griffin argues that (i) "CAFRA contains no clear statement barring federal courts of jurisdiction over constitutional challenges or equitable actions for the return of property;" (ii) "filing a claim under § 983(a)(2) is permissive, not mandatory;" (iii) "§ 983(a)(2) is not an adequate remedy of law because [it] does not provide a procedural mechanism to litigate

substantive Fourth or Fifth Amendment [c]laims;" (iv) "filing a claim under §983(a)(2) merely triggers the Government's obligation—if it chooses—to file a judicial forfeiture complaint;" and (v) "the section does not provide claimant with a post-seizure hearing." Id. at 433–435.

As to Griffin's first and third arguments—that CAFRA "contains no clear statement barring federal courts of jurisdiction over constitutional challenges" and that § 983(a)(2)'s remedy is inadequate because it does not provide a mechanism for substantive constitutional litigation— Griffin provides no authority that he should be allowed a collateral constitutional challenge to the broad forfeiture statutory scheme enacted by Congress.  The Court declines to find one.

As to Griffin's second argument, that § 983(a)(2)'s permissive language "forecloses any conclusion that failure to file a claim extinguishes constitutional or equitable remedies" the Court does not understand the argument.  Obj. at PageID.433–434.  The Court equally does not understand Griffin's assertion that "filing a claim under § 983(a)(2) merely triggers the Government's obligation to file a judicial forfeiture complaint" because Griffin does not explain how it supports his argument that CAFRA's statutory scheme is inadequate.  Id. at PageID.434. Griffin's last argument is that the Magistrate Judge should have held a post-seizure hearing before issuing the R&R.  Obj. at PageID.434.  But because the FBI commenced nonjudicial forfeiture proceedings and Griffin did not contest them, the Court has no jurisdiction to hold a hearing. Objection one is overruled.

Griffin's second objection is the R&R's recitation of a citation contained in Matthews v. Drug Enf't Admin., 629 F. App'x 723 (6th Cir. 2015).  Obj. at PageID.436.  Griffin argues that the R&R's citation to Matthews is "inapposite and misplaced" because Matthews "involved a judicial forfeiture complaint filed in court and a final declaration of forfeiture issued by the DEA, thus triggering § 983 as the exclusive remedy" which is not the posture of this case.  Id.  As the

3

FBI correctly points out, the posture in <u>Matthews</u> is exactly the same as the posture here.  Resp. at PageID.449; <u>Matthews</u>, 629 F. App'x at 725 ("DEA rejected Matthews and Owens's claim because it was received over 35 days after the date that notice was mailed as required by 18 U.S.C. § 983(a)(2)(B).  On November 8, 2013, the DEA administratively forfeited the property to the United States.").  Objection two is overruled.

Griffin's third objection is that the R&R "deferred" to the FBI's interpretation of 28 C.F.R. § 8 and 9.  Obj. at PageID.436–437.  The Court does not understand this objection as the R&R did not "defer" to the FBI's "interpretation" of regulations, it merely quoted the regulation.  R. & R. at PageID.396–397.  The Court need not address arguments that Graham fails to develop.  <u>See</u> <u>ECIMOS, LLC v. Nortek Glob. HVAC, LLC</u>, 736 F. App'x 577, 583–584 (6th Cir. 2019) ("[T]his court has consistently declined to review issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (punctuation modified)).  Objection three is overruled.

Griffin's fourth objection is that the "R&R deferred to [the FBI's] argument on which forfeitable property confers jurisdiction" and "failed to independently interpret the statutes and regulations involved before concluding that the court lacks jurisdiction."  Obj. at PageID.437–438.

The Court again does not understand Griffin's argument.  By quoting the FBI's brief, the R&R did not "fail to independently interpret" statutes, it agreed with the FBI's interpretation.  Further, Griffin does not explain what is incorrect about the R&R's conclusion, other than disagreeing that the R&R sided with the FBI.  Merely disagreeing with the R&R's conclusion is not a valid objection.  <u>Howard v. Sec. of Health and Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991).  Objection four is overruled.

Griffin's fifth objection is to the R&R's conclusion that a traceability hearing is not warranted.  Obj. at PageID.438.  Griffin only explains that he objects "because the facts of this case conclude otherwise."  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001).  Because Griffin does not explain his objection further, objection five is overruled.

Griffin's sixth objection is to the R&R's conclusion that it does not have jurisdiction to conduct a traceability hearing. Obj. at PageID.439.  The R&R concluded that a traceability hearing was not warranted because Griffin did not need to understand the underlying traceability to file a claim in the administrative proceeding.  R. & R. at PageID.411.  Griffin cites Kaley v. United States, 571 U.S. 320 (2014) in support of his argument that "traceability is a technical statutory prerequisite."

Griffin's objection does not make sense.  His citation to Kaley is in apposite because Kaley concerns criminal forfeiture, which is not the type of forfeiture to which Griffin has been subjected. Kaley, 571 U.S. at 323.  He provides no authority that the Court has jurisdiction to conduct a traceability hearing in a nonjudicial civil forfeiture to which he has not responded —most likely because there is none.  Objection six is overruled.

Griffin's seventh objection is to the R&R's conclusion that he does not have standing to contest the forfeiture of the Ford Transit van.  Obj. at PageID.440.  The R&R concluded that Griffin did not have standing to contest the van's forfeiture because the van is registered to "Kijuana Evans" who is the "registered agent for Tri-State Guardian Services, Inc." and was "in the possession of Deondra Gray."  R. & R. at PageID.415.  Citing United States v. $515, 060.42, 152 F.3d 491, 497 (6th Cir. 1998), Griffin argues that he only has to show "colorable ownership,

possessory, or security interest in at least a portion of the defendant property" and that he is "not required to prove the underlying merits of the claim." Obj. at PageID.440.

Griffin's citation to $515,060.42 is again misplaced as that case involved judicial civil forfeiture, not nonjudicial civil forfeiture, which the FBI pursued here. Objection seven is overruled.

In objection eight, Griffin contests the R&R's conclusion that it lacks jurisdiction to consider a 41(g) motion because administrative forfeiture proceedings have been initiated. Obj. at PageID.441. Citing Primax Recoveries, Inc. v. Gunter, 433 F.3d 515 (6th Cir. 2006) and Hoeltzel v. Pillsbury, 770 F. Supp. 3d 1059 (E.D. Mich. 2025) , Griffin argues that 41(g) "does not limit Article III authority and cannot bar constitutional review." Id.

The Court does not understand Griffin's argument. Regardless, he is incorrect. "[O]nce a party receives notice of forfeiture proceedings, Rule 41(g) is no longer an accessible remedy." United States v. $1,756.03 in U.S. Currency, 772 F. Supp. 3d 842, 864 (E.D. Mich. 2025). Objection eight is overruled.

Objection nine and ten are similar, so the Court will examine them together. In objection nine, Griffin objects to the R&R's conclusion that "arguments related to probable cause for the seizure of his legal papers and cell phones are more appropriately made in a suppression hearing in an ensuing criminal case." Obj. at PageID.441 (punctuation modified). Griffin argues that "[t]o suggest that [he] must wait until a criminal matted [sic] is initiated to seek the return of unlawfully seized property, is clearly a misstatement of the law." Id. at PageID.442. He cites three cases in support of his argument: White Fabricating Co. v. United States, 903 F.2d 404 (6th Cir. 1990); In re Seizure of $100,622.04 in U.S. Currency v. United States, No. 19-51236, 2019 WL 6776031 (E.D. Mich. Dec. 12, 2019); United States v. $8,850 in U.S. Currency, 461 U.S. 555 (1983).

6

None of these cases support Griffin's argument and he provides no other authority that states that the R&R's conclusion is incorrect.  Objection nine is overruled.

In objection ten, Griffin argues that if his arguments related to probable cause for the seizure of his legal papers and cell phones are more appropriate for a suppression hearing, then the court should have held a suppression hearing.  Obj. at PageID.443.  Griffin provides no authority that states that the Court can hold a suppression hearing on a criminal search warrant in a civil matter.  Objection ten is overruled.

In Griffin's eleventh objection, he contests the R&R's conclusion that "[i]f the Court agrees with this recommendation [to grant FBI's motion to dismiss], then it may also deem moot [Griffin's] motion for preliminary injunction.  Obj. at PageID.444.  Griffin argues that the R&R "does not mention the APA at all" and "[b]ecause the rule's legality has not been adjudicated," the preliminary injunction is not moot.

Again, the Court does not understand this objection.  Regardless, the R&R correctly found that if the Court agrees with the R&R's recommendation to grant the FBI's motion to dismiss, it should deny Griffin's preliminary injunction as moot.  This conclusion is necessary because granting the motion to dismiss demonstrates that Griffin has failed to state a claim.

### III.    CONCLUSION

The Court adopts the R&R (Dkt. 34), overrules Griffin's objections (Dkt. 35), grants the FBI's motion to dismiss (Dkt. 20) and denies Griffin's motion for preliminary injunction as moot (Dkt. 10).  The case is closed.

**SO ORDERED.**

Dated: March 25, 2026                                          s/Mark A. Goldsmith
Detroit, Michigan                                              MARK A. GOLDSMITH
                                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager